James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ 07068
(973) 994-1700

Jason L. Lichtman
Margaret J. Mattes
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
250 Hudson Street, 8th fl.
New York, NY 10013-1413
(212) 355-9500

Andrew R. Kaufman
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
222 Second Avenue S., Suite 1640
Nashville, TN 37201
(615) 313-9000

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRLEY CRAWFORD, MATTHEW JORDAN, MELISSA ALEJANDRO, NICOLA SOBERS, JANICE BUTLER, PAULINE DION, LISA SAGHY, and RICHARD ANGEMI, individually and on behalf of all those similarly situated, | Civil Action No. 2:22-cv-02828 (MCA) (AME) |
| Plaintiffs, v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD., | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

THE PARTIES...................................................................................................... 1

    A.     Plaintiffs ................................................................................................. 1

          1.     Shirley Crawford........................................................................ 1

          2.     Matthew Jordan.......................................................................... 2

          3.     Melissa Alejandro ...................................................................... 4

          4.     Nicola Sobers ............................................................................. 6

          5.     Janice Butler.............................................................................. 7

          6.     Pauline Dion............................................................................... 8

          7.     Lisa Saghy.................................................................................. 9

          8.     Richard Angemi ....................................................................... 11

    B.     Defendants ........................................................................................... 12

          1.     Samsung Electronics Co., Ltd.................................................. 12

          2.     Samsung Electronics America, Inc. ......................................... 12

JURISDICTION AND VENUE ......................................................................... 13

BACKGROUND ............................................................................................... 14

    A.     The Refrigerators ................................................................................. 14

    B.     The Defect............................................................................................ 14

    C.     The Warranties .................................................................................... 14

          1.     Express Warranties .................................................................. 14

          2.     Implied Warranties.................................................................. 15

          3.     Limitations on Express and Implied Warranties..................... 15

    D.     Samsung's Knowledge of the Defect................................................... 15

    E.     Samsung's Concealment of the Defect ............................................... 18

    F.     Injuries and Risk of Imminent Harm to Plaintiffs ............................. 18

CLASS ALLEGATIONS .................................................................................. 19

    A.     Plaintiffs Meet the Prerequisites of Rule 23(a)................................... 21

    B.     Plaintiffs Meet the Prerequisites of Rule 23(b)(2) .............................. 23

    C.     Plaintiffs Meet the Prerequisites of Rule 23(b)(3) and Rule 23(c)(4). ............... 23

    D.     The Proposed Class is Ascertainable. ................................................. 24

**TABLE OF CONTENTS**
(continued)

Page

STATUTES OF LIMITATION, FRAUDULENT CONCEALMENT, AND ESTOPPEL ........ 25

    A.    Discovery Rule ................................................................................. 25

    B.    Fraudulent Concealment ................................................................. 25

    C.    Estoppel .......................................................................................... 26

CLAIMS FOR RELIEF ............................................................................................... 26

    COUNT I BREACH OF EXPRESS WARRANTY ...................................... 26

    COUNT II BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY ......... 30

    COUNT III VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ....... 33

    COUNT IV BREACH OF EXPRESS WARRANTY
        *Asserted only if New Jersey law does not apply to some class members* ............ 38

    COUNT V BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
        *Asserted only if New Jersey law does not apply to some class members* ............ 41

    COUNT VI VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE
        PRACTICES ACT
        *Asserted only if New Jersey law does not apply to Arkansas class members* ...... 46

    COUNT VII VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL
        REMEDIES ACT
        *Asserted only if New Jersey law does not apply to California class
        members* ........................................................................................... 50

    COUNT VIII UNLAWFUL, UNFAIR, OR FRAUDULENT BUSINESS
        PRACTICES UNDER THE CALIFORNIA UNFAIR COMPETITION
        LAW
        *Asserted only if New Jersey law does not apply to California class
        members* ........................................................................................... 56

    COUNT IX VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
        *Asserted only if New Jersey law does not apply to California class
        members* ........................................................................................... 58

    COUNT X VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY
        ACT FOR BREACH OF EXPRESS WARRANTIES
        *Asserted only if New Jersey law does not apply to California class
        members* ........................................................................................... 60

2703366.9

# TABLE OF CONTENTS
## (continued)

Page

COUNT XI VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY
ACT FOR BREACH OF IMPLIED WARRANTY OF
MERCHANTABILITY
*Asserted only if New Jersey law does not apply to California class
members* ........................................................................................................... 62

COUNT XII FAILURE TO TIMELY OR PROPERLY RECALL UNDER
CALIFORNIA LAW
*Asserted only if New Jersey law does not apply to California class
members* ........................................................................................................... 65

COUNT XIII VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR
TRADE PRACTICES ACT
*Asserted only if New Jersey law does not apply to Florida class members* ........ 66

COUNT XIV VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
SEC 349
*Asserted only if New Jersey law does not apply to New York class
members* ........................................................................................................... 71

COUNT XV VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW
SEC 350
*Asserted only if New Jersey law does not apply to New York class
members* ........................................................................................................... 75

JURY DEMAND ..................................................................................................... 79

2703366.9

Plaintiffs allege as follows against Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (together "Samsung"):

1.      Samsung designs, manufactures, markets, advertises, sells, warrants, and services refrigerators that are defective because they fail to maintain a temperature at which food can be safely stored ("Refrigerators"). This defect ("the Defect") is fatal to the operation of the Refrigerators, which serve one purpose: keeping food and other consumable goods at a safe temperature.

2.      The Refrigerators span several model numbers, and many, but not all, have double French doors with a bottom freezer.

3.      A refrigerator that fails to keep food at a safe temperature has no value because it cannot be used safely. In the alternative, the Refrigerators have far less value than promised at the point of sale (i.e., a refrigerator prone to storing food at an improper temperature is less valuable than one that can store food at a safe temperature).

4.      The below allegations are based upon personal knowledge as to Plaintiffs' own conduct and are made on information and belief and investigation of counsel as to the acts of others.

## THE PARTIES

**A.      Plaintiffs**

### 1.      Shirley Crawford

5.      Plaintiff Shirley Crawford is a resident of Marianna, Arkansas.

6.       Ms. Crawford purchased a Samsung refrigerator (Model Number: RF263BEAFSG/AA; Serial Number: 0AJC4BBMA00269R) in or around January 2019 from Sears in Forrest City, Arkansas.

7.      As an authorized retailer of Samsung refrigerators, Sears acted as Samsung's agent in selling Ms. Crawford her Refrigerator.

8.      Ms. Crawford purchased the Refrigerator new, and it was in pristine condition without perceivable damage or defect. She paid approximately $2,000 for the Refrigerator.

9.      Ms. Crawford used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

10.      Within a few days of receiving the Refrigerator, Ms. Crawford noticed that food kept in the Refrigerator was spoiling and the Refrigerator was making loud noises. Ms. Crawford also noticed that the icemaker was not working properly; ice took a long time to produce.

11.      Ms. Crawford called Samsung and requested they send a technician to inspect her Refrigerator. A Samsung technician came to her house and, after inspecting the Refrigerator, the technician told Ms. Crawford that the problems she was experiencing were common and that he could not repair the Refrigerator.

12.      Ms. Crawford continued to contact Samsung after that initial repair visit. Samsung eventually told her they would send another technician to examine the Refrigerator, but nobody has arrived.

13.      Ms. Crawford retains the defective Refrigerator, experiencing, *inter alia*, increased food waste and excessive noise as a result.

### 2.      Matthew Jordan

14.      Plaintiff Matthew Jordan is a resident of Laguna Hills, California.

15.      Mr. Jordan purchased a Samsung refrigerator (Model Number: RS22T5201SG/AA; Serial Number: 0B2E4BAN800580W) on June 29, 2020 from Home Depot via the internet.

16.      As an authorized retailer of Samsung refrigerators, Home Depot acted as Samsung's agent in selling Mr. Jordan his Refrigerator.

2703366.9

17.     Mr. Jordan purchased the Refrigerator new, without perceivable damage or defect. He paid $1,298.00 for the Refrigerator.

18.     Mr. Jordan used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

19.     After a few months, Mr. Jordan noticed that some of the food in the bottom of the Refrigerator was frozen. Mr. Jordan attempted to change the temperature settings so that the food at the bottom would not freeze, but this did not work. Mr. Jordan also noticed that the top of the Refrigerator was at a temperature that was too high to be safe for food storage.

20.     Using a thermal imaging camera, Mr. Jordan took photographs that reveal the unsafe temperature variation inside the Refrigerator:



2703366.9



21.     On January 14, 2021, a Samsung technician came to Mr. Jordan's home to repair the Refrigerator's system board. When the technician replaced the system board, he and Mr. Jordan noticed scorch marks over the back of the Refrigerator. Since the technician replaced the system board, the Refrigerator has continued to fail to maintain a safe temperature. Samsung has otherwise refused to repair or replace Mr. Jordan's defective Refrigerator.

### 3.     Melissa Alejandro

22.     Plaintiff Melissa Alejandro is a resident of Manteca, California.

23.     Ms. Alejandro purchased a Samsung refrigerator (Model Number: RF265BEAESR/AA; Serial Number: 0ARS4BBM503947R) on August 19, 2019 from Home Depot via the internet.

24.     As an authorized retailer of Samsung refrigerators, Home Depot acted as Samsung's agent in selling Ms. Alejandro her Refrigerator.

25.     Ms. Alejandro purchased the Refrigerator new, without perceivable damage or defect. She paid $2,197.80 for the Refrigerator.

-4-

26.     Ms. Alejandro used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

27.     After a few months of use, Ms. Alejandro noticed liquid leaking from her Refrigerator.

28.     In or around March 2022, Ms. Alejandro called Samsung and requested they send a technician to inspect her Refrigerator. A Samsung technician came to her house and, after inspecting the Refrigerator, informed Ms. Alejandro that the problem she was experiencing was common and that there was ice buildup in the Refrigerator, which was causing both the leakage and unsafe temperatures. The technician was unable to rectify the problem.

29.     Ms. Alejandro subsequently realized that she had been experiencing increased food spoilage since purchasing her new Refrigerator but had never thought to assess the internal temperature of her Refrigerator.

30.     Despite Ms. Alejandro's repeated communications with Samsung after the technician's inspection, Samsung refused to provide Ms. Alejandro a full refund for her Refrigerator or a new device.

31.     In or around August 2020, the icemaker in Ms. Alejandro's Refrigerator stopped functioning and began leaking.

32.     Ms. Alejandro called Samsung and requested they send a technician to inspect her Refrigerator. A Samsung technician came to her house on August 10, 2020 and, after inspecting the Refrigerator, the technician replaced the icemaker. The icemaker has not, however, functioned consistently since the replacement.

33.     On April 20, 2022, Ms. Alejandro slipped in her home as a result of the leakage from her Refrigerator and sustained bruises on her knee, elbow, and wrist. Though the bruises have

healed, Ms. Alejandro has suffered from tingling sensations in her knee, elbow, and wrist since the fall.

34.     Fed up with her experiences, Ms. Alejandro decided to replace her Refrigerator. Ms. Alejandro purchased a new Samsung refrigerator (Model Number: RS27T5561SR; Serial Number: 0B2D4BAT100945V) on May 5, 2022 from Lowe's via the internet.

35.     Ms. Alejandro is now experiencing the same problems of ice buildup and uneven temperature with her new Refrigerator. The icemaker on Ms. Alejandro's new Refrigerator also stopped functioning within months of purchase.

36.     Ms. Alejandro retains, but does not use, the Refrigerator she purchased in August 2019.

### 4.     Nicola Sobers

37.     Plaintiff Nicola Sobers is a resident of Sunrise, Florida.

38.     Ms. Sobers purchased a Samsung refrigerator (Model Number: RF263TEAESR/AA; Serial Number: JKG04BBJ300028W) in or around March 2019 from BrandsMart U.S.A. in Sunrise, Florida.

39.     As an authorized retailer of Samsung refrigerators, BrandsMart U.S.A acted as Samsung's agent in selling Ms. Sobers her Refrigerator.

40.     Ms. Sobers purchased the Refrigerator new, and it was in pristine condition without perceivable damage or defect. She paid approximately $2,000 for the Refrigerator.

41.     Ms. Sobers used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

42.     After a few months, Ms. Sobers noticed that food kept in the Refrigerator was spoiling and/or freezing, water was leaking in and around the Refrigerator, and the Refrigerator was at a temperature too high to be safe for food storage.

-6-

43.     Ms. Sobers called Samsung and requested they send a technician to inspect her Refrigerator. Samsung technicians came to her house three times, but they were never able to repair the Refrigerator.

44.     Ms. Sobers retains the defective Refrigerator, experiencing, *inter alia*, increased food waste, leakage, and ice buildup in the freezer drawers as a result.

### 5.     Janice Butler

45.     Plaintiff Janice Butler is a resident of Rochester, New York.

46.     Ms. Butler purchased a Samsung refrigerator (Model Number: RF260BEAESR/AA; Serial Number: JKKM4BBN108886Y) in or around February 2020 from Lowe's in Rochester, New York.

47.     As an authorized retailer of Samsung refrigerators, Lowe's acted as Samsung's agent in selling Ms. Butler her Refrigerator.

48.     Ms. Butler purchased the Refrigerator new, without perceivable damage or defect. She paid over $1,000 for the Refrigerator.

49.     Ms. Butler used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

50.     Shortly after purchase, the icemaker in Ms. Butler's Refrigerator began to malfunction, producing very little ice. The icemaker continues to malfunction at present.

51.     In June 2022, Ms. Butler began to notice that food kept in the Refrigerator was spoiling and that the Refrigerator was at a temperature too high to be safe for food storage.

52.     Due to the Refrigerator's malfunctioning, Ms. Butler was forced to discard hundreds of dollars' worth of food.  During this period, Ms. Butler was also undergoing surgery and treatment for a benign brain tumor.

2703366.9

53.     Ms. Butler called Samsung and requested they send a technician to inspect her Refrigerator. A local technician referred by Samsung came to Ms. Butler's home and, without even inspecting her Refrigerator, informed Ms. Butler that he knew exactly what the problem was because the problem was so common among Samsung refrigerators.

