**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHIRLEY CRAWFORD, MATTHEW JORDAN, MELISSA ALEJANDRO, NICOLA SOBERS, JANICE BUTLER, PAULINE DION, LISA SAGHY, and RICHARD ANGEMI, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Defendants. | Civil Action No. 2:22-cv-02828 (MCA)(AME)<br><br>*Electronically Filed*<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

WALSH PIZZI O'REILLY FALANGA LLP
Liza M. Walsh
Three Gateway Center, 100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100

GREENBERG TRAURIG, LLP
Richard A. Edlin
James L. Ryerson
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7900

GREENBERG TRAURIG, LLP
Robert J. Herrington (pro hac vice application forthcoming)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
*Attorneys for Defendants*

## <u>**TABLE OF CONTENTS**</u>

I.   PRELIMINARY STATEMENT ........................................................1

II.  THE FAC SHOULD BE DISMISSED IN ITS ENTIRETY .........................1

    A.   Plaintiffs Have Not Alleged Any Actionable "Defect." .....................1

    B.   Plaintiffs Cannot Assert New Jersey Law Claims. ...........................5

    C.   Plaintiffs Cannot Evade Dismissal Of Their Consumer Fraud
        Claims..............................................................................7

        1.   Plaintiffs fail to show that their allegations satisfy Rule
              9(b). ........................................................................7

        2.   Plaintiffs also fail to show that Defendants knew about an
              actionable "defect."...................................................8

        3.   The California Plaintiffs' equitable claims should be
              dismissed because they fail to allege that legal remedies
              are inadequate. ........................................................10

        4.   Plaintiffs' GBL and FDUTPA claims do not allege
              causation................................................................11

    D.   The Opposition Confirms That The Warranty Claims Fail. ...............11

        1.   Plaintiffs cannot evade their repeated assertion of a
              "design defect."........................................................12

        2.   Plaintiffs do not allege a breach during the warranty
              period.....................................................................12

            i.   The FAC fails to allege facts showing
                  unconscionability..............................................13

            ii.  The warranty does not fail of its essential purpose. .......15

        3.   Angemi's notice argument ignores Texas law.........................15

4.      Plaintiffs' reliance arguments misstate their own allegations. ...............................................................16

5.      The California Plaintiffs have not alleged multiple repair attempts. .............................................................17

6.      Five Plaintiffs confirm that they fail to allege unmerchantability..................................................17

7.      The Florida, New York, and California Plaintiffs admittedly cannot allege privity................................................18

8.      The Texas and Pennsylvania Plaintiffs' attempts to excuse their untimely claims lack merit. ..................................19

E.      The MMWA Claim Fails Because There Are Not 100 Plaintiffs. ............................................................20

III.    CONCLUSION..................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Afzal v. BMW of N. Am., LLC*,
   2017 WL 3207232 (D.N.J. July 27, 2017) ............................................................2

*Alban v. BMW of N. Am., LLC*,
   2011 WL 900114 (D.N.J. Mar. 15, 2011) ............................................................13

*Amato v. Subaru of Am., Inc.*,
   2019 WL 6607148 (D.N.J. Dec. 5, 2019) ..................................................... 13, 18

*Argabright v. Rheem Mfg. Co.*,
   258 F. Supp. 3d 470 (D.N.J. 2017)......................................................................15

*Baleares Link Exp., S.L. v. GE Engine Servs.-Dallas, LP*,
   335 S.W.3d 833 (Tex. App. 2011) .......................................................................20

*Barlow v. Pfizer Inc.*,
   2013 WL 12171892 (W.D. Tex. Feb. 22, 2013) ..................................................16

*Block v. Jaguar Land Rover N. Am., LLC*,
   2016 WL 3032682 (D.N.J. May 26, 2016) .........................................................5, 8

*Browning v. Am. Honda Motor Co.*,
   549 F. Supp. 3d 996 (N.D. Cal. 2021)...................................................................2

*Cardenas v. Toyota Motor Corp.*,
   418 F. Supp. 3d 1090 (S.D. Fla. 2019)................................................................19

*Cohen v. Subaru of Am., Inc.*,
   2022 WL 721307 (D.N.J. Mar. 10, 2022) ..............................................................6

*Cooper v. Samsung Elecs. Am., Inc.*,
   374 F. App'x 250 (3d Cir. 2010) ............................................................................6

*Diaz v. FCA US LLC*,
   2022 WL 4016744 (D. Del. Sep. 2, 2022) .............................................................9

*DiMartino v. BMW of N. Am., LLC*,
   2016 WL 4260788 (D.N.J. Aug. 11, 2016) ............................................................8

*Drumheller v. Johnson & Johnson*,
2021 WL 1853407 (E.D. Pa. May 10, 2021) ......................................................20

*Dzielak v. Whirlpool Corp.*,
26 F. Supp. 3d 304 (D.N.J. 2014)....................................................................6, 16

*Floyd v. Am. Honda Motor Co.*,
966 F.3d 1027 (9th Cir. 2020) ...........................................................................20

*Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*,
2021 WL 5448716 (D.N.J. Nov. 19, 2021) .........................................................9

*Garcia v. Chrysler Grp. LLC*,
127 F. Supp. 3d 212 (S.D.N.Y. 2015) ................................................................12

*Glob. Quest, LLC v. Horizon Yachts, Inc.*,
849 F.3d 1022 (11th Cir. 2017) .........................................................................19

*Gray v. BMW of N. Am., LLC*,
22 F. Supp. 3d 373 (D.N.J. 2014)........................................................................6

*Guzman v. Polaris Indus.*,
49 F.4th 1308 (9th Cir. 2022) ............................................................................10

*Haft v. Haier US Appliance Sols., Inc.*,
578 F. Supp. 3d 436 (S.D.N.Y. 2022) ................................................................15

*Harper v. LG Elecs. USA, Inc.*,
595 F. Supp. 2d 486 (D.N.J. 2009)....................................................................18

