**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
t  212.355.9500
f  212.355.9592

November 8, 2023

Jason L. Lichtman
Partner
jlichtman@lchb.com

**VIA ECF**

Honorable André M. Espinosa, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

    RE: *Jordan v. Samsung Elecs. Am., Inc.*, Case No. 2:22-cv-02828

Dear Judge Espinosa:

  Plaintiffs respectfully ask the Court to deny Samsung's proposal to bifurcate discovery. Given the potential to "drastically delay resolution of the case," Samsung must "identify[] special circumstances that would justify bifurcating discovery." *Wood v. Borough of Woodlynne*, 2023 WL 3864849, at *4-5 (D.N.J. June 7, 2023). Samsung has not done so.

**I.** **Bifurcating Choice-of-Law Would Not Advance the Litigation.**

  **Samsung misconstrues Judge Arleo's motion to dismiss order and provides no other supporting authority for choice-of-law bifurcation.** In largely denying Samsung's motion to dismiss, Judge Arleo did not endorse, or even encourage, Samsung's request for bifurcated choice-of-law discovery. Instead, Judge Arleo deemed Samsung's choice-of-law arguments both "premature" and "not sufficiently ... briefed." Doc. 27 at 5; *see also id.* at 5 n.5 (noting the lack of "fulsome briefing on the purported conflicts of law").

  Had Judge Arleo meant to suggest bifurcated discovery, she would have done so expressly, particularly given that such an approach appears to be unprecedented. Samsung does not cite a *single* case ordering what it asks for here. Instead, all it can muster are cases addressing choice-of-law issues at the Rule 12 stage—exactly what Judge Arleo found unwarranted in *this* case. *See Feldman v. Mercedes-Benz U.S., LLC*, 2012 WL 6596830, at *5-7 (D.N.J. Dec. 18,

Honorable Andre M. Espinosa, U.S.M.J.
November 8, 2023
Page 2

2012); *Manetta v. Navient Corp.*, 2021 WL 2886115, at *3-4 (D.N.J. July 8, 2021); *In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *10 (D.N.J. Oct. 20, 2011).

**Samsung has not established that resolving choice-of-law will meaningfully narrow discovery.** Samsung claims that phasing choice-of-law discovery may avoid "nationwide class discovery." Doc. 27 at 3. But there has been no specific representation, let alone factual showing, that this is true. *Cf., e.g., Krishanthi v. Rajaratnam*, 2023 WL 5605565, at *8 (D.N.J. Aug. 30, 2023) ("[T]he party resisting discovery has the burden of clarifying and explaining its objections to provide support thereof.") (citation omitted).

It is not plausible that Samsung designs, warrants, or markets its refrigerators differently from one state to another—certainly not to such a degree that it would materially reduce the core discovery in this case. Samsung cites and attaches Plaintiffs' initial discovery requests, but never explains what, if anything, about those requests imposes a burden that depends meaningfully on the states at issue. In reality, those requests go to the core issues—design, defect, cost to repair, and consumer complaints—that will be necessary and proportionate no matter the scope of the class. *E.g.*, Doc. 46-2 at RFP 5 ("All Documents discussing testing performed on the Evaporators or their component parts).

**Samsung has not established that resolving choice-of-law will even narrow the claims at issue.** Even if the scope of claims mattered to discovery, Samsung does not establish that immediate resolution of choice-of-law would likely "clarify[] which claims can move forward." Doc. 46 at 3. Judge Arleo has already found sufficient Plaintiffs' claims under the New Jersey Consumer Fraud Act and noted that "[t]he other potentially applicable consumer statutes have similar prima facie requirements." Doc. 27 at 9 n.18. Samsung's citation to its own motion to dismiss for the proposition that "actual conflicts exist," Doc. 46 at 3 n.2, squarely contradicts Judge Arleo's order, which found that Samsung identified no real conflicts, and that, in reality, the statutes at issue have broadly similar requirements. Doc. 27 at 5 n.6 & 9 n.19.

