UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRLEY CRAWFORD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendant. | Civil Action No. 22-2828-MCA-AME<br><br>ORDER |

This matter having come before the Court upon the request by defendant Samsung Electronics America, Inc. ("SEA") to proceed with discovery in two phases, as raised in the Joint Discovery Plan filed on October 13, 2023 [ECF 41]; and Plaintiffs Shirley Crawford, Matthew Jordan, Melissa Alejandro, Nicola Sobers, Janice Butler, Pauline Dion, Lisa Saghy, and Richard Angemi (collectively, "Plaintiffs") having opposed this request; and the Court having heard argument, during the Rule 16 conference held on October 18, 2023, concerning whether phased discovery is warranted and reserved decision pending submission of supplemental letter briefs by the parties; and the Court having considered the parties' arguments and the letter briefs filed on October 31, 2023, and November 8, 2023 [ECF 46 and 47]; and

**WHEREAS**, in this putative nationwide class action, Plaintiffs allege that refrigerators manufactured, designed, marketed, and/or sold by SEA could not maintain a sufficiently cold temperature due to an evaporator defect allegedly known to SEA at the time of Plaintiffs purchased the refrigerators, and thus seek relief for violation of the New Jersey Consumer Fraud Act ("NJCFA"), or alternatively the consumer protection statutes of named Plaintiffs' respective home states, and for breach of warranty; and

1

**WHEREAS**, on August 15, 2023, the District Court granted in part and denied in part SEA's motion to dismiss the First Amended Complaint, finding that Plaintiffs had sufficiently alleged a product defect and thus were entitled to proceed on their NJCFA claims but dismissing certain breach of warranty claims, with leave to replead; and

**WHEREAS** the District Court's August 15, 2023 ruling declined to reach a choice of law question, concerning applicability of the NJCFA or other states' analogous consumer protection statutes, as premature, reasoning that such an analysis is fact-intensive but also noting that SEA could renew its choice of law arguments on a future motion "with more fulsome briefing . . . and with the benefit of fact discovery;"[1] and

**WHEREAS**, now, upon initiation of discovery, SEA argues that discovery should proceed in two phases, with a first phase dedicated to (a) choice of law issues identified by the District Court's August 15, 2023 decision and (b) whether the eight named Plaintiffs' refrigerators have an evaporator defect, and a second phase for all other discovery, including class issues, should the action survive a motion for summary judgment SEA proposes to bring on the "threshold issues" to be explored in the first phase;[2] and

**WHEREAS** SEA argues that phased discovery is warranted here because resolving the choice of law question in an early stage of this litigation will likely simplify this action. It maintains that discovery and motion practice concerning which state's consumer fraud statute governs could potentially determine whether this case proceeds as a nationwide class action or a more streamlined action involving only the six states from which the named Plaintiffs hail. Moreover, SEA contends its proposal is consistent with the District Court's note, in the August

---

[1] Aug. 15, 2023 Order, at 5 n.7.
[2] Oct. 31, 2023 ltr., at 1.

15, 2023 decision, observing that a renewed motion following discovery would be appropriate; and

**WHEREAS**, concerning product defect, SEA similarly argues that phased discovery would serve judicial economy and conserve resources, maintaining that an early determination of whether the named Plaintiffs' refrigerators contain any alleged product defect might dispose of this entire action and thus avoid expensive classwide litigation; and

**WHEREAS** SEA also notes that, although Plaintiffs have filed a Second Amended Complaint in an attempt to cure deficiencies indicated by the District Court's August 15, 2023 decision, SEA's motion to dismiss is currently pending, which, in its view, further supports proceeding with discovery in phases; and

**WHEREAS** Plaintiffs oppose SEA's request in its entirety, arguing that, regardless of which state consumer fraud law ultimately applies, their claims center on the conduct of SEA in manufacturing, designing, warranting, and marketing the allegedly defective refrigerators, and as such, SEA cannot demonstrate that resolving choice of law before reaching other issues will materially narrow the scope of discovery and/or the claims; and

**WHEREAS** Plaintiffs further argue that SEA's request to conduct discovery as to the named Plaintiffs' allegations that the refrigerators they purchased contained a defective evaporator and thus failed to perform their essential function, to be followed by a dispositive motion as to those individual claims, essentially amounts to a request to bifurcate class and merits discovery, which is disfavored generally and inappropriate specifically in this case because it would deprive Plaintiffs of a full opportunity to take discovery on their claims; and