54.     The technician repaired the Refrigerator and, until recently, the Refrigerator was functioning as expected. Now, however, the Refrigerator is once again sometimes unable to maintain a safe temperature for food storage.

55.     Ms. Butler retains the defective Refrigerator.

### 6.      Pauline Dion

56.     Plaintiff Pauline Dion is a resident of Rensselaerville, New York.

57.     Ms. Dion purchased a Samsung refrigerator (Model Number: RF28T5001SR/AA; Serial Number: 0B5X4BCT508447R) on or around September 17, 2022 from Home Depot in Albany, New York.

58.     As an authorized retailer of Samsung refrigerators, Home Depot acted as Samsung's agent in selling Ms. Dion her Refrigerator.

59.     Ms. Dion purchased the Refrigerator new, without perceivable damage or defect. She paid approximately $1,700 for the Refrigerator.

60.     Ms. Dion used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

61.     Within a day of receiving the Refrigerator, Ms. Dion noticed that food kept in the Refrigerator was spoiling and that the Refrigerator was at a temperature too high to be safe for food storage.

62.     Ms. Dion and her husband reset the Refrigerator repeatedly in an attempt to solve the problems they were experiencing. This effort was not successful; the same problems continued to occur when they restarted the Refrigerator.

63.     The Refrigerator stopped working entirely shortly thereafter.

64.     Ms. Dion called Samsung and requested they send a technician to inspect her Refrigerator. After multiple days, a Samsung technician came to her house and, after inspecting the Refrigerator, the technician told Ms. Dion that he could not repair the Refrigerator.

65.     Samsung notified Ms. Dion that they could send another technician who could attempt to repair the Refrigerator; Ms. Dion refused that offer because the Refrigerator was merely days old when it stopped working entirely. Ms. Dion had paid to receive a new refrigerator, not one that required immediate and substantial repairs.

66.     Due to the Refrigerator's malfunctioning, Ms. Dion was forced to discard hundreds of dollars' worth of food that she had purchased upon receiving her new Refrigerator. Additionally, Ms. Dion and her husband lived without a refrigerator for multiple days.

67.     Ms. Dion paid a third party to remove the Refrigerator from her kitchen and replaced the Refrigerator.

68.     After repeatedly contacting Samsung and spending hours on the phone, Ms. Dion was able to secure a full refund of the purchase price. However, Samsung did not reimburse Ms. Dion for either the cost of removing the Refrigerator from her home or the total cost associated with the food waste resulting from the malfunction.

69.     Ms. Dion retains the defective Refrigerator.

        **7.      Lisa Saghy**

70.     Plaintiff Lisa Saghy is a resident of Gettysburg, Pennsylvania.

71. Ms. Saghy purchased a Samsung refrigerator (Model Number: RF263TEAESG/AA; Serial Number: 0AJD4BBJ805035A) on December 10, 2017 from Lowes in Hanover, Pennsylvania.

72. As an authorized retailer of Samsung refrigerators, Lowes acted as Samsung's agent in selling Ms. Saghy her Refrigerator.

73. Ms. Saghy purchased the Refrigerator new, without perceivable damage or defect. She paid $2,256.71 for the Refrigerator.

74. Ms. Saghy used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

75. In January 2022, Ms. Saghy started noticing that food and drinks did not seem to be as cold as they used to be in her Refrigerator and noticed ice forming on the back panel.

76. In March 2022, Ms. Saghy called Samsung and requested they send a technician to inspect her Refrigerator, which had ice buildup in the pockets of the cooling panel on the back of the refrigerator and thus failed to keep her food at a safe temperature. A Samsung technician came to her house on March 22. After inspecting the Refrigerator, the technician informed Ms. Saghy that the cooling panel on the back of the Refrigerator was "totally blown" and the compressor was not working. He said that the Refrigerator's failure to keep a safe temperature was a known defect that "cannot be fixed."

77. After the technician failed to fix her defective Refrigerator, Ms. Saghy continued to ask Samsung for a repair. Around this time, Ms. Saghy's father was in hospice care and she had to store his medicine in her Samsung Refrigerator. Ms. Saghy was concerned about the safety of the medicine, and she expressed these concerns to Samsung's phone representatives. Samsung's

-10-

representatives did not help remedy this dangerous problem, nor did they seem to care at all about this untenable situation. Ms. Saghy's father passed away a week later.

78.     On April 5, Ms. Saghy received a text message from Samsung denying her any exchange or refund because her Refrigerator was out of warranty. Samsung also informed her that her case was suspended.

### 8.      Richard Angemi

79.     Plaintiff Richard Angemi is a resident of Holliday, Texas.

80.     Mr. Angemi purchased a Samsung refrigerator (Model Number: RF20HFENBBC/AA; Serial Number: 0D6F4ADG701455K) in or around July 2016 from Aaron's in Wichita Falls, Texas.

81.     As an authorized retailer of Samsung refrigerators, Aaron's acted as Samsung's agent in selling Mr. Angemi his Refrigerator.

82.     Mr. Angemi purchased the Refrigerator new, without perceivable damage or defect. He paid approximately $1,400.00 for the Refrigerator.

83.     Mr. Angemi used the above-referenced Refrigerator solely for its intended purpose as a personal home appliance.

84.     After approximately two years of use, Mr. Angemi noticed ice buildup in the Refrigerator. Resultantly, the Refrigerator was not maintaining an internal temperature which was safe to store food and Mr. Angemi experienced food spoilage, as well as leakage in and around his Refrigerator.

85.     The only way Mr. Angemi discovered to resolve the Refrigerator's malfunction was to reset the refrigerator; however this only resolved the issue temporarily. The ice buildup and temperature variability would invariably return. Sometimes the Refrigerator stopped working entirely.

-11-

86.     Mr. Angemi replaced his Refrigerator in 2018.

87.     Mr. Angemi retains the defective Refrigerator.

**B.     Defendants**

      **1.      Samsung Electronics Co., Ltd.**

88.     Defendant Samsung Electronics Co., Ltd. ("SEC") is a South Korean multinational corporation in Seoul, South Korea. SEC designs, manufactures, and distributes refrigerators for sale in this jurisdiction. According to samsung.com, SEC's "North America Headquarters" is in Ridgefield Park, New Jersey. SEC also regularly monitors its wholly owned subsidiaries' financial risk arising from operating activities and regularly dispatches financial risk managers to its regional headquarters in the United States.

89.     SEC is and has at all times relevant been in the business of distributing, marketing, promoting, and selling the Refrigerators described herein throughout the United States and in this jurisdiction. SEC purposely directs its conduct toward this District and engages in a continuous course of business in this District, both by intentionally locating its wholly owned subsidiary in this District and by selling thousands of refrigerators and other consumer goods in this District every year.

      **2.      Samsung Electronics America, Inc.**

90.     Defendant Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary of SEC. SEA is a New York corporation with its headquarters in Ridgefield Park, New Jersey. SEA warranties products designed, manufactured, and distributed by SEC, and it acts as SEC's agent in the processing of warranty claims related to the Defect in the manufacturing or materials used by SEC during the manufacturing process.

91.     SEA is and has at all relevant times been in the business of distributing, marketing, promoting, and selling the Refrigerators described herein throughout the United States and in this

-12-

jurisdiction. SEA resides in and engages in a continuous course of business in this District, and sells tens of thousands of refrigerators and other consumer goods in this District every year.

92.     SEA is in the business of manufacturing, producing, distributing, and selling consumer appliances, including refrigerators, to customers throughout the United States, both directly and through their network of authorized dealers.

## JURISDICTION AND VENUE

93.     This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (a) at least one member of the proposed Class is a citizen of a state different from that of the Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the proposed Class consists of more than 100 class members, and (d) none of the exceptions under 28 U.S.C. § 1332(d) apply to this action.

94.     The United States District Court for the District of New Jersey has jurisdiction over the Defendants because they reside and conduct business in New Jersey, have purposely availed themselves of the laws of New Jersey, and because many of the specific events giving rise to this action occurred in New Jersey.

95.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. The Defendants have marketed, advertised, and sold the Refrigerators, and otherwise conducted extensive business, within this District. In addition, both Defendants' principal place of business is in Ridgefield Park, New Jersey.

## BACKGROUND

### A.        The Refrigerators

96.     The at-issue models include, but are not limited to: RF20HFENBBC/AA; RS22T5201SG/AA;      RF260BEAESR/AA;      RF263BEAFSG/AA;      RF263TEAESG/AA; RF263TEAESR/AA; RF265BEAESR/AA; RS27T5561SR; and RF28T5001SR/AA.

97.     The Refrigerators range in price from approximately $1,000 to $3,000 and come with an express, one-year manufacturer's warranty.

### B.        The Defect

98.     As explained above, this case involves certain refrigerators prone to a defect that causes the temperature inside the refrigerators to rise.

99.     The Refrigerators are defective when manufactured and at the point of sale. Consumers could not reasonably know about the Defect at the point of sale and could not discover the Defect with a reasonable investigation at the time of purchase or delivery because a reasonable inspection by a consumer would not reveal whether the materials of the Refrigerators, design of the Refrigerators, and/or manufacturing process related to the Refrigerators are defective. The symptoms of the Defect thus manifest only after the point of sale, both within and outside the warranty period unilaterally imposed by Samsung.

### C.        The Warranties

#### 1.        Express Warranties

100.    Samsung provided a uniform, express one-year factory warranty against manufacturing defect and materials and workmanship. The warranty further protects against defects in the sealed system for five years and defects in the compressor for 10 years.

101.    The warranty for the Refrigerators is offered on a take-it-or-leave-it basis, and consumers are not afforded an opportunity to negotiate for more favorable terms in the warranty because of the parties' relative bargaining power.

102.    Although the warranties protect the Refrigerators from the allegedly defective parts at issue, based upon information and belief, Samsung routinely denies warranty claims based upon the alleged Defect.

### 2.    Implied Warranties

103.    In addition to the express warranties described above, Samsung marketed, advertised, and warranted that the Refrigerators were of merchantable quality and fit for their intended purpose. Samsung also marketed, advertised, and warranted that the Refrigerators were free from defect and did not pose an unreasonable risk to persons or property. A refrigerator that cannot maintain an appropriate temperature for its contents is not fit for its intended purposes and would not pass without objection in the trade.

### 3.    Limitations on Express and Implied Warranties

104.    Federal law mandates that any manufacturer or seller offering a product to customers, whether directly or indirectly, cannot disclaim implied warranties of merchantability and fitness for a particular purpose where that manufacturer has made an express warranty. Accordingly, such implied warranties apply to the Refrigerators sold to Plaintiffs and all Proposed Class Members.

### D.    Samsung's Knowledge of the Defect

105.    Samsung knew that the Refrigerators it marketed and sold were prone to not maintaining an appropriately cold temperature, and, therefore, that the Refrigerators were inherently defective, unmerchantable, and unfit for their intended use.

-15-

106.     Between January 2019 and December 2021, the Consumer Product Safety Commission ("CPSC") received over 600 complaints about Samsung refrigerators.[1] According to *Consumer Reports*, at least "211 complaints specifically cited food spoilage, while 62 complaints cited food poisoning."[2]

107.     The following is a selection of complaints about the Defect that consumers submitted to the CPSC. These complaints demonstrate that Samsung has known about the Defect since 2017 at the latest. The CPSC transmitted all of these complaints to the Defendants.

a.     August 20, 2020 (Report Number 20200808-BAD6F-2147370609):

UNSAFE REFRIGERATOR TEMPERATURE - SAMSUNG 18 CUBIC FT. COUNTER DEPTH FRENCH DOOR REFRIGERATOR Manufacture Date: May 2016 Model #: RF18HFENBSR Serial #: 0D6D4ADH501841W Issue: Known Defect – Water pooling/freezing in and under refrigerator crisper drawers. In addition to the known defect for all Samsung French Door refrigerators, outlined in a 10/05/2017 Samsung Service Bulletin (Service Bulletin #: ASC20171005001), I have been experiencing significant temperature variances in the refrigerator compartment of my Samsung refrigerator. These temperatures have risen as high as 43 to 44 degrees, which is in the danger zone for safe food storage. In doing research, I have found that my situation is not isolated and Samsung refuses to recall these defective refrigerators.[3]

b.     July 1, 2021 (Report Number 20210701-D2EC0-2147363188):

On November 16, 2013 we purchased a Samsung refrigerator from Lowe's Apex, NC (store #0187) for $1,595.91. Model number RFG298HDRS/XAA. This particular model is a 28.5-cu ft French door refrigerator with Dual Ice Maker in stainless steel and has an energy star rating. The refrigerator began making a horrible noise, leaking water, not staying cool, and had ice building up in the back. We called Samsung and they scheduled repairs to be made to our refrigerator. Between April and August of 2017 we had 11 repairs, or rescheduled repairs, for our Samsung refrigerator. All of these repairs were scheduled through calling Samsung, or by the Samsung authorized technicians while they were at our house for further repairs because they were unable to repair the problem. (April 17, April

---

[1] Daniel Wroclawski, *Samsung Refrigerators Cited in Hundreds of Consumer Complaints to Federal Safety Database*, CONSUMER REPORTS (Apr. 8, 2022), https://www.consumerreports.org/consumer-complaints/samsung-refrigerators-cited-in-consumer-complaints-to-cpsc-a1133459149/.