*In re Arris Cable Modem Consumer Litig.*,
2018 WL 288085 (N.D. Cal. Jan. 4, 2018) ..........................................................7

*In re AZEK Building Prods., Inc. Mkt. & Sales Prac. Litig.*,
82 F. Supp. 3d 608 (D.N.J. 2015)........................................................................2

*In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*,
2015 WL 4591236 (D.N.J. July 29, 2015) .................................................. 14, 15

*In re NJOY, Inc. Consumer Class Action Litig.*,
2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ...............................................8, 11

iv

*In re Samsung DLP Television Class Action Litig.*,
  2009 WL 3584352 (D.N.J. Oct. 27, 2009) ...........................................................14

*In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*,
  2022 WL 736250 (D. Del. Mar. 11, 2022) ..............................................................6

*In re Subaru Battery Drain Prod. Liab. Litig.*,
  2021 WL 1207791 (D.N.J. Mar. 31, 2021) ...........................................................15

*In re Volkswagen Timing Chain Prod. Liab. Litig.*,
  2017 WL 1902160 (D.N.J. May 8, 2017) ...............................................................14

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*,
  302 F.R.D. 448 (N.D. Ohio 2014).........................................................................18

*Kavon v. BMW of N. Am., LLC*,
  2022 WL 1830797 (D.N.J. June 3, 2022) .............................................................20

*Klaehn v. Cali Bamboo LLC*,
  2022 WL 1830685 (9th Cir. June 3, 2022)............................................................10

*Kuzian v. Electrolux Home Prods., Inc.*,
  937 F. Supp. 2d 599 (D.N.J. 2013).........................................................................3

*Loh v. Future Motion, Inc.*,
  2022 WL 2668380 (N.D. Cal. July 11, 2022) .........................................................5

*Massey v. Novartis Pharm. Corp.*,
  46 F. Supp. 3d 688 (W.D. Tex. 2014) ...................................................................16

*McCalley v. Samsung Elecs. Am., Inc.*,
  2008 WL 878402 (D.N.J. Mar. 31, 2008) .............................................................18

*McQueen v. BMW of N. Am., LLC*,
  2013 WL 4607353 (D.N.J. Aug. 29, 2013) .................................................... 2, 3, 4

*Miller v. Ford Motor Co.*,
  2022 WL 3229503 (E.D. Cal. Aug. 9, 2022) .........................................................19

*Mora v. Angiodynamics, Inc. Defendants*,
  2022 WL 16640021 (S.D. Tex. Sep. 20, 2022).....................................................16

*Moulton v. LG Elecs. USA, Inc.*,
  2012 WL 5555496 (D.N.J. Nov. 14, 2012) .........................................................14

*O'Connor v. Ford Motor Co.*,
  567 F. Supp. 3d 915 (N.D. Ill. 2021).................................................................3

*Padilla v. Porsche Cars N. Am., Inc.*,
  391 F. Supp. 3d 1108 (S.D. Fla. 2019)...............................................................19

*Pelayo v. Hyundai Motor Am., Inc.*,
  2021 WL 1808628 (C.D. Cal. May 5, 2021).....................................................3, 4

*Ponzio v. Mercedes-Benz USA, LLC*,
  447 F. Supp. 3d 194 (D.N.J. 2020)........................................................ 6, 13, 14

*Priano-Keyser v. Apple, Inc.*,
  2019 WL 7288941 (D.N.J. Dec. 30, 2019) .........................................................14

*Rand v. Travelers Indem. Co.*,
  2022 WL 15523722 (S.D.N.Y. Oct. 26, 2022) ...................................................11

*Robertson v. Fleetwood Travel Trailers of California, Inc.*,
  144 Cal. App. 4th 785 (2006)...............................................................................17

*Roffman v. REBBL, Inc.*,
  2023 WL 1420724 (N.D. Cal. Jan. 31, 2023) .....................................................11

*Shapiro v. Logitech, Inc.*,
  2019 WL 397989 (D.N.J. Jan. 31, 2019) ...............................................................7

*Shearer v. Thor Motor Coach*,
  470 F. Supp. 3d 874 (N.D. Ind. 2020)..................................................................19

*Sousa v. Walmart, Inc.*,
  2023 WL 1785960 (E.D. Cal. Feb. 6, 2023) .......................................................10

*Spindler v. Gen. Motors, LLC*,
  2022 WL 2905232 (N.D. Cal. July 21, 2022) ......................................................17

*Stewart v. Electrolux Home Prod., Inc.*,
  304 F. Supp. 3d 894 (E.D. Cal. 2018)..................................................................19

*Taylor v. BMW of N. Am., LLC*,
  2021 WL 1186777 (D.N.J. Mar. 29, 2021) ........................................................14

*Viking Yacht Co. v. Composite One LLC*,
  385 F. App'x 195 (3d Cir. 2010) .........................................................................15

*Wesley v. Samsung Elecs. Am., Inc.*,
  2021 WL 5771738 (D.N.J. Dec. 3, 2021) ............................................... 10, 17, 20

*Wesley v. Samsung Elecs. Am., Inc.*,
  2022 WL 16509541 (D.N.J. Oct. 28, 2022) ................................................. 3, 4, 5

*Witt v. Howmedica Osteonics Corp.*,
  2013 WL 6858395 (S.D. Fla. Dec. 30, 2013) .........................................................3

*Zeller v. Optavia, LLC*,
  2022 WL 17858032 (S.D. Cal. Dec. 22, 2022) ....................................................10

**Statutes**

15 U.S.C. § 2310 ........................................................................................................20

**Rules**

Fed. R. Civ. Proc. 8 ....................................................................................................4

Fed. R. Civ. Proc. 9(b) ...............................................................................................7

# I.      **PRELIMINARY STATEMENT**

The Opposition confirms Plaintiffs are speculating about a supposed "defect" in their refrigerators, and that the FAC should be dismissed.[1] **First**, Plaintiffs concede that the ADTPA claim (Count VI), California failure-to-recall claim (Count XII), New York implied warranty claim (Count V), and all requests for injunctive relief should be dismissed. (Opp. at 45). **Second**, Plaintiffs admit they have not alleged an actionable "defect" in their refrigerators, rendering the entire FAC deficient. **Third**, Plaintiffs admit their claims have no connection to New Jersey. **Fourth**, they confirm they cannot plausibly allege that SEA or SEC had *pre-sale* knowledge of the unidentified "defect," such that Defendants could have disclosed anything. **Finally**, Plaintiffs' warranty claims fail because, among other reasons detailed below, (i) they lack privity, (ii) they allege no breach during the warranty period, and (iii) the unidentified "design defect" is not covered by the express warranty. For these reasons, Defendants respectfully request that the FAC be dismissed with prejudice.