It is, moreover, well-established that a class representative may represent the claims of absent class members that arise under another state's laws where those laws are substantially similar. *See Sullivan v. DB Invest., Inc.*, 667 F.3d 273, 301 (3d Cir. 2011) (en banc) ("[W]here a defendant's singular conduct gives rise to one cause of action in one state, while providing for a

different cause of action in another jurisdiction, the courts may group both claims in a single class action.").[1] So deciding choice-of-law does not necessarily dictate the scope of the class. Finally, it is common in class actions for additional class representatives to come forward and be added after the case begins, so there is no guarantee the choice-of-law scope will remain limited to the currently pleaded states. *See, e.g.*, *Venson v. Pro Custom Solar, LLC*, 2021 WL 4963294, at *1 (D.N.J. Oct. 25, 2021). Here, Plaintiffs are already prepared to add New Jersey (and Illinois) plaintiffs once Judge Arleo resolves the pending motion to dismiss, meaning that New Jersey (and Illinois) law will be part of the case regardless. Lichtman Decl. ¶ 3-4.

**Actions speak louder than words**. Samsung says that "the discovery" it would seek in this phase "is finite." But discovery opened on October 10. Plaintiffs, seeking to move the case forward, served initial requests on August 25 (with responses due 30 days after discovery opened). Samsung says that its choice-of-law discovery would be quick and easy, but has not served any discovery in the month it has had to do so. This inaction suggests that even Samsung does not truly believe that choice-of-law discovery will help resolve the case efficiently.

## II. Bifurcating "Causation" Will Result in Ancillary Disputes and Delay.

**Samsung's proposal is a thinly disguised request to bifurcate class and individual discovery.** Samsung proposes to do discovery first on "[w]hether Plaintiffs' refrigerators have defective evaporators." Doc. 46 at 4. Samsung disclaims any wish to segregate "class" from "merits" discovery, but that is precisely what it asks to do by focusing on Plaintiffs and not the class. Just last year in a different case, this Court rejected Samsung's proposal to first "focus solely on the claims brought by the four named plaintiffs." *Wesley v. Samsung Elec. Am., Inc.*, 2022 WL 2870200, at *1 (D.N.J. July 21, 2022). The Court explained that "[a]lthough SEA does not expressly ask to 'bifurcate' merits and class discovery, its application to focus discovery on the claims brought by Plaintiffs in their individual capacities only, and postpone if not altogether

---

[1] *In re Takata Airbag Prods. Liab. Litig.*, 2023 WL 4925368, at *2 (S.D. Fla. June 20, 2023) (certifying 11-state class because laws were "substantially similar"); *In re: McCormick & Co., Inc., Pepper Prods. Mkt. & Sales Prac. Litig.*, 217 F. Supp. 3d 124, 144 (D.D.C. 2016) ("Whether the named plaintiffs can adequately represent unnamed class members with claims under other states' laws depends on how variable the laws are."); *see also, e.g.*, *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 1021, (7th Cir. 1999) (consumer fraud laws often have the "same legal standards" and so are amenable to certification).

avoid class discovery, seeks the same outcome." *Id.* at *2. And the Court rejected Samsung's requests: The "overlap between merits issues and class certification requirements, together with the challenge of distinguishing whether any given discovery falls into one category versus the other, and the likelihood that disputes over such distinctions will arise, has left courts reluctant to bifurcate class-related discovery from discovery on the merits." *Id.*[2]

**Whether Plaintiffs' refrigerators share a common defect will require full and fair discovery.** Samsung says the defect issue will be resolved through "focused reciprocal discovery." Doc. 46 at 4. Not so. Whether a product is defective requires discovery of, for example, the manufacturer's design, testing, manufacturing, and problem reporting and analysis documents (i.e., exactly the RFPs Samsung is already complaining about). *See Wesley*, 2022 WL 2870200, at *1 ("[W]hether the subject ranges were defective and whether SEA was aware of this alleged fact requires discovery of not only the products purchased by Plaintiffs and their individual experience with those products but also SEA's internal communications, documents, analyses, and other records concerning the alleged product defect."). It also requires expert work—what Samsung calls "inspections"—and reports, depositions, *Daubert*, etc.[3]