**WHEREAS** Plaintiffs also assert that the impact of the pending motion to dismiss on the question of whether discovery should proceed, without the limitations requested by SEA, is

negligible, as the Court has already concluded that Plaintiffs have pled a sufficient claim for relief under the NJCFA; and

**WHEREAS**, under Federal Rule of Civil Procedure 16, the Court has "wide discretion over the management of discovery" and may "structure discovery in ways that will enable cases to continue efficiently through the litigation process" *Morgan v. Ford Motor Co.*, Civ. No. 06-1080, 2007 WL 1456154, at *6 (D.N.J. May 17, 2007); *see also* Fed. R. Civ. P. 16(c)(2); and

**WHEREAS**, here, the Court finds that structuring discovery to proceed in two phases, interrupted by a dispositive motion will not serve the interests of efficiency, judicial economy, or fairness; and

**WHEREAS** SEA has failed to demonstrate how focusing on choice of law issues in a first phase of discovery will avoid duplicative merits discovery pertaining to SEA's alleged violation of the NJCFA and/or other potentially applicable statutes, in light of the District Court's observation that the statutory consumer protection claims have similar requirements; and

**WHEREAS** SEA has also failed to demonstrate that resolving choice of law issues, before proceeding with other aspects of this putative class action, will substantially or materially narrow discovery, as Plaintiffs' claims, at their core, arise out of SEA's alleged wrongdoing with regard to its design and marketing of the refrigerators, and as such, will necessarily require further discovery, regardless of which state's law applies;[3] and

**WHEREAS**, insofar as SEA argues that discovery as to the named Plaintiffs' experiences with the alleged product defect will streamline this action and avoid potentially

---

[3] SEA's reliance on the August 15, 2023 decision's note concerning a renewed motion, upon which a choice of law analysis may be undertaken after discovery, overstates the impact of that observation, as the District Court did not instruct or suggest that discovery on choice of law should be pursued as a threshold matter, before the merits of the claims are litigated. To the contrary, the Court evaluated the NJCFA pled in the First Amended Complaint and expressly permitted Plaintiffs to proceed on that claim.

4

unnecessary class discovery and/or a motion for certification under Rule 23, this argument amounts to a request to bifurcate class and merits discovery; and

**WHEREAS**, because of the overlap between merits issues and class certification requirements, and the related difficulty in distinguishing between them, dividing merits and class discovery into separate phases is strongly disfavored, as set forth at length by this Court in *Wesley v. Samsung Electronics America, Inc.*, Civil No. 20-18629, 2022 WL 2870200 (D.N.J. July 21, 2022), a putative nationwide consumer class action involving allegedly defective SEA ranges, in which SEA similarly sought "to focus discovery on the claims brought by [named] Plaintiffs in their individual capacities only" before proceeding to class certification issues, *id.* at *2; and

**WHEREAS**, here, segregating discovery regarding named Plaintiffs' alleged refrigerator defects from other merits and class discovery is unlikely to conserve the Court's and/or the parties' resources, given the strong likelihood of problematic line-drawing between the issues and thus increased potential for discovery disputes. *Id.* Moreover, SEA's two-phase proposal risks depriving Plaintiffs of the opportunity to conduct full discovery as to the intertwined merits and Rule 23 issues and, if the case were to survive the dipositive motion SEA wishes to bring after the first phase, would result in a needlessly prolonged discovery period, *id.* at *3; and

**WHEREAS**, for the foregoing reasons, the Court finds SEA has failed to meet its burden of demonstrating phased discovery is warranted in this action; therefore,

**IT IS** on this 14th day of November 2023,

**ORDERED** that SEA's request to proceed with discovery in two phases, as set forth in ECF 46, is denied; and it is further

**ORDERED** that, in light of the foregoing decision, the Court extends the deadline for filing of an updated, proposed pretrial schedule, as set forth in the October 18, 2023 Text Order, from November 15, 2023 to November 17, 2023. The Court will thereafter enter a Pretrial Scheduling Order, including a date for a future status conference; and it is further

**ORDERED** that, insofar as the Court's October 18, 2023 Text Order scheduled a continued Rule 16 conference on November 17, 2023, the Order is vacated.

 /s/ *André M. Espinosa*  
ANDRÉ M. ESPINOSA  
United States Magistrate Judge