[2] *Id.*

[3] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=2004985

25, May 11, May 19, June 8, June 15, June 28, July 11, July 12, August 5, August 22.) Our Samsung refrigerator is now doing the same thing again, along with the upper icemaker has stopped working. We have lost hundreds of dollars' worth of food, and thousands of dollars' worth of medication because the refrigerator does not keep its temperature. My husband relies on his diabetic medication, and it became cloudy and no longer effective when kept in the refrigerator. This was an extremely dangerous situation! That, along with our family eating foods not being kept at safe temperatures is negligent on Samsung. Samsung has known about this defect in their product. There are several lawsuits against Samsung regarding this exact issue. This is a defect issue and Samsung needs to fix this issue.[4]

      c.      January 17, 2022 (Report Number 20220117-0DAB2-2147357954):

Samsung refrigerator model RF28HMEDBSR does not display correct temperature for refrigerator or freezer. Refrigerator was being used according to the provided manual and was previously in good working order. This caused my family (2 adults and 1 child under 2years) to become ill. Upon putting a thermometer in the fridge it's showed the interior temp was 65 when the control panel showed 36 degrees for the refrigerator and -3 degrees for the freezer. The freezer was 45 degrees. Samsung was contacted and they did not offer to correct or diagnose the issue despite the refrigerator being under warranty. There are numerous stories under the BBB stating other consumers have had this issue with no resolution from Samsung.[5]

108.    In addition, on October 5, 2017, Samsung issued Service Bulletin ASC20171005001. Samsung warned that its French Door Refrigerators contained the following issues: "Fan noise that stops when the door is open, or FF section not cooling due to stuck fan (22 E or C), and/or water pooling under the crisper drawers." Samsung advised customers on how to reinstall or replace the evaporator cover, but on information and belief Samsung did not issue a recall of the refrigerators or make any adjustments to the obviously defective design.

109.    Despite all of this knowledge, Samsung has continued to sell the defective and unreasonably dangerous Refrigerators without (a) warning consumers of the real possibility that the Refrigerators may be unable to store food at a safe temperature; (b) recalling the defective

---

[4] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3369324
[5] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=3568500

Refrigerators; (c) offering to repair the defective Refrigerators free of charge; and/or (d) refunding consumers any or all of the purchase price they paid for their Refrigerators.

**E.**     **Samsung's Concealment of the Defect**

110.    Samsung had a duty to disclose the above-described Defect to Plaintiffs and Proposed Class Members, but failed to do so.

111.    Samsung sold the Refrigerators to Plaintiffs and Proposed Class Members and made the warranties and express representations described above with knowledge that the Refrigerators were defective. Specifically, Samsung knew or should have known based on its internal testing, that the Refrigerators were prone to a defect that causes temperature in the Refrigerators to rise and vary such that it is unsafe to store food and other perishables.

112.    This Defect was not disclosed to Plaintiffs, or other Proposed Class Members, at the point of sale when they purchased their respective Refrigerators, nor has Samsung disclosed them to Proposed Class Members since purchase. Instead, Samsung has tried to prevent Proposed Class Members from learning of the Defect.

**F.**     **Injuries and Risk of Imminent Harm to Plaintiffs**

113.    Plaintiffs and the other Proposed Class Members purchased their Refrigerators solely for their personal, residential purposes and have only used the Refrigerators as intended and in accordance with the operating instructions provided by Samsung.

114.    In light of the Defect, Plaintiffs and other Proposed Class Members paid far more than the reasonable value of the Refrigerators, and would not have paid such prices had the Defect described above been disclosed by Samsung.

115.    Samsung has profited and continues to profit from the sale of defective Refrigerators by failing to disclose the Defect described above and continuing to sell the Refrigerators at prices well above their reasonable value.

-18-

116.     As a direct and proximate result of Samsung's false warranties, misrepresentations, and failure to disclose the Defect in these Refrigerators, Plaintiffs and the Proposed Class have purchased the Refrigerators and have suffered injury as a result.

117.     As a direct and proximate result of Samsung's concealment of the Defect, its failure to warn its customers of the Defect and the safety risks posed by the Refrigerators, and its failure to remove the defective Refrigerators from consumers' homes or otherwise remedy the Defect, Plaintiffs and Proposed Class Members purchased Samsung's defective and unsafe Refrigerators and in many cases use them in their homes to this day. Had Plaintiffs and Proposed Class Members known of this serious safety risk, they would not have purchased the Refrigerators, would have paid substantially less for their Refrigerators than they paid, and/or would have removed them from their homes before their temperature control functionality failed.

## CLASS ALLEGATIONS

118.     Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), Plaintiffs bring this action on behalf of themselves and all other persons similarly situated. In particular, they seek to represent a nationwide class:

**Nationwide Class**: All residents of the United States and its territories who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale.

In the alternative, Plaintiffs propose the following State Sub-Classes:

**Arkansas and Substantially Similar States Sub-Class**: All residents of Arkansas who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale. This sub-class includes any state implied warranty claim that is materially identical to Arkansas' law of implied warranty, any state express warranty claim that is materially similar to Arkansas' law of express warranty, and any state consumer fraud claim that is materially similar to Arkansas' law of consumer fraud.

**California and Substantially Similar States Sub-Class**: All residents of California who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale. This sub-class includes any state

implied warranty claim that is materially identical to California's law of implied warranty, any state express warranty claim that is materially similar to California's law of express warranty, and any state consumer fraud claim that is materially similar to California's law of consumer fraud.

**Florida and Substantially Similar States Sub-Class**: All residents of Florida who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale. This sub-class includes any state implied warranty claim that is materially identical to Florida's law of implied warranty, any state express warranty claim that is materially similar to Florida's law of express warranty, and any state consumer fraud claim that is materially similar to Florida's law of consumer fraud.

**New York and Substantially Similar States Sub-Class**: All residents of New York who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale. This sub-class includes any state implied warranty claim that is materially identical to New York's law of implied warranty, any state express warranty claim that is materially similar to New York's law of express warranty, and any state consumer fraud claim that is materially similar to New York's law of consumer fraud.

**Pennsylvania and Substantially Similar States Sub-Class**: All residents of Pennsylvania who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale. This sub-class includes any state implied warranty claim that is materially identical to Pennsylvania's law of implied warranty, any state express warranty claim that is materially similar to Pennsylvania's law of express warranty, and any state consumer fraud claim that is materially similar to Pennsylvania's law of consumer fraud.

**Texas and Substantially Similar States Sub-Class**: All residents of Texas who purchased a new Refrigerator or otherwise acquired a Refrigerator, primarily for household use and not for resale. This sub-class includes any state implied warranty claim that is materially identical to Texas' law of implied warranty, any state express warranty claim that is materially similar to Texas' law of express warranty, and any state consumer fraud claim that is materially similar to Texas' law of consumer fraud.

Excluded from the above Class and State Sub-Classes are: Samsung, its officers, directors, and employees, any entity in which Samsung has a controlling interest or which has a controlling interest in Samsung, and that entity's officers, directors, and employees; the judge assigned to this case and his or her immediate family; all expert witnesses in this cause; and, all persons who make a timely election to be excluded from the Class.

### A.  Plaintiffs Meet the Prerequisites of Rule 23(a)

119.  **Numerosity**. Upon information and belief, the Proposed Class includes many thousands of individuals, and, thus, is so numerous that joinder of all members would be impracticable. In 2019, Samsung accounted for approximately 20.5% of U.S. home appliance sales; that market share rose to approximately 21.6% in the first quarter of 2020. Samsung is also a market leader in refrigerator sales: Samsung refrigerators accounted for approximately 23.7% of refrigerator sales in the United States in the first quarter of 2020. Hundreds of thousands of these particular Refrigerators are currently sitting in Proposed Class Members' homes.

120.  **Commonality**. The answers to questions common to the Proposed Class will drive the resolution of this litigation. Specifically, resolution of this case will be driven by questions relating to the Refrigerators' common design, whether the design is defective, whether the defective design poses a safety risk, Samsung's knowledge of the Defect, the uniform diminution in value of the Refrigerators, and the corresponding unjust enrichment to Samsung. The common questions of law and fact include, but are not limited to, the following:

a.  whether the Refrigerators pose unreasonable safety risks to consumers;

b.  whether Samsung knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.  whether Samsung concealed the safety risks its Refrigerators pose to consumers;

d.  whether the safety risks the Refrigerators pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a refrigerator;

e.  whether the Refrigerators possess the material Defect;

-21-

f.      whether Samsung knew or should have known of the inherent Defect in the Refrigerators when it placed them into the stream of commerce;

g.      whether Samsung concealed the Defect from consumers;

h.      whether the existence of the Defect is a material fact reasonable purchasers would have considered in deciding whether to purchase a refrigerator;

i.      whether the Refrigerators are merchantable;

j.      whether the Refrigerators are fit for their intended use;

k.      whether Samsung was unjustly enriched by the sale of defective Refrigerators to the Plaintiff Class;

l.      whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Refrigerators caused Proposed Class Members' injuries; and

m.      whether Samsung should be enjoined from further sales of the Refrigerators.

121.  **Typicality**. Plaintiffs have the same interests as all members of the Proposed Classes they seek to represent, and all of the Plaintiffs' claims arise out of the same set of facts and conduct as all other members of the Proposed Classes. Plaintiffs and all Proposed Class Members own or owned a Refrigerator designed or manufactured by Samsung with uniform Defect. All the claims of Plaintiffs and Proposed Class Members arise out of Samsung's placement of a product into the marketplace it knew was defective and posed safety risks to consumers, and from Samsung's failure to disclose the known safety risks and Defect. Also common to Plaintiffs and Proposed Class Members' claims are Samsung's conduct in designing, manufacturing, marketing, advertising, warranting, and selling the defective Refrigerators, Samsung's conduct in

2703366.9

concealing the Defect in the Refrigerators, and Plaintiffs' and Proposed Class Members' purchase of the defective Refrigerators.

122. **Adequacy**. Plaintiffs will fairly and adequately represent and protect the interest of the Proposed Class Members, Plaintiffs' interests align with those of the Proposed Class Members, and Plaintiffs have no fundamental conflicts with the Proposed Class. Plaintiffs have retained counsel competent and experienced in products liability, consumer protection, and class action litigation, who will fairly and adequately represent the Proposed Class.

### B.     Plaintiffs Meet the Prerequisites of Rule 23(b)(2)

123. Samsung has acted and refused to act on grounds that apply generally to the Proposed Class, so declaratory relief is appropriate with respect to the entire Proposed Class. Samsung made uniform representations and warranties to the Proposed Class as a whole, Samsung concealed facts from and made material misrepresentations to the Proposed Class as a whole, and Samsung has destroyed and may still be destroying evidence relevant to the allegations of the Proposed Class.

### C.     Plaintiffs Meet the Prerequisites of Rule 23(b)(3) and Rule 23(c)(4).

124. **Predominance and Superiority**. The common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Proposed Class, and a class action is superior to other methods for the fair and efficient adjudication of this controversy, as joinder of all members is impracticable. Samsung has acted in a uniform manner with respect to the Plaintiffs and Proposed Class Members.

125. Samsung is a sophisticated party with substantial resources, while Proposed Class Members are not, and prosecution of this litigation is likely to be expensive. Because the economic damages suffered by any individual Proposed Class Member may be relatively modest compared

to the expense and burden of individual litigation, it would be impracticable for Proposed Class Members to seek redress individually for Samsung's wrongful conduct as alleged herein.

126.    The concealed safety risks described above support swiftly and efficiently managing this case as a class action, which preserves judicial resources and minimizes the possibility of serial or inconsistent adjudications.

127.    Plaintiffs and Proposed Class Members have all suffered and will continue to suffer harm and damages as a result of Samsung's unlawful and wrongful conduct. Without a class action, Proposed Class Members will continue to suffer the undisclosed risk of spoiled food and perishables and incur monetary damages, and Samsung's misconduct will continue without remedy. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

128.    There will be no undue difficulty in the management of this litigation as a class action.

129.    Alternatively, certification may be appropriate as to individual issues as those issues will raise common questions applicable to all Proposed Class Members and materially advance the litigation.

**D.    The Proposed Class is Ascertainable.**

130.    The Proposed Class is defined by reference to objective criteria, and there is an administratively feasible mechanism to determine who fits within the Proposed Class. The Proposed Class consists of purchasers and owners of certain refrigerators, and class membership can be determined using receipts, photographs, ownership documentation, and records in Samsung's and other databases.

## STATUTES OF LIMITATION, FRAUDULENT CONCEALMENT, AND ESTOPPEL

### A.     Discovery Rule

131.    The causes of action alleged accrued upon discovery of the defective nature of the Refrigerators. Because the Defect is latent, and Samsung concealed it, Plaintiffs and members of the Proposed Class did not discover and could not have discovered the Defect through reasonable and diligent investigation. Reasonable and diligent investigation did not and could not reveal a factual basis for a cause of action based on Samsung's concealment of the Defect.

### B.     Fraudulent Concealment

132.    Any applicable statutes of limitation have been tolled by Samsung's knowing, active, and ongoing concealment and denial of the facts as alleged herein. Samsung was and is under a continuous duty to disclose to Plaintiffs and the Proposed Classes the true character, quality and nature of the Refrigerators, particularly that they pose serious risks to public safety, and are at risk of failure. At all relevant times, and continuing to this day, Samsung knowingly, affirmatively and actively misrepresented and concealed the true character, quality and nature of the Refrigerators and sold the Refrigerators into the stream of commerce as if they were safe for use. Given Samsung's failure to disclose this non-public information about the defective nature of the Refrigerators and safety risks to the public, information over which Samsung had exclusive control—and because Plaintiffs and Proposed Class Members could not reasonably have known that the Refrigerators were thereby defective—Plaintiffs and Proposed Class Members reasonably relied on Samsung's knowing, affirmative and ongoing concealment. Had Plaintiffs and Proposed Class Members known that the Refrigerators pose a safety risk to the public, they would not have purchased the Refrigerators.

133.    Plaintiffs and the Proposed Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their

part. Plaintiffs and the Proposed Class could not reasonably have discovered the true, latently defective nature of the Refrigerators.

    **C.**    <u>**Estoppel**</u>

134. Samsung was and is under a continuing duty to disclose to the Plaintiffs and the Proposed Class the true character, quality, and nature of the Refrigerators. Samsung knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Refrigerators, and the concealment is ongoing. Samsung knew of the Defect and the serious safety risk it posed to consumers and has actively concealed it. Plaintiffs reasonably relied upon Samsung's knowing, affirmative, and/or active and ongoing concealment. For these reasons, Samsung is estopped from relying on any statute of limitations in defense of this action.