# II.      **THE FAC SHOULD BE DISMISSED IN ITS ENTIRETY**

## A.  **Plaintiffs Have Not Alleged Any Actionable "Defect."**

All Plaintiffs' claims fail because they allege disparate *effects* in their refrigerators rather than an actionable "defect." (Mot. at 9-12). Plaintiffs agree they

---

[1] Defined terms have the same meaning as those defined in the Motion to Dismiss. Unless otherwise indicated, all emphases are added, and all citations are omitted.

have not alleged the "reason" their refrigerators had various issues but insist that identifying effects is enough. (Opp. at 6). Plaintiffs, however, cite no authority supporting their position, and courts have rejected this exact argument. *See, e.g.*, *McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013) ("[M]erely identif[ying] the *effects* of the alleged defect" is insufficient) (emphasis in original).

Plaintiffs insist that "courts routinely deny motions to dismiss based upon allegations similar to" theirs, but they cite cases that did not even consider what a plaintiff must allege to plausibly show an actionable defect. (Opp. at 7). Plaintiffs cite *In re AZEK Building Prods., Inc. Mkt. & Sales Prac. Litig.*, but that case did not involve a challenge to whether plaintiffs alleged a defect. 82 F. Supp. 3d 608, 614-25 (D.N.J. 2015).[2] It also involved a specific allegation that a specific decking material, polyvinyl chloride, degraded because of interaction with prolonged sunlight and heat, as known by the "scientific and industrial community." *Id.* at 612-13. In other words, unlike here, plaintiffs in *In re Azek* identified both the defective product element and alleged why it was defective.

Similarly, Plaintiffs point to *Afzal v. BMW of N. Am., LLC*, 2017 WL 3207232 (D.N.J. July 27, 2017) (Opp. at 8), but the opinion also does not address

---

[2] *See Browning v. Am. Honda Motor Co.*, 549 F. Supp. 3d 996, 1008 (N.D. Cal. 2021) ("Though Plaintiffs pointed the Court to this case as helpful guidance . . . , it does not appear that the defendants [there] challenged whether the plaintiffs had sufficiently pled the relevant defect.").

what must be alleged to show a defect. Instead, the case involved detailed allegations about a specific vehicle component (the rotating assembly), how that component was designed (using connected rod and main bearings), and why the component allegedly failed (insufficient oil barriers). *Id.* at *2. This is a far cry from the bare-bones conclusions in the FAC.[3]

Plaintiffs' attempts to distinguish Defendants' authorities fare no better. They argue that *Wesley v. Samsung Elecs. Am., Inc.*, 2022 WL 16509541 (D.N.J. Oct. 28, 2022), "depart[s] from the majority rule." (Opp. at 8). But that is wrong, as Judge Vasquez's decision tracks rulings from this District and across the country. (Mot. at 9-12).[4] If anything, Plaintiffs' allegations here are more conclusory, as they do not even identify a particular component causing their alleged issues, nor do they explain how any component is defective. *Wesley*, 2022 WL 16509541, at *3 (plaintiffs do not allege "*what* is defective").[5]

---

[3] *O'Connor v. Ford Motor Co.*, 567 F. Supp. 3d 915, 936 (N.D. Ill. 2021) and *Kuzian v. Electrolux Home Prods., Inc.*, 937 F. Supp. 2d 599, 605 (D.N.J. 2013) are also silent on the relevant issue. (Opp. at 6-7).

[4] *See also McQueen*, 2013 WL 4607353, at *7 ("There is no identification as to what precisely the defect is[.]"); *Pelayo v. Hyundai Motor Am., Inc.*, 2021 WL 1808628, at *4-5 (C.D. Cal. May 5, 2021) (similar); *Witt v. Howmedica Osteonics Corp.*, 2013 WL 6858395, at *2 (S.D. Fla. Dec. 30, 2013) (similar).

[5] Plaintiffs now contend it is "most likely" that the evaporator was defective. (Opp. at 9). But this equivocal attempt to rewrite their pleading should be rejected. The FAC's only allegation about an "evaporator" (FAC ¶ 148) is: (i) conclusory; (ii) unsupported by any facts or explanation of how the evaporator caused any issues; and (iii) contradicted by Plaintiffs' individualized allegations, which never mention evaporators and instead allege that other components malfunctioned. (*Id.* ¶¶ 5-87).

Plaintiffs also argue that Defendants' authorities did not involve allegations of "widespread" problems. (Opp. at 9-10). But that is wrong too, as virtually every case cited involved an allegedly far-reaching, model-wide problem. (Mot. at 9-11).[6] *Pelayo*, for example, involved 9 vehicle models spanning 11 years and cited NHTSA "complaints," "12 separate service campaigns," and "recalls." 2021 WL 1808628, at *2-6. Yet the court still dismissed "under Rule 8" because plaintiffs "describe[d] only the effects of the alleged defect, which is insufficient." *Id*. at *5.