The result is two scenarios, both untenable. If Plaintiffs get full and fair discovery of the defect issue, then this "first phase" will mean essentially doubling the discovery period—providing no efficiency benefits but increased burdens. Or, instead, Samsung may try to deprive Plaintiffs of the fair opportunity they are entitled to. The result of *that* will "threaten to bog down the Court with discovery disputes requiring near-impossible line-drawing." *Id.*[4] Under those

---

[2] Samsung says that *Wesley* is different for three reasons, all wrong. First, Samsung says that it is not seeking "class versus merits bifurcation." Doc. 46 at 5 n.3. But that is exactly what it wants: to first litigate the "merits" of Plaintiffs' individual claims. Second, Samsung says that *Wesley* permitted "written discovery" on "core issues." *Id.* But that is the *exact* same discovery Samsung resists here. *See* Doc. 46-2, 46-3 (Plaintiffs' initial requests). Third, Samsung says that the Court in *Wesley* later stayed discovery. But that came only *after* the court "dismissed Plaintiffs' Second Amended Complaint in its entirety." *Wesley*, Doc. 86 at 1. Here, Judge Arleo already *denied* Samsung's motion to dismiss, and Samsung's new motion does not target all claims.

[3] In contrast, Samsung cites cases bifurcating "narrow" issues. *Physicians Healthsource, Inc. v. Janssen Pharm.*, 2014 WL 413534, at *1 (D.N.J. Feb. 4, 2014); *Loreaux v. ACB Receivables Mgmt., Inc.*, 2015 WL 5032052, at *4 (D.N.J. Aug. 25, 2015).

[4] *See also, e.g.*, *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[B]ifurcation often creates unnecessary gaps in the evidence as a defendant has a

Honorable Andre M. Espinosa, U.S.M.J.
November 8, 2023
Page 5

latter circumstances, the best case scenario is that Samsung moves for summary judgment on an incomplete record, and the motion is denied under Fed. R. Civ. P 56(d), accomplishing nothing.

### III. Samsung's Pending Motion to Dismiss is Irrelevant.

Samsung repeatedly mentions its pending motion to dismiss. But Plaintiffs' "claims have already survived a dispositive motion," weighing against bifurcation. *Wesley*, 2022 WL 2870200, at *3. Plaintiffs' Second Amended Complaint, apart from implied warranty claims, includes only those claims Judge Arleo found meritorious. And even Samsung concedes that its new motion does not target all claims. Even in *Wesley*, where the pending motion *did* target all claims, the Court rejected Samsung's position: "Although another motion to dismiss, directed at the Second Amended Complaint, is currently pending, curtailing discovery when claims have been reviewed and found to be sufficiently pled inflicts an unduly harsh constraint for which there must be a more compelling justification." *Id.*

### IV. Bifurcation Will Prejudice Plaintiffs.

Samsung confidently says that its "proposal will not prejudice Plaintiffs." Doc. 46 at 5. In reality, bifurcation will inevitably "delay the length of the overall discovery period, thereby inhibiting plaintiffs from receiving an expeditious resolution of their claims." *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004). Bifurcation will also create motion practice regarding the scope of permitted discovery and inevitable duplication of document and testimonial discovery.

Very truly yours,

Jason L. Lichtman

cc: All Counsel of Record (via ECF)

---

strong incentive to withhold evidence."); *Lakeland Reg'l Med Ctr., Inc. v. Astellas US, LLC*, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011) ("[T]he Court cannot imagine how parties with an incentive to hold back damaging evidence[] can properly draw the line between these categories of evidence during 'phased' discovery.").