135. Additionally, Samsung is estopped from raising any defense of laches due to its own conduct as alleged herein.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>
**BREACH OF EXPRESS WARRANTY**
**(N.J. Stat. § 12A:2-313, *et seq.*)**
**(15 U.S.C. §§ 2301–2312)**

136. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

137. Plaintiffs bring this action on behalf of themselves and the Proposed Nationwide Class against Samsung.

138. New Jersey law applies to all members of the Proposed Nationwide Class under New Jersey's choice of law principles, both because New Jersey has the most significant relationship to all claims and because New Jersey express warranty law is not materially different from the express warranty law in other states with respect to the claims at issue in this case.

-26-

139.    Plaintiffs and the Proposed Nationwide Class Members are "buyers" within the meaning of N.J. Stat. Ann. § 12A:2-103(1)(a). Samsung is a "seller" within the meaning of N.J. Stat. Ann. § 12A:2-103(1)(d).

140.    The Refrigerators are "goods" within the meaning of N.J. Stat. Ann. § 12A:2-105(1).

141.    Samsung expressly warranted in writing that the Refrigerators were "warranted by Samsung against manufacturing defects in materials and workmanship . . . ."

142.    Samsung provided Plaintiffs and Proposed Class Members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

143.    In its capacity as warrantor, and by the conduct described herein, any attempts by Samsung to limit the express warranties in a manner that would exclude coverage of the defective Refrigerators is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Refrigerators is null and void.

144.    All jurisdictional prerequisites have been satisfied.

145.    In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one-year factory warranty against manufacturing defects, materials and workmanship; five years against defects in the sealed system; and 10 years against defects in the compressor.

146.    Plaintiffs and the Proposed Class Members reasonably relied upon Samsung's representations in deciding to purchase the Refrigerators.

147.    The Refrigerators fail to conform to Samsung's express representations insofar as they contain the Defect described more fully below.

-27-

148.     The Refrigerators are defective because their evaporators fail to regulate adequately the internal environment of the Refrigerators. Due to that Defect, Plaintiffs experienced malfunctions including, but not limited to, ice buildup on the evaporator cover; water pooling in and/or around the Refrigerator; inoperative automatic ice maker; atypical noises; uncontrollable temperature variability in the Refrigerator; the Refrigerator running above the temperature at which food can be safely stored; and/or mechanical failure.

149.     By selling Refrigerators containing the Defect to consumers like Plaintiffs and Proposed Class Members after it gained knowledge of the Defect, Samsung breached its express warranty to provide refrigerators that were free from defects.

150.     Samsung also breached its express warranty to repair and correct material defects or component malfunctions in the Refrigerators when it failed to do so despite knowledge of the Defect and despite knowledge of alternative designs, alternative materials, and options for retrofits.

151.     Samsung has not made repairs correcting such material Defects or component malfunctions in the Refrigerators.

152.     The limited warranty of repair for the Refrigerators fails in its essential purpose because the contractual remedy is insufficient to make Plaintiffs and Proposed Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time. Plaintiffs and Proposed Class Members are thus not limited to the limited warranty of "repair" and Plaintiffs and Proposed Class Members seek all remedies allowed by law.

153.     All purported limitations on Samsung's written warranty are ineffective because it would be unconscionable to enforce them for the reasons described in this complaint. Among other things, at the time Samsung warranted and sold the Refrigerators, it knew that the Refrigerators

did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding the Refrigerators.

154.   Samsung knew that Plaintiffs' Refrigerator malfunctioned but failed to provide defect-free Refrigerators to Plaintiffs or Proposed Class Members free of charge when their Refrigerators failed or to provide an adequate retrofit to remedy the Refrigerators.

155.   Samsung was provided with notice and has been on notice of the Defect and of its breach of express written warranties through its own internal and external testing as well as hundreds or thousands of consumer warranty claims and customer complaints reporting malfunctions in the Refrigerators —including, on information and belief, claims and complaints sent by members of the Proposed Class—yet it failed to repair, replace, or retrofit the Refrigerators to ensure they were free of material defects or component malfunctions as Samsung promised.

156.   Samsung's conduct as described herein, including Samsung's knowledge of the defective Refrigerators and their action, and inaction, in the face of that knowledge, fails to comply with its obligations under its written and implied promises, warranties, and representations.

157.   Samsung's breach of express warranties violates the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

158.   As a direct and proximate result of Samsung's breach of its express warranty, Plaintiffs and Proposed Class Members have suffered damages.

159.   Samsung's breach of its expressed warranties damaged Plaintiffs and the Proposed Nationwide Class in an amount to be proven at trial.

160.   As a result of Samsung's breach of express warranties, Plaintiffs and Proposed Class Members are entitled to revoke their acceptance of the Refrigerators, obtain damages and

equitable relief, and obtain attorney's fees and costs pursuant to N.J. Stat. Ann. § 12A:2-714 and 15 U.S.C. § 2310.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (N.J. Stat. Ann. § 12A:2-314)
### (15 U.S.C. §§ 2301–2312)

161.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

162.    Plaintiffs bring this action on behalf of themselves and the Proposed Nationwide Class against Samsung.

163.    New Jersey law applies to all members of the Proposed Nationwide Class under New Jersey's choice of law principals, both because New Jersey has the most significant relationship to all claims and because New Jersey implied warranty law is not materially different from the implied warranty law in other states with respect to the claims at issue in this case.

164.    Defendants were at all relevant times "merchants" with respect to Refrigerators under N.J. Stat. Ann. § 12A:2-104(1).

165.    The Refrigerators were at all relevant times "goods" within the meaning of N.J. Stat. Ann. §§ 12A:2-105(1).

166.    Refrigerators are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

167.    Plaintiffs and Proposed Nationwide Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

168.    Defendants are "warrantor[s]" and "supplier[s]," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

-30-

169.    Defendants provided Plaintiffs and Proposed Nationwide Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

170.    In their capacity as warrantors and by the conduct described herein, any attempt by Defendants to limit the implied warranties in a manner that would exclude coverage of the defective Refrigerators is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Refrigerators is void.

171.    All jurisdictional prerequisites have been satisfied herein.

172.    The Defect is a result of the Refrigerators' design and is not the product of any manufacturing flaw or alteration in the Refrigerators after they were manufactured. In other words, the Defect existed at the point of design, manufacture, distribution, and sale.

173.    A warranty that the Refrigerators were in merchantable condition and fit for the ordinary purpose for which Refrigerators are used is implied by law pursuant to N.J. Stat. Ann. §§ 12A:2-314. This implied warranty of merchantability is part of the basis for the bargain between Defendants, on the one hand, and Plaintiffs and Proposed Class Members, on the other.

174.    Notwithstanding the aforementioned duty, at the time of delivery, Defendants breached the implied warranty of merchantability because the Refrigerators are not fit for the ordinary purposes for which such goods are used and failed to conform to the standard performance of like products used in the trade. This is so for the reasons stated above, including that the Refrigerators do not consistently maintain an appropriate temperature when operated as Defendants instructed and intended at the time Plaintiffs and Proposed Nationwide Class Members purchased the Refrigerators.

175.    Defendants knew or should have known that the Refrigerators posed a safety risk and were defective as designed and knew or should have known that selling the Refrigerators to

-31-

Plaintiffs and Proposed Nationwide Class Members as marketed constituted a breach of the implied warranty of merchantability.

176.    As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Proposed Class Members bought the Refrigerators without knowledge of the Defect or its serious safety risks.

177.    As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Proposed Class Members purchased unsafe products which could not be used for their intended purpose of safely storing food in a residential setting.

178.    As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Proposed Class Members have suffered damages and did not receive the benefit of their bargain.

179.    Warranty disclaimers are unconscionable where, as here, Proposed Class Members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the Proposed Class Members and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer had knowledge of the Defect. Under N.J. Stat. Ann. §§ 12A:2-316(2), warranty disclaimers are unenforceable where, as here, the terms are inconspicuous. Finally, it would be unreasonable under N.J. Stat. Ann. §§ 12A:2-316(1) to apply an implied warranty limitation when no reasonable consumer would be aware of that limitation prior to purchase, particularly because Defendants never required consumers to acknowledge acceptance or receipt of the purported limitation on warranties.

180.    Defendants conduct as described herein—including Defendants' knowledge of the defective Refrigerators and their action, and inaction, in the face of that knowledge—fail to comply

with Defendants' obligations under their written and implied promises, warranties, and representations.

181.    Samsung's breach of implied warranties violates the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

182.    Defendants' breaches of the implied warranty of merchantability damaged Plaintiffs and the Proposed Nationwide Class in an amount to be proven at trial. Among other things, the market price of the product that Plaintiffs and the Proposed Nationwide Class Members actually paid for (*i.e.*, machines that could be used safely to store food) is higher than the market price of the product that Defendants provided (*i.e.*, machines that cannot maintain an appropriate temperature). Additionally, Plaintiffs and Proposed Class Members are entitled to revoke their acceptance of the Refrigerators, obtain damages and equitable relief, and obtain attorney's fees and costs pursuant to 15 U.S.C. § 2310.

183.    Plaintiffs and Proposed Class Members are also entitled to damages under N.J. Stat. Ann. § 12A:2-714.

**COUNT III**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT**
**(N.J. Stat. Ann. § 56:8-1, *et seq.*)**

184.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

185.    Plaintiffs bring this action on behalf of themselves and the Proposed Nationwide Class against Samsung.

186.    New Jersey law applies to all Proposed Nationwide Class Members under New Jersey's choice of law principles because New Jersey has the most significant relationship to all claims. Additionally, New Jersey consumer fraud law is not materially different than the consumer fraud law of many other states with respect to the claims at issue in this case.

-33-

187.    Plaintiffs, Defendants, and the Proposed Nationwide Class Members are "persons" within the meaning of N.J. Stat. Ann. § 56:8-1(d).

188.    The Refrigerators are "merchandise" within the meaning of N.J. Stat. Ann. § 56:8-1(c).

189.    The New Jersey Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1, *et seq.*) ("NJCFA") states, in relevant part:

> [A]ny unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . . whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. . . .

N.J. Stat. Ann. § 56:8-2.

190.    Samsung was engaged in activity "in connection with the sale or advertisement" of "merchandise." Among other things, Samsung advertised, promoted, and distributed the Refrigerators.

191.    Samsung was engaged in activity "in connection with the sale or advertisement" of "merchandise." Among other things, Samsung designed and manufactured the Refrigerators and distributed the Refrigerators to Samsung.

192.    Prior to Plaintiffs and the Proposed Nationwide Class Members' purchases of the Refrigerators, the Defendants engaged in deceptive practices that violated the NJCFA. As set forth in detail above, the Defendants made statements and omitted material information that had and continues to have the capacity to deceive the public and caused injury to Plaintiffs and Proposed Nationwide Class Members because:

a.    Defendants made uniform representations that the Refrigerators had characteristics, uses, or benefits that they do not and did not have.

-34-

b. Defendants failed to disclose the true characteristics, uses, and benefits of the Refrigerators.

c. Defendants made uniform representations that the Refrigerators were of a particular standard, quality, and grade when they were and are not.

d. Defendants failed to disclose the true standard, quality, and grade of the Refrigerators.

e. Samsung advertised the Refrigerators with the intent not to sell them as advertised.

f. Defendants made uniform representations that the Refrigerators would perform as represented when they did not.

g. Defendants failed to disclose the true performance of its Refrigerators.

193. Plaintiffs and Proposed Nationwide Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a refrigerator. Moreover, Samsung intended for consumers, including Plaintiffs and the Proposed Nationwide Class Members, to rely on these material facts.

194. Defendants had exclusive knowledge that the Refrigerators had and have the Defect set forth above, which gave rise to a duty to disclose these facts to Plaintiffs and the Proposed

Nationwide Class Members. Specifically, Defendants owed Plaintiffs and the Proposed Nationwide State Class Members a duty to disclose all the material facts concerning the Refrigerators because they possessed exclusive knowledge about the Refrigerators, intentionally concealed that knowledge from Plaintiffs and the Nationwide Class, and made misrepresentations that were rendered misleading because they were contradicted by withheld facts. Defendants also had an ongoing duty to Plaintiffs and Proposed Nationwide Class Members to refrain from deceptive practices under the NJCFA in the course of their business. Defendants breached these duties by making misrepresentations and failing to disclose material facts.

195.    Plaintiffs and Proposed Nationwide Class Members had no way of discerning that Defendants' representations were false and misleading prior to purchasing the Refrigerators, or otherwise learning the facts that Defendants had concealed or failed to disclose prior to purchasing the Refrigerators. Plaintiffs and Proposed Nationwide Class Members did not, and could not, unravel Defendants' deception on their own.

196.    Had Plaintiffs and Proposed Nationwide Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them.

197.    As a direct and proximate result of Defendants' misrepresentations, concealment, and failure to disclose material information, Plaintiffs and Proposed Nationwide Class Members have suffered ascertainable loss and actual damages. Among other things, the market price of the Refrigerators would have been lower had consumers known about the Defect.

198.    Defendants' violations present a continuing risk to Plaintiffs and the Proposed Nationwide Class Members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

199.    As explained in more detail below, Samsung's conduct was reprehensible.

a.    Samsung has shown indifference to, and reckless disregard for, the health and safety of Plaintiffs and the Proposed Nationwide Class Members because Samsung knew that their Refrigerators could fail to maintain an appropriately cold temperature when used as intended, but has done nothing to protect consumers.

b.    Plaintiffs and the Proposed Nationwide Class Members are financially vulnerable when compared to Samsung.

c.    Samsung's conduct was not isolated because this case involves many thousands of Refrigerators.

d.    Samsung's conduct was intentional. Rather than replacing or repairing the Refrigerators, Samsung has denied any problem at all. But Samsung continues to intentionally expose Plaintiffs and the Proposed Nationwide Class Members to risk of physical harm because they have not fixed (or replaced) the Refrigerators.

200.    Pursuant to N.J. Stat. Ann. § 56:8-19, Plaintiffs and the Proposed Nationwide Class Members seek an order enjoining Defendants' violations of the NJCFA and awarding damages, attorney's fees, and any other just and proper relief available under the NJCFA. Plaintiffs and the Proposed Nationwide Class also seek punitive and treble damages against Samsung under N.J. Stat. Ann. § 56:8-19.