Failing to differentiate Defendants' case law, Plaintiffs argue that their case is different because they are not alleging "disparate symptoms" in their refrigerators. (Opp. at 11-12). But even the most liberal reading of the FAC undermines this position. The FAC describes a litany of different issues across different refrigerator models, like "loud noises," the icemaker not functioning or taking too long, food "spoiling and/or freezing," ice buildup, water leakage, and various components needing repair. (FAC ¶¶ 10, 19, 21, 31, 35, 42, 63, 75, 76, 84). Plaintiffs also do not explain how their refrigerator components are similar. (*Id.* ¶¶ 6, 15, 23, 38, 46, 57, 71, 80, 96). Plaintiffs do not even describe the "defect" consistently in the FAC or their Opposition. (*See, e.g.*, Opp. at 1 ("This case is about refrigerators that fail to . . . maintain[] a stable, cold temperature below 40

---

[6] *See, e.g.*, *Wesley*, 2022 WL 16509541, at *1 (involving all ovens in "at least 87" different models); *McQueen*, 2013 WL 4607353, at *1 (involving "entire 7-series line of vehicles with model numbers 2002-2008").

degrees."), *id.* at 11 (arguing that the refrigerators "do not store food at the *right* temperature" citing "freezing" *and* "spoiling") (emphasis in original)).

Recognizing the weakness of their arguments, Plaintiffs contend that a few "Samsung technicians" supposedly said their issues were "common" and "ubiquit[ous]." (Opp. at 12, 38). But this self-serving assertion cannot save their claims, because the symptoms the technicians supposedly encountered had no uniformity.[7] And the FAC nowhere alleges *what* the purportedly ubiquitous "defect" is. *See Wesley*, 2022 WL 16509541, at *3-5 (finding alleged repairs to varied components supported dismissal).[8] In short, Plaintiffs' inability to provide even the most basic facts—while pointing to disparate effects, in different models, that manifested at various days, months, and years after purchase—confirms the FAC should be dismissed for failing to plausibly allege an actionable "defect."[9]

## B.  Plaintiffs Cannot Assert New Jersey Law Claims.

Plaintiffs lack standing to sue under New Jersey law because their claims

---

[7] *See* FAC ¶¶ 10-11 (alleging food spoiling, loud noises and ice taking too long—within days); ¶¶ 27-28 (alleging leaking—after almost three years); ¶ 76 (alleging a cooling panel and compressor not working—after more than four years).

[8] Because Plaintiffs have their refrigerators and supposedly had them inspected, they should have no trouble alleging what the "defect" supposedly is, if there is one. *Cf. Block v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3032682, at *3 (D.N.J. May 26, 2016) ("Plaintiffs here would be the parties in the best position to know the specifics[.]").

[9] *See Loh v. Future Motion, Inc.*, 2022 WL 2668380, at *7 (N.D. Cal. July 11, 2022) ("It is entirely unclear from the SAC what features of the Onewheel caused the alleged defects, and thus it is unclear how Defendant's falsely advertised the device and how Defendant's breached any warranties with Plaintiffs.").

have no connection to New Jersey. (Mot. at 12-13). Plaintiffs also cannot assert New Jersey claims under basic choice-of-law principles. (*Id.* at 13-16).

"A court presented squarely with an issue of standing [as] to a named plaintiff must address that issue." *See Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 332 n.18 (D.N.J. 2014).[10] Here, Plaintiffs admit that none of them reside or were injured in New Jersey. (*See* Opp. at 42-43). That concession alone puts the issue to rest and confirms the New Jersey claims must be dismissed. *See Cohen v. Subaru of Am., Inc.*, 2022 WL 721307, at *6 (D.N.J. Mar. 10, 2022) ("[N]amed Plaintiffs 'lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where Plaintiffs have suffered no alleged injury.'"); *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 222-23 (D.N.J. 2020) (dismissing named plaintiffs' claims in states where none alleged injury based on the same Third Circuit authority cited in opposition).

Plaintiffs also ignore all the authorities finding that identical consumer fraud and warranty claims must proceed, if at all, under their home states' laws. (Mot. at 13-16).[11] And although they insist it is premature to conduct a choice-of-law

---

[10] *Accord In re Sensipar Antitrust Litig.*, 2022 WL 736250, at *17 (D. Del. Mar. 11, 2022) (finding no "practical benefit" to waiting).

[11] The Motion provided authorities covering each Plaintiff's home state. (Mot. at 14-15). *See also Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 381 (D.N.J. 2014) ("[T]he court follows *a long line of case law* on consumer fraud statutes and warranty claims that hold the law of the consumers' home state should govern."); *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 255 (3d Cir. 2010) ("The

analysis (Opp. at 43-45), they do not explain why or support their position in any way. *See Shapiro v. Logitech, Inc.*, 2019 WL 397989, at *7 (D.N.J. Jan. 31, 2019) ("Plaintiff has not shown how factual development of the record would impact the choice of law analysis[.]").

### C.  Plaintiffs Cannot Evade Dismissal Of Their Consumer Fraud Claims.

Beyond failing to allege an actionable defect, Defendants showed that the consumer fraud claims should be dismissed for at least *four* more reasons. (Mot. at 2-3, 16-28). The Opposition rebuts none of these arguments.

#### 1.  Plaintiffs fail to show that their allegations satisfy Rule 9(b).

Plaintiffs concede that Rule 9(b) applies and that the FAC fails to state any misrepresentation claim. (*Compare* Mot. at 16-19, *with* Opp. at 33-34). Instead, Plaintiffs argue that they stated *omission* claims because they bought their refrigerators after Defendants supposedly gained knowledge of the "defect." (Opp. at 33-34). Yet, to bring an omission claim, Plaintiffs still must allege the statements they considered—which the FAC fails to do. *See, e.g.*, *In re Arris Cable Modem Consumer Litig.*, 2018 WL 288085, at *8 (N.D. Cal. Jan. 4, 2018) ("'Rule 9(b) requires the plaintiff to allege 'the particular circumstances surrounding [the] representations' at issue. . . . This rule applies regardless of whether the statements at issue . . . are affirmative misrepresentations or . . . contain material omissions.");

transaction in question bears no relationship to New Jersey other than the location of Samsung's headquarters.").