201.    Plaintiffs will mail this complaint to the Attorney General within 10 days of filing, pursuant to N.J. Stat. Ann. § 56:8-2.

**COUNT IV**
**BREACH OF EXPRESS WARRANTY**
*Asserted only if New Jersey law does not apply to some class members*
**(Ark. Code § 4-2-313, *et seq.*; Cal. Com. Code § 2313, *et seq.*; Fla. Code § 672.313, *et seq.*;**
**N.J. Stat. § 12A:2-313, *et seq.*; N.Y. U.C.C. § 2-313, *et seq.*; Pa. Cons. Stat. § 2313, *et seq.*;**
**Tex. Bus. & Com. Ann. § 2.313)**
**(15 U.S.C. §§ 2301–2312)**

202.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

203.     Plaintiffs bring this action on behalf of themselves and each proposed State Sub-Class against Samsung.

204.     Plaintiffs and the Proposed State Sub-Class Members are "buyers" within the meaning of Ark. Code Ann. § 4-2-103(1)(a); Cal. Com. Code § 2103(1)(a); Fla. Stat. § 672.103(1)(a); N.J. Stat. Ann. § 12A:2-103(1)(a); N.Y. U.C.C. Law § 2-103(1)(a); 13 Pa. Cons. Stat. § 2103(a); and Tex. Bus. & Com. Ann. § 2.103(a)(1).

205.     Samsung is a "seller" within the meaning of Ark. Code Ann. § 4-2-103(1)(d); Cal. Com. Code § 2103(1)(d); Fla. Stat. § 672.103(1)(d); N.J. Stat. Ann. § 12A:2-103(1)(d); N.Y. U.C.C. Law § 2-103(1)(d); 13 Pa. Cons. Stat. § 2103(a); and Tex. Bus. & Com. Ann. § 2.103(a)(4).

206.     The Refrigerators are "goods" within the meaning of Ark. Code Ann. § 4-2-105(1); Cal. Com. Code § 2105(1); Fla. Stat. § 672.105(1); N.J. Stat. Ann. § 12A:2-105(1); N.Y. U.C.C. Law § 2-105(1); 13 Pa. Cons. Stat. § 2105(a); and Tex. Bus. & Com. Ann. § 2.105(a).

207.     Samsung expressly warranted in writing that the Refrigerators were "warranted by Samsung against manufacturing defect in materials and workmanship . . . ."

208.     Samsung provided Plaintiffs and Proposed Class Members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

209.     In its capacity as warrantor, and by the conduct described herein, any attempts by Samsung to limit the express warranties in a manner that would exclude coverage of the defective

-38-

Refrigerators is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Refrigerators is null and void.

210.    All jurisdictional prerequisites have been satisfied.

211.    In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one-year factory warranty against manufacturing defect and materials and workmanship; five years against defect in the sealed system; and 10 years against defect in the compressor.

212.    Plaintiffs and the Proposed Class Members reasonably and justifiably relied upon Samsung's representations in deciding to purchase the Refrigerators.

213.    The Refrigerators fail to conform to Samsung's express representations insofar as they contain the Defect described more fully below.

214.    The Refrigerators are defective because their evaporators fail to regulate adequately the internal environment of the Refrigerators. Due to that Defect, Plaintiffs experienced malfunctions including, but not limited to, ice buildup on the evaporator cover; water pooling in and/or around the Refrigerators; inoperative automatic ice makers; atypical noises; uncontrollable temperature variability in the Refrigerators; the Refrigerators running above the temperature at which food can be safely stored; and/or mechanical failure.

215.    By selling Refrigerators containing the Defect to consumers like Plaintiffs and Proposed Class Members after it gained knowledge of the Defect, Samsung breached its express warranty to provide refrigerators that were free from defect.

216.    Samsung also breached its express warranty to repair and correct the material Defect or component malfunctions in the Refrigerators when it failed to do so despite knowledge

of the Defect and despite knowledge of alternative designs, alternative materials, and options for retrofits.

217.    Samsung has not made repairs correcting such material Defect or component malfunctions in the Refrigerators, despite the fact that Plaintiffs and Proposed Class Members sought repairs from Samsung. Moreover, Samsung is unable to adequately repair the Refrigerators to eliminate the Defect.

218.    The limited warranty of repair for the Refrigerators fails in its essential purpose because the contractual remedy is insufficient to make Plaintiffs and Proposed Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time. In particular, the limited warranty fails in its essential purpose to the extent that Samsung has been unable to adequately repair the Refrigerators and to cure the Defect in the Refrigerators. Plaintiffs and Proposed Class Members are thus not limited to the limited warranty of "repair" and Plaintiffs and Proposed Class Members seek all remedies allowed by law.

219.    All purported limitations on Samsung's written warranty are ineffective because it would be unconscionable to enforce them for the reasons described in this complaint. Among other things, at the time Samsung warranted and sold the Refrigerators, it knew that the Refrigerators did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding the Refrigerators.

220.    Samsung knew that Plaintiffs' Refrigerators malfunctioned but failed to provide defect-free Refrigerators to Plaintiffs or Proposed Class Members free of charge when their Refrigerators failed or to provide an adequate retrofit to remedy the Refrigerators.

221.    Samsung was provided with notice and has been on notice of the Defect and of its breach of express written warranties through its own internal and external testing as well as

-40-

hundreds or thousands of consumer warranty claims and customer complaints reporting malfunctions in the Refrigerators—including, on information and belief, claims and complaints sent by members of the Proposed Class—yet it failed to repair, replace, or retrofit the Refrigerators to ensure they were free of the material Defect or component malfunctions as Samsung promised.

222.    Samsung's conduct as described herein, including Samsung's knowledge of the defective Refrigerators and their action, and inaction, in the face of that knowledge, fails to comply with its obligations under its written and implied promises, warranties, and representations.

223.    Samsung's breach of express warranties violates the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

224.    As a direct and proximate result of Samsung's breach of its express warranty, Plaintiffs and Proposed Class Members have suffered damages.

225.    Samsung's breach of its expressed warranties damaged Plaintiffs and members of the State Sub-Classes in an amount to be proven at trial.

226.    As a result of Samsung's breach of express warranties, Plaintiffs and Proposed Class Members are entitled to revoke their acceptance of the Refrigerators, obtain damages and equitable relief, and obtain attorney's fees and costs pursuant to 15 U.S.C. § 2310; Ark. Code Ann. § 4-2-714; Cal. Com. Code § 2714; Fla. Stat. § 672.714; N.J. Stat. Ann. § 12A:2-714; N.Y. U.C.C. Law § 2-714; 13 Pa. Cons. Stat. § 2714; and Tex. Bus. & Com. Ann. § 2.714.

<u>**COUNT V**</u>
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
***Asserted only if New Jersey law does not apply to some class members***
**(Ark. Code Ann. § 4-2-314; Cal. Com. Code § 2314; Fla. Stat. § 672.314; N.J. Stat. Ann. § 12A:2-314; N.Y. U.C.C. Law § 2-314; 13 Pa. Stat. and Cons. Stat. Ann. § 2314; Tex. Bus. & Com. Code Ann. § 2.314)**
**(15 U.S.C. §§ 2301–2312)**

227.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

228.     Plaintiffs bring this action on behalf of themselves and each proposed State Sub-Class against Samsung.

229.     Defendants were at all relevant times "merchants" with respect to Refrigerators under Ark. Code. Ann. § 4-2-104(1); Cal. Com. Code § 2104(1); Fla. Stat. § 672.104(1); N.J. Stat. Ann. § 12A:2-104(1); § N.Y. U.C.C. Law § 2-104; N.Y. U.C.C. Law § 2-104; 13 Pa. Stat. and Cons. Stat. Ann. § 2104; and Tex. Bus. & Com. Ann. § 2.104(a).

230.     The Refrigerators were at all relevant times "goods" within the meaning of Ark. Code Ann. § 4-2-105(1); Cal. Com. Code § 2105(1); Fla. Stat. § 672.105(1); N.J. Stat. Ann. §§ 12A:2-105(1); N.Y. U.C.C. Law § 2-103; 13 Pa. Stat. and Cons. Stat. Ann. § 2105; and Tex. Bus. & Com. Ann. § 2.105(a).

231.     Refrigerators are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

232.     Plaintiffs and Proposed State Sub-Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

233.     Defendants are "warrantor[s]" and "supplier[s]," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

234.     Defendants provided Plaintiffs and Proposed State Sub-Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

235.     In their capacity as warrantors and by the conduct described herein, any attempt by the Defendants to limit the implied warranties in a manner that would exclude coverage of the defective Refrigerators is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Refrigerators is void.

236.     All jurisdictional prerequisites have been satisfied herein.

237.    The Defect is a result of the Refrigerators' design and are not the product of any manufacturing flaw or alteration in the Refrigerators after they were manufactured. In other words, the Defect existed at the point of design, manufacture, distribution, and sale.

238.    A warranty that the Refrigerators were in merchantable condition and fit for the ordinary purpose for which refrigerators are used is implied by law pursuant to Ark. Code Ann. § 4-2-314; Cal. Com. Code § 2314; Fla. Stat. § 672.314; N.J. Stat. Ann. §§ 12A:2-314; N.Y. U.C.C. Law § 2-314; Pa. Stat. and Cons. Stat. Ann. § 2314; and Tex. Bus. & Com. Ann. § 2.314. This implied warranty of merchantability is part of the basis for the bargain between Defendants, on the one hand, and Plaintiffs and Proposed Class Members, on the other.

239.    Notwithstanding the aforementioned duty, at the time of delivery, Defendants breached the implied warranty of merchantability because the Refrigerators are not fit for the ordinary purposes for which such goods are used and failed to conform to the standard performance of like products used in the trade. This is so for the reasons stated above, including that the Refrigerators do not consistently maintain an appropriate temperature when operated as Defendants instructed and intended at the time Plaintiffs and Proposed State Sub-Class Members purchased the Refrigerators.

240.    Defendants knew or should have known that the Refrigerators were defective as designed and knew or should have known that selling the Refrigerators to Plaintiffs and Proposed State Sub-Class Members as marketed constituted a breach of the implied warranty of merchantability.

241.    Defendants expected or reasonably should have expected members of the State Sub-Classes to use the Refrigerators or be affected by the machines' Defect.

242.     Samsung was provided with notice and has been on notice of the Defect and of its breach of warranties through its own internal and external testing as well as hundreds or thousands of consumer warranty claims and customer complaints reporting malfunctions in the Refrigerators—including, on information and belief, claims and complaints sent by Members of the Proposed Class—yet it failed to repair, replace, or retrofit the Refrigerators to ensure they were free of the material Defect or component malfunctions as Samsung promised.

243.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Proposed Class Members bought the Refrigerators without knowledge of the Defect or its serious safety risks.

244.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Proposed Class Members purchased unsafe products which could not be used for their intended purpose of safely storing food in a residential setting.

245.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Proposed Class Members have suffered damages and did not receive the benefit of their bargain.

246.     Warranty disclaimers are unconscionable where, as here, Proposed Class Members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the Proposed Class Members and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer had knowledge of the Defect. Under Ark. Code Ann. § 4-2-316(2); Cal. Com. Code § 2316(2)l; Fla. Stat. § 672.316(2); N.J. Stat. Ann. §§ 12A:2-316(2); and Tex. Bus. & Com. Ann. § 2.316(b) warranty disclaimers are unenforceable where, as here, the terms are inconspicuous. Finally, it would be unreasonable under Ark. Code Ann. § 4-2-316(1); Cal. Com. Code § 2316(1); Fla. Stat. § 672.316(1); N.J. Stat. Ann. §§ 12A:2-

-44-

316(1); and Tex. Bus. & Com. Ann. § 2.316 to apply an implied warranty limitation when no reasonable consumer would be aware of that limitation prior to purchase, particularly because Defendants never required consumers to acknowledge acceptance or receipt of the purported limitation on warranties.

247.    Defendants conduct as described herein—including Defendants' knowledge of the defective Refrigerators and their action, and inaction, in the face of that knowledge—fail to comply with Defendants' obligations under their written and implied promises, warranties, and representations.

248.    Samsung's breach of implied warranties violates the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.

249.    Defendants' breaches of the implied warranty of merchantability damaged Plaintiffs and Proposed State Sub-Class Members in an amount to be proven at trial. Among other things, the market price of the product that Plaintiffs and the Proposed Class Members actually paid for (*i.e.*, machines that could be used safely to store food) is higher than the market price of the product that Defendants provided (*i.e.*, machines that cannot maintain an appropriate temperature). Additionally, Plaintiffs and Proposed Class Members are entitled to revoke their acceptance of the Refrigerators, obtain damages and equitable relief, and obtain attorney's fees and costs pursuant to 15 U.S.C. § 2310.

250.    Plaintiffs and Proposed Class Members are also entitled to damages under Ark. Code Ann. § 4-2-714; Cal. Com. Code § 2714; Fla. Stat. § 672.714; N.J. Stat. Ann. § 12A:2-714; N.Y. U.C.C. Law § 2-714; 13 Pa. Cons. Stat. § 2714; and Tex. Bus. & Com. Ann. § 2.714.

<u>COUNT VI</u>

**VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT**
*Asserted only if New Jersey law does not apply to Arkansas class members*
**(Ark. Code Ann. § 4-88-101, *et seq.*)**

251.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

252.     Plaintiff Shirley Crawford (for the purposes of this section, "Plaintiff") brings this action on behalf of herself and the proposed Arkansas State Class against Samsung.

253.     The Arkansas Deceptive Trade Practice Act (Ark. Code Ann. § 4-88-101, *et seq.*) ("Arkansas DTPA") makes unlawful "[d]eceptive and unconscionable trade practices," which include, but are not limited to, a list of enumerated items, including "[k]nowingly taking advantage of a consumer who is reasonably unable to protect his or her interest because of . . . ignorance," and "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade[.]" Ark. Code Ann. § 4-88-107(a)(10). The Arkansas DTPA also prohibits the following when "utilized in connection with the sale or advertisement of any goods": "(1) The act, use, or employment by any person of any deception, fraud, or false pretense; or (2) The concealment, suppression, or omission of any material fact with intent that others rely upon the concealment, suppression, or omission." Ark. Code Ann. § 4-88-108.