*DiMartino v. BMW of N. Am., LLC*, 2016 WL 4260788, at *6-7 (D.N.J. Aug. 11, 2016) (rejecting broad and conclusory omission allegations); *Block*, 2016 WL 3032682, at *3 (similar).[12] These claims fail on this ground alone.

### 2. Plaintiffs also fail to show that Defendants knew about an actionable "defect."

Plaintiffs concede that, to plead omission claims, they must allege facts plausibly showing Defendants' *pre-sale* knowledge of the "defect." (*Compare* Mot. at 19-21, *with* Opp. at 34-37). They argue that their vague allegations about one service bulletin, nonspecific complaints, and purported statements of unidentified repairmen are enough. (Opp. at 34-37). These arguments lack merit.

**First**, Plaintiffs contend there is a "clear connection" between an October 2017 service bulletin and Plaintiffs' alleged symptoms. (Opp. at 35-36). But this argument strains credulity. *No Plaintiffs* allege that their refrigerators had "fan noise that stops when the door is open," an "FF section not cooling due to stuck fan," or "water pooling under the crisper drawers." (FAC ¶ 108). The FAC contains *no allegations* showing that refrigerator models made years after the service bulletin—like those most Plaintiffs bought—had any of the same issues. (*Id.*). And Plaintiffs ignore Defendants' cases (Mot. at 24), failing to cite even a

---

[12] *See also In re NJOY, Inc. Consumer Class Action Litig.*, 2014 WL 12586074, at *14-15 (C.D. Cal. Oct. 20, 2014) (dismissing FDUTPA and GBL claims for similar reasons).

*single* case finding that similarly vague allegations stated a claim.[13]

**Second**, Plaintiffs' generic reference to "600 complaints" between January 2019 and December 2021 fails to show pre-sale knowledge, because Plaintiffs do not allege: (i) that these complaints involved the same models they bought or the same issues; (ii) how many complaints, if any, *pre-dated* Plaintiffs' purchases;[14] or (iii) how complaints representing about 0.3% of alleged sales indicates a defect.[15] Plaintiffs also ignore that their own source—Consumer Reports—tested 27 Samsung models, found no defect, and stated that complaints about Samsung refrigerators "not cooling" were statistically unremarkable. (*See* FAC ¶ 106 n.1).[16]

**Third**, the FAC's vague references to purported observations of "Samsung technicians" fail to allege *what* the purported "defect" is or what any unnamed technician stated. And the symptoms the technicians allegedly encountered varied,[17] with no allegations connecting the symptoms to a "common" defect, and

---

[13] *See, e.g.*, *Diaz v. FCA US LLC*, 2022 WL 4016744, at *28-29 (D. Del. Sep. 2, 2022) (explaining that courts "rarely" find service bulletins persuasive without clear facts plausibly connecting them to the plaintiffs' products and symptoms).

[14] *See Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, 2021 WL 5448716, at *5 (D.N.J. Nov. 19, 2021) (finding that complaints after plaintiffs' purchases or even at "approximately the same time" cannot show pre-sale knowledge).

[15] Six hundred purported complaints, divided by 200,000 alleged sales (i.e., "many hundreds of thousands" of sales) equals just 0.003. (FAC ¶¶ 119, 265(c), 282(d)).

[16] *See Diaz*, 2022 WL 4016744, at *30 ("Where courts have viewed consumer complaints as sufficient to establish pre-sale knowledge, [they] identif[ied] or describe[d] the defect alleged, not merely . . . some symptoms.").

[17] *See, e.g.*, FAC ¶¶ 10-11 (alleging food spoiling, loud noises and ice taking a long

nothing showing that the technicians communicated anything to Defendants. *See Wesley v. Samsung Elecs. Am., Inc.*, 2021 WL 5771738, at *3 (D.N.J. Dec. 3, 2021) (rejecting conclusory remarks of "Samsung authorized repair technicians").

In sum, the FAC alleges nothing plausibly showing that Defendants knew of a "ubiquitous" "defect," let alone that they knew of this (unidentified) "defect" before Plaintiffs made their purchases.

### 3. The California Plaintiffs' equitable claims should be dismissed because they fail to allege that legal remedies are inadequate.

Plaintiffs concede that the FAC alleges legal remedies are available (and even propose amending to assert more damage claims), but they argue they may plead their equitable California consumer fraud claims alternatively. (Opp. at 38-39). Ninth Circuit precedent and recent authorities foreclose this argument: when legal remedies are available, plaintiffs cannot "also maintain equitable claims under the UCL[,] [FAL] and CLRA in federal court." *See Guzman v. Polaris Indus.*, 49 F.4th 1308, 1312 (9th Cir. 2022).[18]

Plaintiffs also ignore that they agreed to dismiss their injunctive relief requests (Opp. at 45), meaning the only relief sought on the California claims is

time to produce); ¶¶ 27-28 (alleging liquid leaking); ¶ 76 (alleging a blown cooling panel and a compressor not working).

[18] *Accord Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *3 (9th Cir. June 3, 2022) (affirming dismissal of equitable California claims at the pleading stage); *Sousa v. Walmart, Inc.*, 2023 WL 1785960, at *6 (E.D. Cal. Feb. 6, 2023) (rejecting UCL claim pleaded alternatively); *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) (similar).

restitution. (FAC ¶¶ 292, 301). And Plaintiffs do not explain how restitution is any different from the damages they seek, underscoring that their claims are not asserted in the alternative. *See, e.g.*, *Roffman v. REBBL, Inc.*, 2023 WL 1420724, at *5 (N.D. Cal. Jan. 31, 2023) ("Roffman does not suggest that she seeks a different amount in damages than she does in restitution.").