254.     Plaintiff, Defendants, and the Proposed Arkansas State Class Members are "persons" within the meaning of Ark. Code Ann. § 4-88-102(5).

255.     The Refrigerators are "goods" within the meaning of Ark. Code Ann. § 4-88-102(4).

256.     Samsung was engaged in activity "in connection with the sale or advertisement" of "goods." Among other things, Samsung advertised, promoted, and distributed the Refrigerators.

257.     Samsung was engaged in activity "in connection with the sale or advertisement" of "goods." Among other things, Samsung designed and manufactured the Refrigerators and distributed the Refrigerators to Samsung.

258.     Prior to Plaintiff's and the Proposed Arkansas State Class Members' purchase of the Refrigerators, Defendants engaged in deceptive and unconscionable practices that violated the Arkansas DTPA. As set forth in detail above, Defendants made statements and omitted material information that had and continues to have the capacity to deceive the public and caused injury to Plaintiff and Proposed Arkansas State Class Members because:

a.     Defendants made uniform representations that the Refrigerators had characteristics, uses, or benefits that they do not and did not have.

b.     Defendants failed to disclose the true characteristics, uses, and benefits of the Refrigerators.

c.     Defendants made uniform representations that the Refrigerators were of a particular standard, quality, and grade when they were and are not.

d.     Defendants failed to disclose the true standard, quality, and grade of the Refrigerators.

e.     Defendants made uniform representations that the Refrigerators would perform as represented when they did not.

f.     Defendants failed to disclose the true performance of the Refrigerators.

g.     Samsung advertised the Refrigerators with the intent not to sell them as advertised.

h.      Defendants knowingly took advantage of Plaintiff and the Proposed Arkansas State Class Members who were reasonably unable to protect their interests because of their ignorance of the Defect, which Defendants concealed.

259.    Plaintiff and Proposed Arkansas Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a refrigerator. Moreover, Samsung intended for consumers, including Plaintiff and the Proposed Arkansas Class Members, to rely on these material facts.

260.    Defendants had exclusive knowledge that the Refrigerators had and have the Defect set forth above, which gave rise to a duty to disclose these facts to Plaintiff and the Proposed Arkansas State Class Members. Specifically, Defendants owed Plaintiff and Proposed Arkansas State Class Members a duty to disclose all the material facts concerning the Refrigerators because they possessed exclusive knowledge about the Refrigerators, intentionally concealed that knowledge from Plaintiff and the Proposed Arkansas State Class, and made misrepresentations that were rendered misleading because they were contradicted by withheld facts. Defendants also had an ongoing duty to Plaintiff and Proposed Arkansas State Class Members to refrain from deceptive and unconscionable practices under the Arkansas DTPA in the course of their business.

Defendants breached these duties by making misrepresentations and failing to disclose material facts.

261.    Plaintiff and Proposed Arkansas State Class Members reasonably relied upon Defendants' material misrepresentations and nondisclosures. Plaintiff and Proposed Arkansas State Class Members had no way of discerning that Defendants' representations were false and misleading prior to purchasing the Refrigerators, or otherwise learning the facts that Defendants had concealed or failed to disclose prior to purchasing the Refrigerators. Plaintiff and Proposed Arkansas State Class Members did not, and could not, unravel Defendants' deception on their own.

262.    Had Plaintiff and Proposed Arkansas State Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them.

263.    As a direct and proximate result of Defendants' misrepresentations, concealment, and failure to disclose material information, Plaintiff and Proposed Arkansas State Class Members have suffered ascertainable loss and actual damages. Among other things, the market price of the Refrigerators would have been lower had consumers known about the Defect.

264.    Defendants' violations present a continuing risk to Plaintiff and the Proposed Arkansas State Class Members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

265.    As explained in more detail below, Samsung's conduct was reprehensible.

a.    Samsung has shown indifference to, and reckless disregard for, the health and safety of Plaintiff and the Proposed Arkansas State Class Members because Samsung knew that their Refrigerators could fail to maintain safe temperatures when used as intended, but have done nothing to protect consumers.

b.      Plaintiff and the Proposed Arkansas State Class Members are financially vulnerable when compared to Samsung.

c.      Samsung's conduct was not isolated because this case involves many hundreds of thousands of Refrigerators.

d.      Samsung's conduct was intentional. Rather than replacing or repairing the Refrigerators, Samsung denied any problem at all. Samsung continues to intentionally expose Plaintiff and Proposed Arkansas State Class Members to risk of physical harm because they have not fixed (or replaced) the Refrigerators.

266.    Pursuant to Ark. Code Ann. § 7-88-113(f), Plaintiff and the Proposed Arkansas State Class Members seek an order awarding actual damages, attorney's fees, and any other just and proper relief available under the Arkansas DTPA.

<u>COUNT VII</u>
**VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT**
***Asserted only if New Jersey law does not apply to California class members***
**(Cal. Civ. Code § 1750, *et seq.*)**

267.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

268.    Plaintiffs Matthew Jordan and Melissa Alejandro (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed California State Class against Samsung.

269.    The California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*) ("CLRA") makes unlawful "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a).

270.     Plaintiffs and the Proposed California State Class Members are "Consumer[s]" within the meaning of Cal. Civ. Code § 1761(d) because they purchased the Refrigerators for personal use within the applicable statute of limitations period. Defendants are "Person[s]" within the meaning of Cal. Civ. Code § 1761(c).

271.     The Refrigerators are "Goods" within the meaning of Cal. Civ. Code § 1761(a).

272.     Samsung was engaged in "transaction[s] intended to result or which result[ed] in the sale" of "goods" to "consumer[s]." Among other things, Samsung advertised, promoted, and distributed the Refrigerators.

273.     Samsung was engaged in "transaction[s] intended to result or which result[ed] in the sale" of "goods" to "consumer[s]." Among other things, Samsung designed and manufactured the Refrigerators and distributed the Refrigerators to Samsung.

274.     Prior to Plaintiffs' and the Proposed California State Class Members' purchase of the Refrigerators, Defendants engaged in unfair and deceptive practices that violated the CLRA. As set forth in detail above, Defendants made statements and omitted material information that had and continues to have the capacity to deceive the public and caused injury to Plaintiffs and Proposed California State Class Members because:

a.     Defendants made uniform representations that the Refrigerators had characteristics, uses, or benefits that they do not and did not have.

b.     Defendants failed to disclose the true characteristics, uses, and benefits of the Refrigerators.

c.     Defendants made uniform representations that the Refrigerators were of a particular standard, quality, and grade when they were and are not.

2703366.9

d.      Defendants failed to disclose the true standard, quality, and grade of the Refrigerators.

e.      Samsung advertised the Refrigerators with the intent not to sell them as advertised.

f.      Defendants engaged in conduct creating a likelihood of confusion or of misunderstanding and which misled, deceived, and damaged Plaintiffs and Proposed California State Class Members in connection with the sale and advertisement of the Refrigerators.

g.      Defendants made uniform representations that the Refrigerators would perform as represented when they did not.

h.      Defendants failed to disclose the true performance of its Refrigerators.

275.    Plaintiffs and Proposed California State Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, and reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a refrigerator. Moreover, Samsung intended for consumers, including Plaintiffs and the Proposed California Class Members, to rely on these material facts.

276.    In addition to being deceptive, Defendants' misrepresentations, active concealment, and failures to disclose material information regarding the defective Refrigerators

-52-

were also unfair, because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Proposed California State Class Members. Defendants have known or should have known since at least 2017 that the Refrigerators are defective and dangerous, and yet Defendants continued to manufacture, distribute, market, and sell the Refrigerators without adequately warning Plaintiffs and Proposed California State Class Members of the safety risks inherent in ordinary use of the Refrigerators. Defendants' conduct caused substantial injury to consumers including Plaintiffs and Proposed California State Class Members, which they could not avoid because of Defendants' concealment, as further explained below. The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances. There is a strong public interest in consumer appliance safety, as well as truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life. Defendants' conduct was contrary to legislatively declared public policy, including the CLRA.

277.    Defendants had exclusive knowledge that the Refrigerators had and have the Defect set forth above, which gave rise to a duty to disclose these facts to Plaintiffs and the Proposed California State Class Members. Specifically, Defendants owed Plaintiffs and Proposed California State Class Members a duty to disclose all the material facts concerning the Refrigerators because they possessed exclusive knowledge about the Refrigerators, intentionally concealed that knowledge from Plaintiffs and the Proposed California State Class, and made misrepresentations that were rendered misleading because they were contradicted by withheld facts. Defendants also had an ongoing duty to Plaintiffs and Proposed California State Class Members to refrain from unfair or deceptive practices under the CLRA in the course of their business. Defendants breached these duties by making misrepresentations and failing to disclose material facts.

278.     Plaintiffs and Proposed California State Class Members had no way of discerning that Defendants' representations were false and misleading prior to purchasing the Refrigerators, or otherwise learning the facts that Defendants had concealed or failed to disclose prior to purchasing the Refrigerators. Plaintiffs and Proposed California State Class Members did not, and could not, unravel Defendants' deception on their own.

279.     Plaintiffs and Proposed California State Class Members reasonably relied upon Defendants' material misrepresentations and nondisclosures. Had Plaintiffs and Proposed California State Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them. Plaintiffs' and Proposed California State Class Members' reliance on Defendants' concealment and nondisclosures is demonstrated by the fact that Plaintiffs and Proposed Class Members purchased Refrigerators with hidden Defect that endangered their persons and property and that rendered a key advertised feature not safely usable, which they would not have done for the same price or at all had they known the truth.

280.     As a direct and proximate result of Defendants' misrepresentations, concealment, and failure to disclose material information, Plaintiffs and Proposed California State Class Members have suffered ascertainable loss and actual damages. Among other things, the market price of the Refrigerators would have been lower had consumers known about the Defect.

281.     Defendants' violations present a continuing risk to Plaintiffs and the Proposed California State Class Members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

282.     As explained in more detail below, Samsung's conduct was reprehensible.

a.      The Refrigerators are capable of causing—and have caused—both physical and economic harm.

b.      Samsung has shown indifference to, and reckless disregard for, the health and safety of Plaintiffs and the Proposed California State Class Members because Samsung knew that their Refrigerators could fail to maintain safe temperatures when used as intended, but has done nothing to protect consumers.

c.      Plaintiffs and the Proposed California State Class Members are financially vulnerable when compared to Samsung.

d.      Samsung's conduct was not isolated because this case involves many hundreds of thousands of Refrigerators.

e.      Samsung's conduct was intentional. Rather than replacing or repairing the Refrigerators, Samsung denied any problem at all. But Samsung continues to intentionally expose Plaintiffs and the Proposed California State Class Members to risk of physical harm because they have not fixed (or replaced) the Refrigerators.

283.    Pursuant to Cal. Civ. Code §§ 1780(a) and (e), the Plaintiffs and the Proposed California State Class Members seek an order enjoining the above-described wrongful acts and practices of Samsung, and ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and proper by the Court under California Civil Code §1780.

284.    Plaintiffs are providing Samsung with written notice that its conduct is in violation and demanding corrective actions pursuant to Cal. Civ. Code § 1782. Plaintiffs will seek to amend their complaint to add claims for monetary damages if Samsung fails to take the corrective actions.

**COUNT VIII**
**UNLAWFUL, UNFAIR, OR FRAUDULENT BUSINESS PRACTICES UNDER THE
CALIFORNIA UNFAIR COMPETITION LAW**
*Asserted only if New Jersey law does not apply to California class members*
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

285.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

286.     Plaintiffs Matthew Jordan and Melissa Alejandro (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed California State Class against Samsung.

287.     California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*), prohibits any "unlawful, unfair, or fraudulent business act or practices and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

288.     As detailed in prior and subsequent sections of this complaint, Defendants violated the "unlawful" prong of the UCL by: misrepresenting, actively concealing, and failing to disclose material information regarding the defective Refrigerators in violation of the CLRA; by knowingly making misleading and untrue statements in violation of the California False Advertising Law; by breaching express and implied warranties in violation of the Song-Beverly Consumer Warranty Act, the Magnuson-Moss Act, and common law; by defectively designing, manufacturing, testing, inspecting, and distributing the Refrigerators in violation of common law; by failing to provide Plaintiffs and Proposed Class Members with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the Refrigerators and failing to take remedial action and instead continuing to sell the defective Refrigerators in violation of common law; and by failing to timely and properly recall the defective Refrigerators.

289.     Defendants' conduct also violated the "unfair" prong of the UCL because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to

Plaintiffs and Proposed California State Class Members. Defendants have known or should have known since at least 2017 that the Refrigerators are defective and dangerous, and yet Defendants continued to manufacture, distribute, market, and sell the Refrigerators without adequately warning Plaintiffs and Proposed California State Class Members of the safety risks inherent in ordinary use of the Refrigerators. Defendants' conduct caused substantial injury to consumers including Plaintiffs and Proposed California State Class Members, which they could not avoid because of Defendants' concealment, as further explained below. The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to consumers or competition under all circumstances. There is a strong public interest in consumer appliance safety, as well as truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life. Defendants' conduct was contrary to legislatively declared public policy, as reflected in the CLRA and California's adoption of the strict liability doctrine with respect to manufacturers of defective products, among other legal standards.

290.     Defendants' conduct further violated the "fraudulent" prong of the UCL. Defendants' misrepresentations and nondisclosures relating to the Refrigerators were and are likely to deceive members of the public and did deceive the public. These misrepresentations and nondisclosures were and are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions. Defendants made these misrepresentations, concealments, and nondisclosures with the intention that consumers would rely on them in their decisions to purchase the Refrigerators. Had Plaintiffs and Proposed Class Members known about the Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them. Defendants had exclusive knowledge of the Defect,

such that Plaintiffs and the Proposed California State Class Members could not have reasonably avoided their injuries.