### 4.   Plaintiffs' GBL and FDUTPA claims do not allege causation.

SEA and SEC established that Plaintiffs failed to allege causation for their GBL and FDUTPA claims. (Mot. at 27-28). Plaintiffs argue that the FAC pleads "actionable omissions, ***not*** affirmative representations[.]" (Opp. at 40). But Plaintiffs ignore their own allegations, which repeatedly assert affirmative representations. (FAC ¶¶ 347-354, 364-367, 380-383). Plaintiffs also ignore that their omission claims still require allegations that they were exposed to *some specific marketing statement*, what that was, and how additional disclosures would have changed their decision-making—allegations found nowhere in the FAC.[19]

### D.   The Opposition Confirms That The Warranty Claims Fail.

Beyond failing to allege an actionable defect, the state-law warranty claims fail for *eight* more reasons, none of which Plaintiffs rebut. (Mot. at 28-42).

---

[19] *See In re NJOY*, 2014 WL 12586074, at *13-15 (finding FDUTPA and GBL omission claims deficient because plaintiffs failed to allege they were exposed to any specific marketing); *Rand v. Travelers Indem. Co.*, 2022 WL 15523722, at *10 (S.D.N.Y. Oct. 26, 2022) ("[P]laintiff does not plausibly allege she was ever exposed to any . . . omission[.]").

### 1. Plaintiffs cannot evade their repeated assertion of a "design defect."

The express warranty claims fail because the warranties cover only *manufacturing* defects, while Plaintiffs allege an (unidentified) *design* flaw. (Mot. at 28-29). Plaintiffs do not dispute that their warranties cover only manufacturing defects. Instead, they argue that, if they "allege facts sufficient to show either a design or manufacturing defect, 'the defendant's characterization . . . should not control whether the complaint survives.'" (Opp. at 13). But Defendants do not rely on *their* characterization. They rely on *Plaintiffs'* unequivocal and repeated allegations about a "design defect" that is "***not*** the product of any manufacturing flaw." (FAC ¶¶ 172, 237, 323). Unsurprisingly, Plaintiffs offer no authority showing they can pursue warranty claims for manufacturing defects when their pleading expressly alleges there is *no* manufacturing issue.[20]

### 2. Plaintiffs do not allege a breach during the warranty period.

Plaintiffs' express and implied warranty claims fail because they do not allege breach within the applicable, one-year warranty period. (Mot. at 30-35). Plaintiffs do not dispute that they failed to allege (i) issues with their refrigerators during the warranty period, (ii) that they contacted Defendants for a repair during the warranty period, or (iii) that Defendants failed to perform a repair requested during the warranty period. (Opp. at 19-20). Instead, Plaintiffs argue the warranty

---

[20] *See Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 227 (S.D.N.Y. 2015) (dismissing warranty claims because complaint alleged only design defects).

period is "unconscionable" and the warranty "fail[s] of its essential purpose." (*Id.*).

Both arguments are contrary to prevailing law.

### i.   The FAC fails to allege facts showing unconscionability.

To show unconscionability, Plaintiffs must "allege *facts* to state a *plausible* claim that the contract was *both* procedurally and substantively unconscionable." *Ponzio*, 447 F. Supp. 3d at 255. Courts in this District agree that a warranty is *not* procedurally unconscionable just because a consumer does not negotiate the details, particularly when, as here, the consumer can choose different products or buy an extended warranty.[21] *See Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *9-10 (D.N.J. Dec. 5, 2019) (rejecting unconscionability challenge to warranty for these reasons). Thus, Plaintiffs' "no meaningful choice" and unequal "bargaining power" allegations (FAC ¶¶ 101, 179) are insufficient to establish procedural unconscionability. *See Alban v. BMW of N. Am., LLC*, 2011 WL 900114, at *9 (D.N.J. Mar. 15, 2011) (rejecting similar "bare-bones allegations" of "no meaningful choice" and unequal "bargaining power").

The substantive unconscionability challenge fares no better. Plaintiffs allege the warranty is substantively unconscionable because Defendants supposedly knew the refrigerators had a latent "defect." (FAC ¶¶ 153, 219). But Plaintiffs offer no

---

[21] *See, e.g.*, *FAQs Regarding Samsung Protection Plus for Home Appliances & Consumer Electronics*, at https://www.samsung.com/us/support/extended-service-faqs/ (last viewed February 21, 2023).

*facts* showing this knowledge, let alone any "defect." (Mot. at 9-12, 19-24; Sections II.A, II.C.2, *supra*). Even if they had, knowledge of a latent defect does not establish unconscionability. The "trend in this District[,] . . . consistent with the prevailing approach elsewhere[,]" is to reject unconscionability challenges "based on knowledge of a latent defect." *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, 2015 WL 4591236, at *20 (D.N.J. July 29, 2015); *Taylor v. BMW of N. Am., LLC*, 2021 WL 1186777, at *10-13 (D.N.J. Mar. 29, 2021) (similar).

Glossing over this authority, Plaintiffs rely on outlier cases at odds with prevailing law. (*See* Opp. at 20).[22] Their argument rests on the bald conclusion that Defendants "knew or should have known" of the unidentified "defect" at the time of sale. (FAC ¶¶ 175, 240). Yet this is exactly the type of conclusory allegation courts have rejected. *See, e.g.*, *Ponzio*, 447 F. Supp. 3d at 256 ("[A]lleging that a defendant knew of a defect, and knew that defect would arise after the time limitations of a warranty, but concealed that information, <u>without more</u>, fails to establish unconscionability.") (emphasis in original).[23]

---

[22] For example, Plaintiffs rely on *In re Samsung DLP Television Class Action Litig.*, 2009 WL 3584352, at *5 (D.N.J. Oct. 27, 2009) and *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *11 (D.N.J. May 8, 2017). But these opinions ignore the prevailing line of cases in this District rejecting unconscionability challenges based on knowledge of a purported defect.