291.    As a direct and proximate result of Defendants' business practices in violation of the UCL, the Plaintiffs and the Proposed California State Class Members have suffered injury-in-fact.

292.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs and the Proposed California State Class Members seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, and fraudulent business practices in violation of the UCL. Plaintiffs and the Proposed California State Class Members also seek an order requiring Defendants to disgorge and/or make full restitution of all moneys wrongfully obtained from the Plaintiffs and the Proposed California State Class Members. Plaintiffs and the Proposed California State Class Members also seek attorney's fees and costs under Cal. Code Civ. Proc. § 1021.5.

## COUNT IX
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
*Asserted only if New Jersey law does not apply to California class members*
**(Cal. Bus. & Prof. Code § 17500, *et seq.*)**

293.    Plaintiffs re-allege and incorporate by reference each preceding paragraph as though fully set forth herein.

294.    Plaintiffs Matthew Jordan and Melissa Alejandro (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed California State Class against Samsung.

295.    California's False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*) states: "It is unlawful for any person, . . . corporation . . . or any employee thereof with intent directly or indirectly to dispose of real or personal property . . . or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . before

-58-

the public in this state or from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

296.     Defendants made or caused to be made and disseminated throughout California and the United States, through advertising, marketing, and other publications, numerous statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to each Defendant, to be untrue and misleading to consumers, including Plaintiffs and the other Proposed California State Class Members.

297.     Defendants' misleading and untrue statements were part of a plan or scheme to sell the Refrigerators to the public without disclosing that they contain the Defect resulting in a dangerous product.

298.     Plaintiffs and the Proposed California State Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, and reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a refrigerator. Moreover, Samsung intended for consumers, including Plaintiffs and the Proposed California State Class Members, to rely on these material facts.

299.     Plaintiffs and Proposed California State Class Members reasonably relied upon Defendants' material misrepresentations. Had Plaintiffs and Proposed California State Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them.

300.     As a direct and proximate result of Defendants' actions Defendants have received ill-gotten gains and/or profits, including but not limited to money from Plaintiffs and the Proposed California State Class Members who paid for the Refrigerators. Therefore, Defendants have been unjustly enriched.

301.     Plaintiffs and the Proposed California State Class Members seek an order enjoining Defendants' false advertising, restitution, and restitutionary disgorgement of Defendants' ill-gotten gains pursuant to Cal. Bus. & Prof. § 17535.

**COUNT X**
**VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH
OF EXPRESS WARRANTIES**
*Asserted only if New Jersey law does not apply to California class members*
**(Cal. Civ. Code § 1790, *et seq.*)**

302.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

303.     Plaintiffs Matthew Jordan and Melissa Alejandro (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed California State Class against Samsung.

304.     Plaintiffs and the Proposed California State Class Members are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

305.     The Refrigerators are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

306.     Samsung is a "distributor" of the Refrigerators within the meaning of Cal. Civ. Code § 1791(e).

307.     Samsung made express warranties to Plaintiffs and Proposed California State Class Members within the meaning of Cal. Civ. Code §§ 1791.2 and 1793.2, as described above. These warranties formed the basis of the bargain that was reached when Plaintiffs and the Proposed California State Class Members purchased their Refrigerators.

308.     However, Samsung knew or should have known that the warranties were false and/or misleading. Despite knowing that the Refrigerators suffered from serious Defect, Samsung warranted against such Defect and continued to market and distribute these Refrigerators with these express warranties.

309.     Plaintiffs and the Proposed California State Class Members reasonably relied on Samsung's express warranties concerning emissions when purchasing the Refrigerators. However, the Refrigerators did not perform as warranted. Samsung therefore breached its express warranty by providing a product containing Defect that were never disclosed to Plaintiffs and the Proposed California State Class Members.

310.     As an express warrantor and distributor, Samsung had and has certain obligations under the Song-Beverly Act, and, in particular, Civil Code §1793.2(b) and (d), to conform the Refrigerators to its express warranties.

311.     Samsung has breached its express warranties, as set forth above, including its extended warranties, by selling Refrigerators in a condition that does not meet the warranty obligations undertaken by Samsung, and by failing to repair the Defect and/or replace the defective parts in the machines.

312.     Samsung received sufficient and timely notice of the breaches of express warranty alleged herein, including by hundreds or thousands of consumer complaints.

313.     Plaintiffs and the Proposed California State Class Members have given Samsung a reasonable opportunity to cure its failures with respect to its express warranties, and Samsung failed to do so. Any further opportunity to cure the express breach is unnecessary and futile.

314.     As a direct and proximate result of Samsung's breach of express warranties, Plaintiffs and the Proposed California State Class Members suffered significant damages, and seek damages in an amount to be determined at trial.

315.     Pursuant to Cal. Civ. Code §§ 1793.2 and 1794, Plaintiffs and the Proposed California State Class Members seek an order requiring Samsung to reimburse the Plaintiffs and Proposed California State Class Members the purchase price of the Refrigerators plus incidental damages, and/or seek damages and any other just and proper relief available under the Song-Beverly Consumer Warranty Act.

**COUNT XI**
**VIOLATIONS OF SONG-BEVERLY CONSUMER WARRANTY ACT FOR BREACH**
**OF IMPLIED WARRANTY OF MERCHANTABILITY**
***Asserted only if New Jersey law does not apply to California class members***
**(Cal. Civ. Code §§ 1791.1 and 1792)**

316.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

317.     Plaintiffs Matthew Jordan and Melissa Alejandro (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed California State Class against Samsung.

318.     Plaintiffs and the Proposed California State Class Members are "buyers" within the meaning of Cal. Civ. Code § 1791(b).

319.     The Refrigerators are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

320.     Samsung is a "manufacturer" within the meaning of Cal. Civ. Code § 1791(j). Samsung is a "distributor" within the meaning of Cal. Civ. Code § 1791(e).

321.     Cal. Civ. Code §§ 1791.1(a) and 1792 impose an implied warranty of merchantability requiring that consumer goods are fit for the ordinary purposes for which such goods are used and conform to the promises or affirmations of fact made on the container or label, among other requirements. This implied warranty of merchantability is part of the basis for the bargain between Defendants, on the one hand, and Plaintiffs and Proposed Class Members, on the other.

322.     Notwithstanding the aforementioned duty, at the time of delivery, Defendants breached the implied warranty of merchantability because the Refrigerators are not fit for the ordinary purposes for which such goods are used, fail to conform to the standard performance of like products used in the trade, and do not conform to the promises and affirmations made by Defendants.

323.     The Defect is a result of the Refrigerators' design and is not the product of any manufacturing flaw or alteration in the Refrigerators after they were manufactured. In other words, the Defect existed at the point of design, manufacture, distribution, and sale.

324.     Defendants knew or should have known that the Refrigerators posed a safety risk and were defective as designed and knew or should have known that selling the Refrigerators to Plaintiffs and Proposed California State Class Members as marketed constituted a breach of the implied warranty of merchantability.

325.     Defendants received sufficient and timely notice of the breaches of express warranty alleged herein, including by hundreds or thousands of consumer complaints.

326.     Plaintiffs and the Proposed California State Class Members have given Defendants a reasonable opportunity to cure their failures with respect to their implied warranties, and Defendants failed to do so. Any further opportunity to cure the implied breach is unnecessary and futile.

327.     As a direct and proximate result of Defendants' breach of implied warranties, Plaintiffs and the Proposed California State Class Members suffered significant damages, and seek damages in an amount to be determined at trial.

328.     Defendants were unjustly enriched by keeping the profits for their unsafe products for years before incurring any costs of repair, replacement, retrofit, or a recall.

329.     Warranty disclaimers are unconscionable where, as here, Proposed Class Members have no meaningful choice in determining the terms of a warranty, there is a gross disparity of power between the Proposed Class Members and the manufacturer, the terms of the warranty favor the manufacturer over the buyer, and the manufacturer had knowledge of the Defect. Under Cal. Civ. Code § 1792.4, warranty disclaimers are unenforceable where, as here, the terms are inconspicuous. Furthermore, it would be unreasonable under Cal. Civ. Code §§ 1792.3 and 1792.4 to apply an implied warranty limitation when no reasonable consumer would be aware of that limitation prior to purchase, particularly because Defendants never required consumers to acknowledge acceptance or receipt of the purported limitation on warranties. Finally, any attempt by Defendants to limit the implied warranty in a manner that would exclude coverage of the defective Refrigerators is unconscionable and any such effort to disclaim, or otherwise limit, liability for the defective Refrigerators is null and void.

-64-

330. Defendants' breaches of the implied warranty of merchantability damaged Plaintiffs and the Proposed California State Class in an amount to be proven at trial. Among other things, the market price of the product that Plaintiffs and the Proposed California State Class Members actually paid for (i.e., machines that could be used safely to store food) is higher than the market price of the product that Defendants provided (i.e., machines that cannot maintain an appropriate temperature).

331. Plaintiffs and the Proposed California State Class Members seek all remedies available under Cal. Civ. Code §§ 1791.1(d) and 1794 and any other just and proper relief available under the Song-Beverly Consumer Warranty Act.

## COUNT XII
### FAILURE TO TIMELY OR PROPERLY RECALL UNDER CALIFORNIA LAW
### *Asserted only if New Jersey law does not apply to California class members*

332. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

333. Plaintiffs Matthew Jordan and Melissa Alejandro (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed California State Class against Samsung.

334. Samsung manufactured, marketed, distributed, and otherwise placed into the stream of U.S. commerce the Refrigerators.

335. Samsung knew or reasonably should have known that the Refrigerators were dangerous when used in a reasonably foreseeable manner, and posed an unreasonable risk.

336. Samsung failed to recall the Refrigerators in a timely manner or warn of the risks posed by the Refrigerators.

337.    A reasonable manufacturer in the same or similar circumstances would have timely and properly recalled the Refrigerators.

338.    Plaintiffs and the Proposed California State Class Members were harmed by the failure of Samsung to timely and properly recall the Refrigerators and, as a result, have suffered damages, including their out-of-pocket costs, losses, and inconvenience.

339.    The failure to timely and properly recall the Refrigerators by Samsung was a substantial factor in causing the harm to Plaintiffs and the Proposed California State Class Members.

**COUNT XIII**
**VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
*Asserted only if New Jersey law does not apply to Florida class members*
**(Fla. Stat. § 501.201, *et seq.*)**

340.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

341.    Plaintiff Nicola Sobers (for the purposes of this section, "Plaintiff") bring this action on behalf of herself and the Proposed Florida State Class against Samsung.

342.    The Florida Unfair Trade Practices Act (Fla. Stat. § 501.201, *et seq.*) ("Florida UTPA") prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Fla. Stat. § 501.204(1).

343.    Plaintiff and the Proposed Florida State Class Members are "Consumer[s]" within the meaning of Fla. Stat. § 501.203(7). Plaintiff, the Proposed Florida State Class Members, and Defendants are "person[s]" within the meaning of Fla. Stat. § 501.211(1)–(2).

344.    The Refrigerators are "good[s]" within the meaning of Fla. Stat. § 501.203(8).

345. Samsung was engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8). Among other things, Samsung advertised, promoted, and distributed the Refrigerators.

346. Samsung was engaged in "trade or commerce" within the meaning of Fla. Stat. § 501.203(8). Among other things, Samsung designed and manufactured the Refrigerators and distributed the Refrigerators to Samsung.

347. Prior to Plaintiff's and the Proposed Florida State Class Members' purchase of the Refrigerators, Defendants engaged in unfair and deceptive practices that violated the Florida UTPA. As set forth in detail above, Defendants made statements and omitted material information that had and continues to have the capacity to deceive the public and caused injury to Plaintiff and Proposed Florida State Class Members because:

a. Defendants made uniform representations that the Refrigerators had characteristics, uses, or benefits that they do not and did not have.

b. Defendants failed to disclose the true characteristics, uses, and benefits of the Refrigerators.

c. Defendants made uniform representations that the Refrigerators were of a particular standard, quality, and grade when they were and are not.

d. Defendants failed to disclose the true standard, quality, and grade of the Refrigerators.

e. Samsung advertised the Refrigerators with the intent not to sell them as advertised.

f. Defendants made uniform representations that the Refrigerators would perform as represented when they did not.

348.   Defendants failed to disclose the true performance of its Refrigerators.

349.   Plaintiff and the Proposed Florida State Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, and reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Refrigerator. Moreover, Samsung intended for consumers, including Plaintiff and the Proposed Florida State Class Members, to rely on these material facts.

350.   In addition to being deceptive, Defendants' misrepresentations, active concealment, and failures to disclose material information regarding the defective Refrigerators were also unfair, because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Proposed Florida State Class Members. Defendants have known or should have known since at least 2017 that the Refrigerators are defective and dangerous, and yet Defendants continued to manufacture, distribute, market, and sell the Refrigerators without adequately warning Plaintiff and Proposed Florida State Class Members of the safety risks inherent in ordinary use of the Refrigerators. Defendants' conduct caused substantial injury to consumers including Plaintiff and Proposed Florida State Class Members, which they could not avoid because of Defendants' concealment, as further explained below. The injury to consumers by this conduct greatly outweighs any alleged countervailing benefits to

consumers or competition under all circumstances. There is a strong public interest in consumer appliance safety, as well as truthfully advertising and disclosing consumer appliance defects that pose a risk to property and life. Defendants' conduct was contrary to legislatively declared public policy, including the Florida UTPA.

351.     Defendants had exclusive knowledge that the Refrigerators had and have the Defect set forth above, which gave rise to a duty to disclose these facts to Plaintiff and the Proposed Florida State Class Members. Specifically, Defendants owed Plaintiff and Proposed Florida State Class Members a duty to disclose all the material facts concerning the Refrigerators because they possessed exclusive knowledge about the Refrigerators, intentionally concealed that knowledge from Plaintiff and the Potential Florida State Class, and made misrepresentations that were rendered misleading because they were contradicted by withheld facts. Defendants also had an ongoing duty to Plaintiff and Proposed Florida State Class Members to refrain from unfair or deceptive practices under the Florida UTPA in the course of their business. Defendants breached these duties by making misrepresentations and failing to disclose material facts.