[23] *Accord Moulton v. LG Elecs. USA, Inc.*, 2012 WL 5555496, at *3 (D.N.J. Nov. 14, 2012) ("Since [*Iqbal*], this Court has held claims of unconscionability to a higher level of scrutiny."); *Priano-Keyser v. Apple, Inc.*, 2019 WL 7288941, at *9 (D.N.J. Dec. 30, 2019) (rejecting unconscionability challenge for similar reasons).

### ii.   *The warranty does not fail of its essential purpose.*

Plaintiffs' contention that the "one-year limitation . . . causes the warranty to fail its essential purpose" is incorrect for three reasons. (Opp. at 25). **First**, "Plaintiffs may not invoke the [essential purpose] doctrine to void the durational limits of" the warranty. *See In re Caterpillar*, 2015 WL 4591236, at *24.[24] **Second**, even if Plaintiffs had alleged an actionable "defect" (they have not), a latent defect does not cause a repair remedy to fail its essential purpose. *See, e.g.*, *Argabright v. Rheem Mfg. Co.*, 258 F. Supp. 3d 470, 476, 479-80 (D.N.J. 2017) (rejecting argument that warranty failed its essential purpose because of latent defect).[25] **Third**, Plaintiffs have not alleged "'numerous attempts' at repairing" the "defect" during the warranty period, or at any time. *See, e.g.*, *In re Subaru Battery Drain Prod. Liab. Litig.*, 2021 WL 1207791, at *14 (D.N.J. Mar. 31, 2021).

### 3.   **Angemi's notice argument ignores Texas law.**

Angemi's warranty claims fail because he concedes that he never contacted SEA or SEC about his refrigerator or sought warranty coverage. (Opp. at 26-27). Relying on distinguishable case law, he argues that Defendants' purported general knowledge of the "defect" somehow saves his claims. (Opp. at 26). This position is

---

[24] *Accord Haft v. Haier US Appliance Sols., Inc.*, 578 F. Supp. 3d 436, 457 (S.D.N.Y. 2022) (collecting cases for the same proposition).

[25] Plaintiffs cite *Viking Yacht Co. v. Composite One LLC*, 385 F. App'x 195, 207 (3d Cir. 2010). But unlike in that case, the remedies provided for by Plaintiffs' warranties are not limited to a refund, nor a refund dwarfed by the cost of repair.

unavailing. Angemi cites *Dzielak v. Whirlpool Corp.*, where the complaint attached pre-suit demand letters on behalf of "all other persons similarly situated." 26 F. Supp. 3d at 323 n.10. But even if that satisfied Texas law (it does not),[26] no Plaintiffs sent pre-suit demand letters on behalf of "others," and the FAC attaches none. Thus, the Opposition confirms why Angemi's warranty claims fail.[27]

### 4. Plaintiffs' reliance arguments misstate their own allegations.

Plaintiffs do not dispute that, to plead an express warranty claim under Arkansas, California, Florida, New York, or Texas law, they must allege reliance *on the warranty* when buying their refrigerators. (Mot. at 36-37 n.39). Instead, they argue that "they relied on Samsung's express warranties when making their purchases[.]" (Opp. at 14). But that is not what the FAC says. The FAC merely recites the generic statement that "Plaintiffs and the Proposed Class Members reasonably . . . relied upon Samsung's *representations* in deciding to purchase the Refrigerator" (FAC ¶¶ 146, 212), without specifying *any* statement, where it appeared, its terms, or "any other details demonstrating that Plaintiffs were aware

---

[26] *See Mora v. Angiodynamics, Inc. Defendants*, 2022 WL 16640021, at *4 (S.D. Tex. Sep. 20, 2022) ("Any notice that Defendants may have received from third parties does not satisfy her pre-suit notice obligation under Texas law."); *Massey v. Novartis Pharm. Corp.*, 46 F. Supp. 3d 688, 692 (W.D. Tex. 2014) (similar).

[27] Angemi's reliance on *Barlow v. Pfizer Inc.*, 2013 WL 12171892 (W.D. Tex. Feb. 22, 2013) is misplaced. There, the court found that providing notice would have been "futile" and "redundant" given the unchangeable properties of a pharmaceutical, unlike in a typical warranty case. *Id.* at *7. Here, Defendants easily could have tried to repair Angemi's refrigerator if he had contacted them.

of the warranty [before] purchase." *Wesley*, 2021 WL 5771738, at *6.

### 5.   The California Plaintiffs have not alleged multiple repair attempts.

The Motion established that, to state an express warranty claim under the Song-Beverly Act ("SBA"), the California Plaintiffs must have afforded Defendants a "reasonable number" of repair attempts within the warranty period. (Mot. at 37-38). Yet as shown, Jordan and Alejandro allege only *one* repair opportunity—which is insufficient as a matter of law. (*Id.*). Trying to sidestep this deficiency, Plaintiffs suggest that a single repair attempt suffices[28] because "Samsung did not attempt" further repairs "after an initially unsuccessful effort." (Opp. at 16-17). But Plaintiffs do not even allege facts showing Defendants knew that the first repair (supposedly) failed or refused to provide more service.[29]

### 6.   Five Plaintiffs confirm that they fail to allege unmerchantability.

Saghy, Crawford, Butler, Jordan, and Alejandro failed to allege breach of the implied warranty of merchantability because their refrigerators performed for years with no issue, and the symptoms they allegedly experienced during the warranty period did not prevent ordinary use. (Mot. at 39-41).

---

[28] Plaintiffs cite *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 799 (2006), but that case recognized that "there must be more than one opportunity to fix the nonconformity."

[29] Plaintiffs cite *Spindler v. Gen. Motors, LLC*, 2022 WL 2905232 (N.D. Cal. July 21, 2022), but there, the plaintiff alleged a second repair attempt, and the manufacturer failed to follow the warranty's terms. *Id.* at *2, *4-5. No similar facts are alleged here with any clarity.