352.     Plaintiff and Proposed Florida State Class Members had no way of discerning that Defendants' representations were false and misleading prior to purchasing the Refrigerators, or otherwise learning the facts that Defendants had concealed or failed to disclose prior to purchasing the Refrigerators. Plaintiff and Proposed Florida State Class Members did not, and could not, unravel Defendants' deception on their own.

353.     Plaintiff and Proposed Florida State Class Members reasonably relied upon Defendants' material misrepresentations and nondisclosures. Had Plaintiff and Proposed Florida State Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or

-69-

would have paid less than they did for them. Plaintiff's Proposed Florida State Class Members' reliance on Defendants' concealment and nondisclosures is demonstrated by the fact that Plaintiff and Proposed Florida State Class Members purchased Refrigerators with hidden Defect that endangered their persons and property and that rendered a key advertised feature not safely usable, which they would not have done for the same price or at all had they known the truth.

354.    As a direct and proximate result of Defendants' misrepresentations, concealment, and failure to disclose material information, Plaintiff and Proposed Florida State Class Members have suffered ascertainable loss and actual damages. Among other things, the market price of the Refrigerators would have been lower had consumers known about the Defect.

355.    Defendants' violations present a continuing risk to Plaintiff and the Proposed Florida State Class Members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

356.    As explained in more detail below, Samsung's conduct was reprehensible.

a.    The Refrigerators are capable of causing—and have caused—both physical and economic harm.

b.    Samsung has shown indifference to, and reckless disregard for, the health and safety of Plaintiff and the Proposed Florida State Class Members because Samsung knew that their Refrigerators could fail to maintain an appropriately cold temperature when used as intended, but has done nothing to protect consumers.

c.    Plaintiff and the Proposed Florida State Class Members are financially vulnerable when compared to Samsung.

f.    Samsung's conduct was not isolated because this case involves many thousands of Refrigerators.

   d. Samsung's conduct was intentional. Rather than replacing or repairing the Refrigerators, Samsung denied any problem at all. Samsung continues to intentionally expose Plaintiff and the Proposed Florida State Class Members to risk of physical harm because they have not fixed (or replaced) the Refrigerators.

   357. Pursuant to Fla. Stat. §§ 501.2105–211, Plaintiff and the Proposed Florida State Class Members seek an order enjoining Defendants' unfair and deceptive acts or practices, and awarding damages, attorney's fees, and any other just and proper relief available under the Florida UDTPA.

**COUNT XIV**
**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW SEC 349**
*Asserted only if New Jersey law does not apply to New York class members*
**(N.Y. Gen. Bus. Law § 349)**

   358. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

   359. Plaintiffs Janice Butler and Pauline Dion (for the purposes of this section, "Plaintiffs") bring this action on behalf of themselves and the Proposed New York State Class against Samsung.

   360. Plaintiffs, Defendants, and the Proposed New York State Class Members are "person[s]" within the meaning of N.Y. Gen. Bus. Law § 349(h).

   361. The New York Deceptive Acts and Practices Act (N.Y. Gen. Bus. Law § 349) ("NYDAPA") makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law § 349(a).

   362. Samsung was engaged "in the conduct of any business, trade or commerce." Among other things, Samsung advertised, promoted, and distributed the Refrigerators.

363.    Samsung was engaged "in the conduct of any business, trade or commerce." Among other things, Samsung designed and manufactured the Refrigerators and distributed the Refrigerators to Samsung.

364.    Prior to Plaintiffs' and the Proposed New York State Class Members' purchase of the Refrigerators, Defendants engaged in deceptive practices that violated the NYDAPA. As set forth in detail above, Defendants made statements and omitted material information that had and continue to have the capacity to deceive the public and caused injury to Plaintiffs and Proposed New York State Class Members because:

       a.    Defendants made uniform representations that the Refrigerators had characteristics, uses, or benefits that they do not and did not have.

       b.    Defendants failed to disclose the true characteristics, uses, and benefits of the Refrigerators.

       c.    Defendants made uniform representations that the Refrigerators were of a particular standard, quality, and grade when they were and are not.

       d.    Defendants failed to disclose the true standard, quality, and grade of the Refrigerators.

       e.    Samsung advertised the Refrigerators with the intent not to sell them as advertised.

       f.    Defendants made uniform representations that the Refrigerators would perform as represented when they did not.

       g.    Defendants failed to disclose the true performance of its Refrigerators.

365.    On information and belief, Defendants' officers, directors, or managing agents authorized the use of the misleading statements about the quality and the performance of the Refrigerators.

366.    On information and belief, Defendants' misrepresentations were made knowingly, willfully, recklessly, and fraudulently.

367.    Plaintiffs and Proposed New York State Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Refrigerator. Moreover, Samsung intended for consumers, including Plaintiffs and the Proposed New York State Class Members, to rely on these material facts.

368.    Defendants had exclusive knowledge that the Refrigerators had and have the Defect set forth above, which gave rise to a duty to disclose these facts to Plaintiffs and the Proposed New York State Class Members. Specifically, Defendants owed Plaintiffs and Proposed New York State Class Members a duty to disclose all the material facts concerning the Refrigerators because they possessed exclusive knowledge about the Refrigerators, intentionally concealed that knowledge from Plaintiffs and the Proposed New York State Class, and made misrepresentations that were rendered misleading because they were contradicted by withheld facts. Defendants also

had an ongoing duty to Plaintiffs and Proposed New York State Class Members to refrain from deceptive practices under the NYDAPA in the course of their business. Defendants breached these duties by making misrepresentations and failing to disclose material facts.

369.    Plaintiffs and Proposed New York State Class Members had no way of discerning that Defendants' representations were false and misleading prior to purchasing the Refrigerators, or otherwise learning the facts that Defendants had concealed or failed to disclose prior to purchasing the Refrigerators. Plaintiffs and Proposed New York State Class Members did not, and could not, unravel Defendants' deception on their own.

370.    Had Plaintiffs and Proposed New York State Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them.

371.    As a direct and proximate result of Defendants' misrepresentations, concealment, and failure to disclose material information, Plaintiffs and Proposed New York State Class Members have suffered ascertainable loss and actual damages. Among other things, the market price of the Refrigerators would have been lower had consumers known about the Defect.

372.    Defendants' violations present a continuing risk to Plaintiffs and the Proposed New York State Class Members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

373.    As explained in more detail below, Samsung's conduct was reprehensible.

a.    The Refrigerators are capable of causing—and have caused—both physical and economic harm.

-74-

b.      Samsung has shown indifference to, and reckless disregard for, the health and safety of Plaintiffs and the Proposed New York State Class Members because Samsung knew that their Refrigerators could fail to maintain an appropriately cold temperature when used as intended, but has done nothing to protect consumers.

c.      Plaintiffs and the Proposed New York State Class Members are financially vulnerable when compared to Samsung.

d.      Samsung's conduct was not isolated because this case involves many thousands of Refrigerators.

e.      Samsung's conduct was intentional. Rather than replacing or repairing the Refrigerators, Samsung denied any problem at all. But Samsung continues to intentionally expose Plaintiffs and the Proposed New York State Class Members to risk of physical harm because they have not fixed (or replaced) the Refrigerators.

374.    Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiffs and the Proposed New York State Class Members seek an order enjoining Defendants' deceptive acts and practices, and awarding damages, attorney's fees, and any other just and proper relief available under the NYDAPA. Because the Defendants willfully or knowingly violated the NYDAPA, Plaintiffs and the Proposed New York State Class Members ask that the court award treble damages under N.Y. Gen. Bus. Law § 349(h).

### COUNT XV
**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW SEC 350**
*Asserted only if New Jersey law does not apply to New York class members*
**(N.Y. Gen. Bus. Law § 350)**

375.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

376.     Plaintiffs Janice Butler and Pauline Dion (for the purposes of this section, "Plaintiffs") bring this action on behalf of herself and the Proposed New York State Class against Samsung.

377.     Plaintiffs and the Proposed New York State Class Members are consumers.

378.     N.Y. GBL § 350(a) states: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

379.     Samsung was engaged "in the conduct of any business, trade or commerce." Among other things, Samsung advertised, promoted, and distributed the Refrigerators.

380.     Prior to Plaintiffs' and the Proposed New York State Class Members' purchase of the Refrigerators, Defendants engaged in false advertising that violated the N.Y. Gen. Bus. Law § 350. As set forth in detail above, Defendants made statements and omitted material information that had and continues to have the capacity to deceive the public and caused injury to Plaintiffs and Proposed New York State Class Members because:

a.     Defendants made uniform representations that the Refrigerators had characteristics, uses, or benefits that they do not and did not have.

b.     Defendants failed to disclose the true characteristics, uses, and benefits of the Refrigerators.

c.     Defendants made uniform representations that the Refrigerators were of a particular standard, quality, and grade when they were and are not.

d.     Defendants failed to disclose the true standard, quality, and grade of the Refrigerators.

e.     Defendants made uniform representations that the Refrigerators would perform as represented when they did not.

f.     Defendants failed to disclose the true performance of its Refrigerators.

381.   On information and belief, Defendants' officers, directors, or managing agents authorized the use of the misleading statements about the quality and the performance of the Refrigerators.

382.   On information and belief, Defendants' misrepresentations were made knowingly, willfully, recklessly, and fraudulently.

383.   Plaintiffs and the Proposed Class Members reasonably expected that the Refrigerators would store food, drink, medicine, and other household goods at a safe temperature and would not pose a risk of failure, both before and at the time of purchase, reasonably expected that Samsung did not design the Refrigerators to incorporate the material Defect known to Samsung, and that the Refrigerators would perform as represented by Samsung in its promotional materials, service manuals, and owner's manual. These representations and affirmations of fact made by Samsung, and the facts it concealed or failed to disclose, are material facts that were likely to deceive reasonable consumers, and that reasonable consumers would, and did, rely on in deciding whether to purchase a Refrigerator. Moreover, Samsung intended for consumers, including Plaintiffs and Proposed Class Members, to rely on these material facts.

384.   Defendants had exclusive knowledge that the Refrigerators had and have the Defect set forth above, which gave rise to a duty to disclose these facts and not contradict them in misrepresentations made to Plaintiffs and the Proposed New York State Class Members. Specifically, Defendants owed Plaintiffs and Proposed New York State Class Members a duty to disclose all the material facts concerning the Refrigerators because they possessed exclusive knowledge about the Refrigerators, intentionally concealed that knowledge from Plaintiffs and the Proposed New York State Class, and made misrepresentations that were rendered misleading

because they were contradicted by withheld facts. Defendants breached these duties by making misrepresentations and failing to disclose material facts.

385. Plaintiffs and Proposed New York State Class Members had no way of discerning that Defendants' representations were false and misleading prior to purchasing the Refrigerators, or otherwise learning the facts that Defendants had concealed or failed to disclose prior to purchasing the Refrigerators. Plaintiffs and Proposed New York State Class Members did not, and could not, unravel Defendants' deception on their own.

386. Had Plaintiffs and Proposed New York State Class Members known about the design Defect and accompanying safety risks, or that the Refrigerators did not operate as advertised, they would not have purchased the Refrigerators or would have paid less than they did for them.

387. As a direct and proximate result of Defendants' misrepresentations, concealment, and failure to disclose material information, Plaintiffs and Proposed New York State Class Members have suffered ascertainable loss and actual damages. Among other things, the market price of the Refrigerators would have been lower had consumers known about the Defect.

388. Defendants' violations present a continuing risk to Plaintiffs and the Proposed New York State Class Members, as well as to the general public. Defendants' unlawful acts and practices complained of herein affect the public interest.

389. As explained in more detail below, Samsung's conduct was reprehensible.

a. The Refrigerators are capable of causing—and have caused—both physical and economic harm.

b. Samsung has shown indifference to, and reckless disregard for, the health and safety of Plaintiffs and the Proposed New York State Class Members because Samsung knew

-78-

that their Refrigerators could fail to maintain an appropriately cold temperature when used as intended, but has done nothing to protect consumers.

        c.      Plaintiffs sand the Proposed New York State Class Members are financially vulnerable when compared to Samsung.

        d.      Samsung's conduct was not isolated because this case involves many thousands of Refrigerators.

        e.      Samsung's conduct was intentional. Rather than replacing or repairing the Refrigerators, Samsung denied any problem at all. But Samsung continues to intentionally expose Plaintiffs and the Proposed New York State Class Members to risk of physical harm because they have not fixed (or replaced) the Refrigerators.

        390.    Pursuant to N.Y. Gen. Bus. Law § 350-e(3), Plaintiffs and Proposed New York State Class Members seek an order enjoining Defendants' deceptive acts and practices, and awarding damages, treble damages for willful and knowing conduct, attorney's fees, and any other just and proper relief available for violations of N.Y. Gen. Bus. Law § 350.

## <u>JURY DEMAND</u>

        Plaintiffs demand a trial by jury on all counts so triable.

Dated: November 16, 2022                    Respectfully submitted,

                                            */s/ Donald A. Ecklund*
                                            James E. Cecchi
                                            Lindsey H. Taylor
                                            Donald A. Ecklund
                                            CARELLA, BYRNE, CECCHI,
                                            OLSTEIN, BRODY & AGNELLO, P.C.
                                            5 Becker Farm Road
                                            Roseland, NJ 07068
                                            973.994.1700

                                            Jonathan D. Selbin
                                            Jason L. Lichtman
                                            Margaret J. Mattes
                                            LIEFF CABRASER HEIMANN
                                            & BERNSTEIN, LLP
                                            250 Hudson Street, 8th fl.
                                            New York, NY 10013-1413
                                            212.355.9500

                                            Andrew R. Kaufman
                                            LIEFF CABRASER HEIMANN
                                            & BERNSTEIN, LLP
                                            222 Second Avenue S., Suite 1640
                                            Nashville, TN 37201
                                            (615) 313-9000

                                            *Attorneys for Plaintiffs and the Proposed Classes*