The Opposition insists that refrigerators that fail "to maintain temperatures cold enough to store food" are not fit for ordinary use. (Opp. at 17). But this argument ignores these Plaintiffs' allegations, which do not show their refrigerators failed to store food at cold temperatures during the warranty period. (*See* Mot. at 39-41). Implicitly conceding the issue, Plaintiffs argue their claims survive because they alleged a latent defect. (Opp. at 18). But they cite nothing to support this argument,[30] which contradicts caselaw in this District.[31]

### 7. The Florida, New York, and California Plaintiffs admittedly cannot allege privity.

Privity is required to state an implied warranty claim under Florida, New York, and California law but does not exist when plaintiffs buy from a third-party retailer. (Mot. at 41-42). Plaintiffs concede they lack privity with Defendants but argue their Florida and California claims may proceed anyway. (Opp. at 27-28).[32] They are incorrect.

**First**, Plaintiffs' argument that Florida has a third-party beneficiary

---

[30] Plaintiffs cite *Harper v. LG Elecs. USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009), but the opinion did not even consider the sufficiency of unmerchantability allegations. Plaintiffs also cite *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 302 F.R.D. 448, 469 (N.D. Ohio 2014). But that decision nowhere discussed the sufficiency of unmerchantability allegations either.

[31] *See, e.g.*, *Amato*, 2019 WL 6607148, at *7 (rejecting "[p]laintiffs' reason that because the class vehicle contained a latent defect, they should be able to assert breach of warranty claims."); *McCalley v. Samsung Elecs. Am., Inc.*, 2008 WL 878402, at *6-7 (D.N.J. Mar. 31, 2008) (similar).

[32] Again, Plaintiffs concede in opposition that the New York implied warranty claim must be "dismissed with prejudice[.]" (Opp. at 45).

exception under *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022 (11th Cir. 2017), has been rejected repeatedly.[33] **Second**, Plaintiffs' argument that privity is not required for an implied warranty claim under the California SBA is irrelevant, because the Motion did not seek dismissal of the SBA claim on privity grounds—only the common law implied warranty claim. (*See* Mot. at 42 (seeking dismissal of the "implied warranty claims *in Count V*")). **Third**, the Ninth Circuit has considered and rejected a third-party beneficiary exception under California common law.[34] **Fourth**, the FAC does not allege Plaintiffs are intended beneficiaries of any contract between Defendants and any third party.[35]

### 8. The Texas and Pennsylvania Plaintiffs' attempts to excuse their untimely claims lack merit.

Angemi and Saghy admit their implied warranty claims are untimely but argue for tolling under "fraudulent concealment" and "discovery rule" theories. (Opp. at 29-30). The argument should be rejected because Plaintiffs failed to allege *any* "defect," let alone that Defendants knew about and fraudulently concealed it as

---

[33] *See, e.g.*, *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1110 (S.D. Fla. 2019) (distinguishing and rejecting the same authority Plaintiffs rely on under materially identical circumstances); *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1118-19 (S.D. Fla. 2019) (similar).

[34] *See Stewart v. Electrolux Home Prod., Inc.*, 304 F. Supp. 3d 894, 915 (E.D. Cal. 2018) (finding Ninth Circuit foreclosed a third-party beneficiary exception); *Miller v. Ford Motor Co.*, 2022 WL 3229503, at *10 (E.D. Cal. Aug. 9, 2022) (same).

[35] *See Shearer v. Thor Motor Coach*, 470 F. Supp. 3d 874, 886 (N.D. Ind. 2020) (interpreting Florida law: "[Plaintiffs] are not seeking . . . to enforce any contract between Thor and its dealer, which would be a theoretical contract they would theoretically be a . . . third-party beneficiary of.").

early as July 2016. (Sections II.A, II.C.2, *supra*; FAC ¶¶ 71, 80). Under Pennsylvania law, it also "is well-settled that breach of warranty claims are not subject to the discovery rule." *See Drumheller v. Johnson & Johnson*, 2021 WL 1853407, at *13 (E.D. Pa. May 10, 2021) (rejecting tolling based on alleged fraudulent concealment). Finally, as Plaintiffs' own authority states, Texas law "restrict[s] the discovery rule to exceptional cases" in the implied warranty context. *Baleares Link Exp., S.L. v. GE Engine Servs.-Dallas, LP*, 335 S.W.3d 833, 837-38 (Tex. App. 2011) (refusing to apply discovery rule to warranty claim). And Angemi admittedly discovered his alleged issue *within* the limitations period (in 2018) but chose not to act until November 2022. (FAC ¶¶ 84, 86).

## E. The MMWA Claim Fails Because There Are Not 100 Plaintiffs.

Plaintiffs concede they cannot satisfy the MMWA's 100-named-plaintiff requirement for a class action. 15 U.S.C. § 2310(d)(3)(C). Instead, they argue that the Class Action Fairness Act provides an alternate basis for MMWA jurisdiction. (Opp. at 31-32). In the last two years, courts in this District have uniformly rejected this argument,[36] and this Court should too.

## III.   CONCLUSION

SEA and SEC ask the Court to dismiss Plaintiffs' FAC with prejudice.

---

[36] *See, e.g.*, *Kavon v. BMW of N. Am., LLC*, 2022 WL 1830797, at *4 (D.N.J. June 3, 2022) ("[E]very court in this District" to address this issue after the Ninth Circuit decided *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020) has "followed its reasoning."); *Wesley*, 2021 WL 5771738, at *9 (similar reasoning).

Respectfully submitted,

Dated: February 22, 2023

By: */s/ Liza M. Walsh*

Liza M. Walsh
Selina M. Ellis
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100
lwalsh@walsh.law
sellis@walsh.law
jformichella@walsh.law

Richard A. Edlin
James L. Ryerson
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
edlinr@gtlaw.com
ryersonj@gtlaw.com

Robert J. Herrington
(pro hac vice application forthcoming)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
herringtonr@gtlaw.com

*Attorneys for Defendants Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd.*