## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRLEY CRAWFORD, MATTHEW JORDAN, MELISSA ALEJANDRO, NICOLA SOBERS, JANICE BUTLER, PAULINE DION, LISA SAGHY, and RICHARD ANGEMI, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br>Defendants. | Civil Action No. 22-2828 (MCA)(AME) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

Jason L. Lichtman
Margaret Mattes Becko
**Lieff Cabraser Heimann &**
    **Bernstein, LLP**
250 Hudson Street, 8th floor
New York, NY 10013
212.355.9500

Andrew R. Kaufman
**Lieff Cabraser Heimann &**
    **Bernstein, LLP**
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
615.313.9000

James E. Cecchi
Donald A. Ecklund
**Carella, Byrne, Cecchi, Olstein,**
    **Brody & Agnello, PC**
5 Becker Farm Road
Roseland, NJ 07068
973.994.1700

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................1

II.    FACTUAL BACKGROUND....................................................................3

    A.    The Refrigerators do not store food or medicine safely.....................3

    B.    Samsung knew about the defect, but did not tell consumers. .............3

    C.    Plaintiffs' Refrigerators did not maintain safe temperatures. .............4

    D.    All of the Plaintiffs' Refrigerators are unsafe and cannot be
used as intended....................................................................................5

III.    STANDARD OF REVIEW ......................................................................6

IV.    ARGUMENT ............................................................................................6

    A.    Plaintiffs adequately allege breach of implied warranty.....................7

        1.    Samsung violated the implied warranty of
merchantability upon delivery. ...................................................7

        2.    The limited remedies and required procedures of the
*express* warranty do not apply to Plaintiffs' *implied*
warranty claims. ..........................................................................9

        3.    The Refrigerators are unmerchantable....................................10

        4.    Samsung's state-specific defenses fail.....................................11

            a.    California and Florida law do not require privity..........11

            b.    Plaintiffs' Texas and Pennsylvania implied
warranty claims are timely. ...........................................13

                i.    Samsung's fraudulent concealment tolled
the statute of limitations. .....................................13

                ii.    The discovery rule tolls Plaintiffs' claims. .........14

            c.    Plaintiffs provided appropriate pre-suit notice of
the alleged warranty breach under Texas law. ..............14

    B.    Plaintiff Jordan alleges breach of express warranty adequately. .......16

        1.    Plaintiff Jordan adequately pleads reliance. ............................17

        2.    Plaintiff Jordan properly alleges multiple repair attempts.......18

C.     Plaintiffs allege consumer fraud properly. .........................................19

  1.     The Court has already held Plaintiffs may assert claims under the New Jersey Consumer Fraud Act at this stage of litigation. .............................................................................20

  2.     Plaintiffs may plead equitable claims in the alternative. .........21

  3.     Florida residents adequately allege Florida claims in the alternative. ...............................................................................23

  4.     Plaintiffs allege false advertising plausibly. ...........................24

V.     CONCLUSION ...............................................................................25

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

*Andersen v. Thor Motor Coach, Inc.*,
402 F. Supp. 3d 467 (N.D. Ind. 2019)........................................................... 9, 10

*Arakelian v. Mercedes-Benz USA, LLC*,
No. 17-6240, 2018 WL 6422649 (C.D. Cal. June 4, 2018) ................................19

*Arlandson v. Hartz Mountain Corp.*,
792 F. Supp. 2d 691 (D.N.J. 2011)........................................................................16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................6

*Asher v. LAPD*,
No. 22-1130, 2022 WL 3012518 (C.D. Cal. June 6, 2022) ................................17

*Avram v. Samsung Elecs. Am., Inc.*,
Nos. 11–6973, 12-976, 2013 WL 3654090 (D.N.J. July 11, 2013) ............... 8, 10

*Baleares Link Express, S.L. v. GE Engine Servs.-Dallas, LP*,
335 S.W.3d 833 (Tex. App. 2011) ........................................................................14

*Barlow v. Pfizer Inc.*,
No. 05-175, 2013 WL 12171892 (W.D. Tex. Feb. 22, 2013)............................16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................6

*Brand v. Nissan N. Am., Inc.*,
No. 16-7378, 2017 WL 11610901 (C.D. Cal. Feb. 24, 2017)............................11

*Burns v. Winnebago Indus., Inc.*,
492 F. App'x 44 (11th Cir. 2012) ........................................................................15

*Cardenas v. Toyota Motor Corp.*,
418 F. Supp. 3d 1090 (S.D. Fla. 2019)................................................................23

*Cohen v. Porsche Cars North America, Inc.*,
No. 19-5530, 2019 WL 6700941 (C.D. Cal. Dec. 6, 2019) ................................19

*Coleman v. Bos. Sci. Corp.*,
No. 10-1968, 2011 WL 3813173 (E.D. Cal. Aug. 29, 2011)............................17

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Cress v. Nexo Fin. LLC*,
  No. 23-882, 2023 WL 6609352 (N.D. Cal. Oct. 10, 2023)..................................22

*DeFillippo v. Whirlpool Corp.*,
  No. 18-12523, 2019 WL 4127162 (D.N.J. Aug. 30, 2019) ..................................9

*Dzielak v. Whirlpool Corp.*,
  26 F. Supp. 3d 304 (D.N.J. 2014)........................................................................15

*Ehrlich v. BMW of N. Am., LLC*,
  801 F. Supp. 2d 908 (C.D. Cal. 2010)...................................................................8

*Eli Lilly & Co. v. Tyco Integrated Sec., LLC.*,
  No. 13-80371, 2015 WL 11251732 (S.D. Fla. Feb. 10, 2015) ............................23

*Fine v. Checcio*,
  870 A.2d 850 (Pa. 2005).......................................................................................14

*Frenzel v. AliphCom*,
  76 F. Supp. 3d 999 (N.D. Cal. 2014)....................................................................19

*Glob. Quest, LLC v. Horizon Yachts, Inc.*,
  849 F.3d 1022 (11th Cir. 2017)...................................................................... 10, 12

*Hakim-Daccach v. Knauf Int'l GmbH*,
  No. 17-20495, 2017 WL 5634629 (S.D. Fla. Nov. 22, 2017).............................24

*Henderson v. Volvo Cars of N. Am., LLC*,
  No. 09-4146, 2010 WL 2925913 (D.N.J. July 21, 2010).......................................8

*Hirsch v. BHS Home Appliances Corp.*,
  No. 21-1355, 2022 WL 4596692 (C.D. Cal. July 21, 2022)................................12

*In re Am. Fin. Res., Inc. Data Breach Litig.*,
  No. 22-1757, 2023 WL 3963804 (D.N.J. Mar. 29, 2023)....................................24

*In re Facebook PPC Advert. Litig.*,
  Nos. 09-3043, et al., 2010 WL 3341062 (N.D. Cal. Aug. 25, 2010)...................25

## TABLE OF AUTHORITIES
### (continued)

**Page**

*In re FieldTurf Artificial Turf Mktg. & Sales Pracs. Litig.*,
No. 17-2779, 2018 WL 4188459 (D.N.J. Aug. 31, 2018) ...................................21

*In re Liquid Aluminum Sulfate Antitrust Litig.*,
No. 16-2687, 2017 WL 3131977 (D.N.J. July 20, 2017)....................................21

*In re MyFord Touch Consumer Litig.*,
46 F. Supp. 3d 936 (N.D. Cal. 2014)............................................................. 11, 17

*In re Rust-Oleum Restore Mktg., Sales Pracs. & Prods. Liab. Litig.*,
155 F. Supp. 3d 772 (N.D. Ill. 2016).....................................................................15

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television
Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................................................25

*Jeong v. Nexo Financial LLC*,
No. 21-2392, 2022 WL 174236 (N.D. Cal. Jan. 19, 2022) .................................22

*Keegan v. Am. Honda Motor Co., Inc.*,
838 F. Supp. 2d 929 (C.D. Cal. 2012)........................................................... 8, 12

*Majdipour v. Jaguar Land Rover N. Am., LLC*,
No. 12-7849, 2013 WL 5574626 (D.N.J. Oct. 9, 2013)........................................8

*McCarthy v. Toyota Motor Corp.*,
No. 18-201, 2018 WL 6318841 (C.D. Cal. Sept. 14, 2018) ...............................17

*Mickens v. Ford Motor Co.*,
900 F. Supp. 2d 427 (D.N.J. 2012)........................................................................6

*Morano v. BMW of N. Am., LLC*,
928 F. Supp. 2d 826 (D.N.J. 2013)......................................................................23

*Nacarino v. Chobani, LLC*,
No. 20-7437, 2022 WL 344966 (N.D. Cal. Feb. 4, 2022) ..................................22

*Ortiz v. Canopy Growth Corp.*,
537 F. Supp. 3d 621 (D.N.J. 2021)........................................................................6

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Ponzio v. Mercedes-Benz USA, LLC*,
   447 F. Supp. 3d 194 (D.N.J. 2020)...............................................................23

*Rickman v. BMW of N. Am.*,
   No. 18-4363, 2020 WL 3468250 (D.N.J. June 25, 2020) ....................................21

*Robertson v. Fleetwood Travel Trailers of Cal., Inc.*,
   144 Cal. Rptr. 3d 731 (Cal. Ct. App. 2006) ................................ 18, 19

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020)...............................................................22

*Spindler v. Gen. Motors, LLC*,
   616 F. Supp. 3d 943 (N.D. Cal. 2022)........................................... 18, 19

*Stewart v. Electrolux Home Prods., Inc.*,
   304 F. Supp. 3d 894 (E.D. Cal. 2018) ..................................................12

*Thomas v. John A. Youderian Jr., LLC*,
   232 F. Supp. 3d 656 (D.N.J. 2017)........................................................17

*Vanella v. Ford Motor Co.*,
   No. 19-7956, 2020 WL 887975 (N.D. Cal. Feb. 24, 2020) ................................18

*Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 08-5380, 2009 WL 4730187 (D.N.J. Dec. 3, 2009)....................................21

*Watkins v. MGA Ent., Inc.*,
   574 F. Supp. 3d 747 (N.D. Cal. 2021)....................................................17

*Wesley v. Samsung Elecs. Am., Inc.*,
   No. 20-18629, 2021 WL 5771738 (D.N.J. Dec. 3, 2021) ...................................18

*Yagudayev v. BMW of N. Am., LLC*,
   No. 20-897, 2020 WL 6689799 (D.N.J. Nov. 13, 2020) ....................................13

*Yeomans v. World Fin. Grp. Ins. Agency, Inc.*,
   No. 19-792, 2022 WL 844152 (N.D. Cal. Mar. 22, 2022)...................................22

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

## <u>STATUTES</u>

15 U.S.C. § 2308(a) ...................................................................................9

15 U.S.C. § 2308(b) ...................................................................................9

15 U.S.C. § 2308(c) .................................................................................10

## <u>RULES</u>

Fed. R. Civ. P. 8(a)(3) ............................................................................21

## I.  __INTRODUCTION__

In August 2023, the Court largely denied Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.'s motion to dismiss.[1] Dkt. 27 ("Order"). The Court held (1) that Plaintiffs adequately pleaded their consumer fraud claims (except for claims Plaintiffs conceded); (2) one Plaintiff (Jordan) adequately pleaded express warranty claims; (3) the Court lacked jurisdiction over Plaintiffs' Magnuson-Moss warranty claim; and (4) Plaintiffs failed to adequately plead their implied warranty claims, but with leave to amend.

Plaintiffs filed a Second Amended Complaint ("SAC") that conformed to the Court's ruling, i.e., removed the consumer fraud, express warranty, and Magnuson-Moss claims the Court found lacking. Dkt. 36-1 (redline). The only issue Plaintiffs ask the Court to re-visit on new allegations are the implied warranty claims. Specifically, the SAC makes clear that the implied warranty was breached when the refrigerators at issue in this litigation were delivered with a latent defect, *id.* ¶¶ 169–71, and that Samsung's *express* warranty does not limit the remedies available for an *implied* warranty claims, *id.* ¶ 168.

Rather than limit their argument to the one species of claims that were not fully upheld in the Court's ruling, Defendants ignore the Court's prior findings and attempt to re-litigate the prior motion. These efforts are both procedurally improper

---

[1] Together, "Samsung" or "Defendants."

and substantively flawed for the very same reasons that the Court previously stated.

As set forth in Plaintiffs' SAC—and already found plausibly alleged by the Court—this case is about refrigerators that fail to perform their most basic function: maintaining a stable, cold temperature below 40 degrees, necessary to inhibit bacterial growth in food and to safely store pharmaceuticals. Samsung's refrigerators do not maintain such temperatures and are therefore not only unsafe, but also less valuable than the ones Plaintiffs thought they were purchasing.

Just as in Samsung's first motion to dismiss, Defendants mischaracterize Plaintiffs' claims as based merely upon "anecdotal experiences" and argue that Plaintiffs, despite markedly similar experiences involving unstable temperatures and spoiled food, fail to allege a common defect. *See* Defs.' Br. in Supp. of Mot. to Dismiss Second Am. Compl., Dkt. 45-1 ("Mot.") at 1. Not so, and Samsung's defense is all the more unconvincing because Samsung-authorized repair personnel describe the defect as "common," Samsung issued a service bulletin on this very issue for these very refrigerators, Samsung has received hundreds of complaints related to these same problems, and similar complaints have been raised in a Facebook group with over 100,000 members called "Samsung Refrigerator Recall U.S.A. Now."

Plaintiffs respectfully ask this Court to deny Samsung's motion in full, including (1) finding the implied warranty claims adequately pleaded and (2) otherwise reiterating the Court's prior assessment of Plaintiffs' claims.

## II.   FACTUAL BACKGROUND

### A.   The Refrigerators do not store food or medicine safely.

The Samsung refrigerators at issue in this case ("Refrigerators") do not maintain a stable, safe temperature. SAC ¶¶ 1–2. Samsung's authorized repair professionals repeatedly confirmed that this problem is "common" to the Refrigerators. *See id.* ¶¶ 11, 28, 53, 76. This makes the Refrigerators defective because, Plaintiffs allege, refrigerators serve one central purpose: keeping food and other consumable goods at a safe temperature. *Id.* ¶ 1. Although Plaintiffs cannot diagnose the precise cause of the defect without access to Samsung's engineering records, it is most plausible that the uncontrollable temperature variation results from defectively designed evaporators. *Id.* ¶ 147. Plaintiffs would not have purchased the Refrigerators, or would have paid less for them, if they had known about the defect. *Id.* ¶ 118.

### B.   Samsung knew about the defect, but did not tell consumers.

This "putative class action stems from an alleged defect in [Samsung's] refrigerators that make them unable to fulfill their primary intended purpose: to store food and other perishable items at a temperature that keeps them safe for human consumption." Order at 1. The "Plaintiffs allege that [Samsung] knowingly

-3-

concealed the defects and continued to advertise and sell the faulty refrigerators." *Id.* at 2; *see also* SAC ¶¶ 105–13. For example, on October 5, 2017, Samsung issued a Service Bulletin warning that its French Door Refrigerators did not keep food cool. *See id*. ¶ 108 ("Fan noise that stops when the door is open, or FF section not cooling due to stuck fan (22 E or C), and/or water pooling under the crisper drawers."). Samsung advised customers about the proper steps to reinstall or replace the evaporator cover, but Samsung did not recall the Refrigerators, adjust the defective design, or warn *prospective* customers. *See id*. Consumers began to complain in droves—the Consumer Product Safety Commission ("CPSC") received over 600 complaints about Samsung Refrigerators over a two-year period: 211 complaints specifically cited food spoilage and 62 reported food poisoning. *Id.* ¶ 107. Similar complaints were raised in a Facebook group with over 100,000 members called "Samsung Refrigerator Recall U.S.A. Now." *Id.* ¶ 109. Despite knowing that its Refrigerators were defective and at risk of—and actually— making people sick, Samsung continued to sell them. *Id.* ¶ 110.

### C.     <u>Plaintiffs' Refrigerators did not maintain safe temperatures.</u>

Plaintiffs live in Arkansas, California, Florida, New York, Pennsylvania, and Texas.[2] Order at 3–4; SAC ¶¶ 5, 14, 22, 37, 56, 70, 79. Each has had the same

---

[2] Plaintiffs are prepared to add New Jersey and Illinois plaintiffs once the Court resolves the pending motion to dismiss.

problem with their Refrigerators as hundreds, if not thousands, of other customers. *See id.* ¶¶ 106–09; 5–87. Each purchased a new Refrigerator, but found that it could not keep food or medicine at a safe temperature. *See id.* And Samsung did not repair *any* of their machines to ensure that the machines would perform as fit for ordinary use and as a reasonable customer would expect; i.e. to keep food and medicine reliably cold.

The failures happened well within the expected life of the Refrigerators and five of the Plaintiffs' Refrigerators first failed less than a year after they purchased them. *See id.* ¶¶ 10, 19, 27, 42, 61. Four of the Plaintiffs were told specifically by Samsung authorized repair professionals that their problems were "common" or "known" *See id.* ¶¶ 11, 28, 53, 76. Four of them noticed ice buildup or were told by Samsung authorized repair professionals that ice buildup within the Refrigerator was the source of the problem. *See id.* ¶¶ 28, 44, 75–76, 84.

**D.  <u>All of the Plaintiffs' Refrigerators are unsafe and cannot be used as intended.</u>**

Plaintiffs all purchased their Refrigerators with the reasonable expectation that they would perform their basic function of keeping food at an appropriate temperature, relying on the fact that Samsung would not have sold the Refrigerators if they did not. *See, e.g., id.* ¶ 133. None was aware of the defect. *See id.* Upon learning that the Refrigerators contained a defect resulting in unsafe temperature variability, Plaintiffs experienced, for example, increased food waste,

and in some cases ceased using the Refrigerators entirely. *See id.* ¶¶ 5–87. They would not have purchased their Refrigerators, or would have paid less, had they been aware of the latent defect, which makes them significantly less valuable than promised and significantly limits the utility of the Refrigerators. *Id.* ¶ 118.

## III.   <u>STANDARD OF REVIEW</u>

A motion to dismiss should be denied if the complaint "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is a lower bar than probability. *See Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012). The Court must "credit plaintiffs' well-pleaded factual assertions and draw every inference in their favor." *Ortiz v. Canopy Growth Corp.*, 537 F. Supp. 3d 621, 662 (D.N.J. 2021).

## IV.   <u>ARGUMENT</u>

All that Plaintiffs ask the Court to revisit here are the implied warranty claims. In light of the new and expanded allegations in the SAC, those claims are adequately pleaded: (1) the warranty was breached within the warranty period because the Refrigerators were delivered with a latent defect; and (2) the limited remedies applicable to an express warranty do not apply to an implied warranty claims. The remainder of Samsung's motion targets claims and issues that the Court has already resolved in Plaintiffs' favor. Samsung seeks to evade the Court's

prior determinations, reiterate prior failed arguments, and (again) impose on Plaintiffs a standard of pleading that goes well beyond the requirements of Rule 8.

### A.    Plaintiffs adequately allege breach of implied warranty.

The Court dismissed Plaintiffs' express *and* implied warranty claims on the basis that Plaintiffs did not allege a defect "within the applicable, one-year warranty period" and that "they contacted [Samsung] within the warranty period to seek a remedy." Order at 6. While Plaintiffs accept the Court's ruling on their express warranty claims, they respectfully request that the Court take another look at the implied warranty claims with the benefit of new and expanded allegations. Specifically, the SAC makes clear that the implied warranty was breached when the Refrigerators were delivered with a latent defect, SAC ¶¶ 169–71, and that Samsung's *express* warranty does not limit the remedies available for an *implied* warranty claim, *id.* ¶ 168.

### 1.    Samsung violated the implied warranty of merchantability upon delivery.

Plaintiffs allege that the Refrigerators had a latent defect at the time they were sold, thus violating the implied warranty of merchantability within the one-year warranty period. SAC ¶¶ 169–71. The implied warranty of merchantability "ensures that goods sold are fit for the ordinary purposes for which such goods are used," thereby providing "for a minimum level of quality." *Avram v. Samsung Elecs. Am., Inc.*, Nos. 11–6973, 12-976, 2013 WL 3654090, at *13 (D.N.J. July 11,

2013) (cleaned up). In "the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect, not by its subsequent discovery." *Majdipour v. Jaguar Land Rover N. Am., LLC*, No. 12-7849, 2013 WL 5574626, at \*22 (D.N.J. Oct. 9, 2013) (citation omitted).

Samsung violated the implied warranty of merchantability when it delivered Refrigerators to Plaintiffs that included a latent defect; whether the defect *manifested* within that one-year period is irrelevant. *See, e.g.*, *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146, 2010 WL 2925913, at \*10 (D.N.J. July 21, 2010) (denying motion to dismiss implied warranty claims based on latent defect that manifested only after the warranty period); *Majdipour*, 2013 WL 5574626, at \*23 ("This Defect was also allegedly undiscoverable until it manifested; it was latent. It follows that the three month durational limitation does not bar the claim[.]"); *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 924 (C.D. Cal. 2010) ("[S]o long as a latent defect existed within the one-year period, its subsequent discovery beyond that time [does] not defeat an implied warranty claim.") (citation omitted); *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 948 (C.D. Cal. 2012) ("Keegan does not allege the specific date he learned of tire wear and the rear suspension defect. Under applicable law, however, his failure to discover the defect within the one-year statutory period does not defeat his claim

-8-

at this stage of the litigation."); *DeFillippo v. Whirlpool Corp.*, No. 18-12523, 2019 WL 4127162, at *13 (D.N.J. Aug. 30, 2019) ("A cause of action for breach of implied warranty accrues when delivery of the product is made, regardless of the purchaser's lack of knowledge[.]") (citation omitted). As a result, Samsung's extensive recitation regarding the precise timing when Plaintiffs began to experience temperature control problems is immaterial.

>       2.      **The limited remedies and required procedures of the *express* warranty do not apply to Plaintiffs' *implied* warranty claims.**

Samsung asserts that, to recover for implied warranty, Plaintiffs were required to have "sought service within the warranty period." Mot. at 14. But those *express* limitations apply to the *express* warranty, not—by definition and under federal law—to an *implied* warranty. Under the Magnuson-Moss Warranty Act ("MMWA"), a supplier may *not* "disclaim or modify . . . any implied warranty"; *however*, "implied warranties may be limited in duration to the duration of a written warranty . . . ." 15 U.S.C. § 2308(a) & (b). So while the one-year warranty limitation may apply to an implied warranty claim, Samsung's "exclusive remedies" and required procedures may not. *See Andersen v. Thor Motor Coach, Inc.*, 402 F. Supp. 3d 467, 477–78 (N.D. Ind. 2019) ("Thor's attempt to limit the *scope of coverage* of the implied warranty of merchantability is ineffective in view of the MMWA.").

It does not matter that Plaintiffs do not have a cause of action under the MMWA's remedy provisions. The substantive limits on warranty disclaimers apply regardless of whether the claim is brought under state or federal law. *See* 15 U.S.C. § 2308(c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter *and State law*.") (emphasis added); *see also Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1031 (11th Cir. 2017) (applying MMWA substantive rules to implied warranty claims under state law); *Andersen*, 402 F. Supp. 3d at 477–78 ("Not only does the MMWA disallow disclaimers or modifications of implied warranties except as to the issue of duration, it also invalidates any non-compliant attempts at disclaimers or modifications even as a matter of state law.").

### 3.   <u>The Refrigerators are unmerchantable.</u>

Samsung says that Plaintiffs' Refrigerators were merchantable, but Plaintiffs plead otherwise. The implied warranty of merchantability "ensures that goods sold are fit for the ordinary purposes for which such goods are used," thereby providing "for a minimum level of quality." *Avram*, 2013 WL 3654090, at *13 (cleaned up). As the court recognized in *Avram*, it is "[s]elf-evident[]" that the "ordinary purpose" of refrigerators is "to keep perishables cold" and, accordingly, a refrigerator that fails to maintain temperatures cold enough to store food and other perishables safely is not merchantable. *Id.* Similarly, here, the Refrigerators are not

merchantable because they: (1) are prone to inconsistent temperatures, posing a safety risk to consumers and their families; (2) cannot accomplish their ordinary purpose of safely storing food and other perishables in a residential setting; and (3) have dramatically less value at the point-of-sale than promised. *See, e.g.*, SAC ¶¶ 96–117; *see also, e.g.*, *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 980–81 (N.D. Cal. 2014) (analyzing the law of fifteen states, including New Jersey, and finding similar allegations sufficient).

### 4.     Samsung's state-specific defenses fail.

Samsung re-makes many of the state-specific arguments included in its prior motion to dismiss. *See* Dkt. 17-1 at 36 (pre-suit notice), 41–42 (privity and timeliness). As the Court has already determined, however, a choice-of-law analysis is premature. Order at 5 n.7, 8 n.17. In any event, Samsung's arguments are not meritorious.

### a.     California and Florida law do not require privity.

Samsung contends that Plaintiffs' implied warranty claims fail under California and Florida law because Plaintiffs fail to allege privity (i.e., because they purchased from a retailer). Samsung is not correct.

California Plaintiffs bring claims under the Song-Beverly Warranty Act, which has no privity requirement. *See Brand v. Nissan N. Am., Inc.*, No. 16-7378, 2017 WL 11610901, at *10 (C.D. Cal. Feb. 24, 2017) ("[T]he plain language of

section 1792 of the Song-Beverly Act does not impose a similar vertical privity requirement.") (citation omitted); *Keegan*, 838 F. Supp. 2d at 947 (collecting cases).

Even under common law claims, the better reasoned opinions in California also recognize an exception to the privity requirement where, as here, a manufacturer markets its products directly to consumers. *See, e.g., Hirsch v. BHS Home Appliances Corp.*, No. 21-1355, 2022 WL 4596692, at *6 (C.D. Cal. July 21, 2022). Samsung's own cases note that courts "are split on a third-party beneficiary exception to privity in the consumer warranty context." *Stewart v. Electrolux Home Prods., Inc.*, 304 F. Supp. 3d 894, 914 (E.D. Cal. 2018).

Florida, too, recognizes a third-party beneficiary exception to the privity requirement. *See Glob. Quest, LLC*, 849 F.3d at 1032. A manufacturer cannot assert a privity defense if it intends consumers to use its products. *See id*. Plaintiffs here are intended third-party beneficiaries because Samsung marketed the Refrigerators directly to Plaintiffs and provided its customers with significant information pertinent to the defective product. SAC ¶ 103.

### b.   Plaintiffs' Texas and Pennsylvania implied warranty claims are timely.

#### i.   Samsung's fraudulent concealment tolled the statute of limitations.

Plaintiffs properly allege that the statutes of limitations for implied warranty under Pennsylvania and Texas law are tolled due to Samsung's active fraudulent concealment of the defect. SAC ¶¶ 133–34; *see, e.g.*, *Yagudayev v. BMW of N. Am., LLC*, No. 20-897, 2020 WL 6689799, at *11 (D.N.J. Nov. 13, 2020) (Arleo, J.) (finding allegations of fraudulent concealment of defect "preclude the Court from determining when Plaintiff should have discovered the defect at the pleading stage") (citations omitted). The SAC explains that "Samsung knowingly, affirmatively and actively misrepresented and concealed the true character, quality, and nature of the Refrigerators and sold the Refrigerators into the stream of commerce as if they were safe for use," though they were defective and unsafe—a fact Plaintiffs could not have discovered through the exercise of reasonable diligence. SAC ¶¶ 132–36 (alleging discovery rule, concealment, and estoppel). Plaintiffs allege that Samsung made specific representations and took specific, affirmative steps to conceal the defect from them. *Id.* ¶¶ 111–13, 132–36. Additionally, Plaintiffs allege in detail Samsung's awareness of the defect no later than 2017, as well as the specific means by which Samsung developed that

awareness, and its continued sale of the Refrigerators while making representations and warranties it knew to be false. *Id.* ¶¶ 105–10.

These allegations meet the fraudulent concealment pleading standards. The case law upon which Defendants rely does not involve allegations of fraudulent concealment and is therefore inapposite.

### ii.    The discovery rule tolls Plaintiffs' claims.

Even if Pennsylvania and Texas Plaintiffs' claims somehow were not tolled by Samsung's fraudulent concealment, Plaintiffs have properly pleaded that their claims are tolled by the discovery rule. *See* SAC ¶ 132. This rule holds that the statute of limitations is tolled until a plaintiff discovers his implied warranty claim. *See, e.g.*, *Baleares Link Express, S.L. v. GE Engine Servs.-Dallas, LP*, 335 S.W.3d 833, 837–38 (Tex. App. 2011) (collecting cases in which the discovery rule tolled the statute of limitations for an implied warranty claim); *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) (holding that "the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises").

### c.    <u>Plaintiffs provided appropriate pre-suit notice of the alleged warranty breach under Texas law.</u>

Samsung argues that Plaintiff Angemi's Texas law claims fail because Samsung did not receive pre-suit notice of the alleged breach. But Samsung was aware of its breach for years before this lawsuit was filed. SAC ¶¶ 105–110. In

particular, Samsung was on notice because of numerous consumer complaints, internal investigations, individual letters and communications sent by consumers (including some of the Plaintiffs), its own investigations, reports by the CPSC, and public knowledge regarding the defect. *Id.*

This is sufficient at the pleading stage. Pre-suit notice is intended to give an unaware defendant a fair opportunity to correct a breach without litigation, not to immunize a defendant who has actual knowledge of its breach long before any lawsuit commences. *See Burns v. Winnebago Indus., Inc.*, 492 F. App'x 44, 48 (11th Cir. 2012); *cf. In re Rust-Oleum Restore Mktg., Sales Pracs. & Prods. Liab. Litig.*, 155 F. Supp. 3d 772, 802 (N.D. Ill. 2016) (noting that the relevant statutory language in, for example, Texas does not specify the form of notice that must be given to establish constructive notice, or even demand pre-suit notice). Indeed, Angemi's allegations cannot be meaningfully distinguished from the ones found sufficient in *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 323 n.10 (D.N.J. 2014). In that case, Judge McNulty observed that plaintiffs' allegation that some named plaintiffs provided notice was all the law required at this stage of litigation. *See id.* The cases cited by Samsung do not address this fundamental distinction, instead focusing on circumstances in which individual plaintiffs brought warranty claims without any allegations concerning defendants' knowledge of the alleged breach.

Additionally, Texas recognizes an exception to the ostensible "pre-suit notice requirement" where any notice would have been futile as demonstrated by a defendant's fraudulent concealment of the conduct or defendant's pre-established knowledge. *See Barlow v. Pfizer Inc.*, No. 05-175, 2013 WL 12171892, at *7 (W.D. Tex. Feb. 22, 2013). Plaintiffs allege that Samsung so concealed its conduct. SAC ¶¶ 133–34.

### B. Plaintiff Jordan alleges breach of express warranty adequately.

Defendants repeat the same arguments they presented in their prior briefing. Those challenges fail for the same reasons the Court previously rejected them.

Here, Plaintiff Jordan has plausibly alleged that Samsung violated its express warranty by pleading that Samsung expressly warranted in writing "against manufacturing defects in materials and workmanship," he relied on that express warranty in purchasing his Refrigerator, and his Refrigerator failed to conform to those express representations because it is defective. SAC ¶¶ 137–58.[3] But, as before, Defendants argue that Plaintiff Jordan: (1) did not plead reliance properly under California law, and (2) failed to properly allege multiple repair attempts

---

[3] To plead a claim for breach of express warranty, plaintiffs "must properly allege: (1) that Defendant[s] made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 706 (D.N.J. 2011) (citations omitted).

under the Song-Beverly Consumer Warranty Act. Neither argument is more convincing the second time.[4]

### 1.   Plaintiff Jordan adequately pleads reliance.

Plaintiff Jordan alleges that he relied on Samsung's express warranties when making his purchase, including the written promises it made to purchasers of the Refrigerators. SAC ¶¶ 145, 205. California law does not require more; a consumer who receives an express written warranty when purchasing a product presumptively relies upon that warranty. *See In re MyFord*, 46 F. Supp. 3d at 973 (holding that when a written warranty was delivered to the purchaser in connection with a sale "there is no question that the plaintiff has knowledge that the alleged warranty exists" and is a basis of the bargain) (citation omitted). The case law upon which Defendants rely is inapplicable, as it concerns circumstances either where plaintiffs failed to plead reliance entirely or law from other states with heightened reliance requirements. *See* Mot. at 24–25.[5]

---

[4] Defendants highlight that the Complaint includes a reference to emissions. Mot. at 24. Plaintiffs will correct this typo in future iterations of the Complaint and note that Courts ignore similar typos routinely. *See, e.g.*, *Asher v. LAPD*, No. 22-1130, 2022 WL 3012518, at *2 n.2 (C.D. Cal. June 6, 2022); *Thomas v. John A. Youderian Jr., LLC*, 232 F. Supp. 3d 656, 662 n.2 (D.N.J. 2017).

[5] *See Coleman v. Bos. Sci. Corp.*, No. 10-1968, 2011 WL 3813173, at *4 (E.D. Cal. Aug. 29, 2011) (rejecting "Plaintiff's argument that she need not plead reliance in order to state a cognizable breach of express warranty claim"); *Watkins v. MGA Ent., Inc.*, 574 F. Supp. 3d 747, 758 (N.D. Cal. 2021) (finding plaintiff failed to actual reliance); *McCarthy v. Toyota Motor Corp.*, No. 18-201, 2018 WL 6318841, at *8 (C.D. Cal. Sept. 14, 2018) ("[I]n the absence of *any* alleged facts from which

## 2. __Plaintiff Jordan properly alleges multiple repair attempts.__

Under California's Song–Beverly Consumer Warranty Act, a plaintiff must prove that "the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repair attempts." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. Rptr. 3d 731, 741 (Cal. Ct. App. 2006). That assessment is based upon the number of repair opportunities. *See Spindler v. Gen. Motors, LLC*, 616 F. Supp. 3d 943, 948–49 (N.D. Cal. 2022). Thus, "[w]hether or not the manufacturer's agents choose to take advantage of the opportunity, or are unable despite that opportunity to isolate and make an effort to repair the problem, are matters for which the consumer is not responsible." *Robertson*, 144 Cal. Rptr. 3d at 741 (citation omitted).

Jordan alleges that Samsung failed to repair the defect after a reasonable number of repair attempts because Samsung did not attempt to do so after an

---

the Court can infer reliance, Plaintiffs have failed to state their breach of express warranty claim.") (emphasis added); *Vanella v. Ford Motor Co.*, No. 19-7956, 2020 WL 887975, at *8 (N.D. Cal. Feb. 24, 2020) (finding plaintiff failed to allege reasonable reliance on express warranty); *Wesley v. Samsung Elecs. Am., Inc.*, No. 20-18629, 2021 WL 5771738, at *5 (D.N.J. Dec. 3, 2021) ("Whether justifiable reliance is an element for a breach of express warranty claim is not entirely settled under *Florida law*. The weight of authority, however, suggests that reliance is required.") (cleaned up) (emphasis added).

initially unsuccessful effort. SAC ¶ 21. Defendants cite no law contrary to *Spindler* and *Robertson* (citing instead the same law from their prior briefing).[6]

### C.   Plaintiffs allege consumer fraud properly.

The Court has already held that Plaintiffs pleaded consumer fraud adequately. Order at 8.[7] Samsung, however, seeks to dismiss these claims on many of exact same grounds asserted before. The Court should reject them again. Of particular note, Plaintiffs reiterate that their consumer fraud claims are based upon Defendants' omissions, not affirmative misrepresentations. *See id.* ("Plaintiffs assert that their claims are based on Defendants' omissions, rather than any affirmative misrepresentations."). Defendants' attempts to dismiss Plaintiffs' claims founded upon affirmative misrepresentations are thus immaterial.

---

[6] Both *Cohen v. Porsche Cars North America, Inc.*, No. 19-5530, 2019 WL 6700941, at *2 (C.D. Cal. Dec. 6, 2019), and *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1019 (N.D. Cal. 2014), concern circumstances in which plaintiffs failed to plausibly allege a single repair attempt within the applicable warranty period. The plaintiff in *Arakelian v. Mercedes-Benz USA, LLC*, No. 17-6240, 2018 WL 6422649, at *3 (C.D. Cal. June 4, 2018) did not plead *any* repair attempts.

[7] Defendants "argue that all of Plaintiff's state consumer fraud statutory claims fail because the Plaintiffs have not particularly alleged (1) that they relied on a statement by the Defendants when purchasing their refrigerators, and (2) that the Defendants had pre-sale knowledge of the alleged defect. The Court disagrees." Order at 8.

### 1. __The Court has already held Plaintiffs may assert claims under the New Jersey Consumer Fraud Act at this stage of litigation.__

Plaintiffs assert that Defendants violated the New Jersey Consumer Fraud Act ("NJCFA") for all Plaintiffs in part because the core alleged wrongful behavior occurred in New Jersey (and internationally). *See* Dkt. 36 ¶ 88–92. The Court sustained this claim, but Defendants again argue that plaintiffs from outside of New Jersey cannot assert claims under the NJCFA. This argument is no more persuasive the second time.

In its prior order, "the Court acknowledge[d] the Defendants' arguments concerning the lack of connection to the state of New Jersey [but] direct[ed] the Defendants to renew these arguments with more fulsome briefing on the purported conflicts of law, and with the benefit of fact discovery." Order at 5, n.7. Rather than abide by that determination however, Defendants challenge it. Mot. at 29–36.

The Court's opinion was correct: it followed a broad consensus among courts finding it "prudent" to "defer consideration" of arguments concerning whether Plaintiffs can bring "claims relating to the consumer-protection statutes of the states in which no named plaintiff resides" until Plaintiffs move for class certification. *Rickman v. BMW of N. Am.*, No. 18-4363, 2020 WL 3468250, at *11

(D.N.J. June 25, 2020).[8] This is particularly so because Plaintiffs will add New Jersey (and Illinois) plaintiffs once the Court resolves the pending motion; i.e., the Parties would need to litigate under New Jersey law even if New Jersey law ultimately does not apply to non-residents. *See* Dkt. 47-1 (declaring same).

### 2.    Plaintiffs may plead equitable claims in the alternative.

Having failed to convince the Court that California Plaintiffs' claims for equitable relief should be dismissed in their prior briefing, *see* Order at 5–6, Defendants simply try again, *see* Dkt. 17-1 at 24–26; Mot. at 32–34. As before, however, the question of whether equitable relief is available is premature. It is well established that plaintiffs are permitted to seek "relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). For example, in the unlikely event that the Court finds Samsung's conduct not fraudulent, it could still find it unlawful or unfair under the Unfair Competition Law ("UCL") and order restitution, even though money damages may not be available.

---

[8] *See also, e.g.*, *In re FieldTurf Artificial Turf Mktg. & Sales Pracs. Litig.*, No. 17-2779, 2018 WL 4188459, at *8 (D.N.J. Aug. 31, 2018) (plaintiffs' standing to assert claims for violation of laws of states where they do not reside is an issue that arises only if a national class is certified); *In re Liquid Aluminum Sulfate Antitrust Litig.*, No. 16-2687, 2017 WL 3131977, at *19 (D.N.J. July 20, 2017); *Warma Witter Kreisler, Inc. v. Samsung Elecs. Am., Inc.*, No. 08-5380, 2009 WL 4730187, at *2 (D.N.J. Dec. 3, 2009) ("The Court has considered Defendant's argument in this regard [that named Plaintiffs lack standing to bring claims in states where they do not reside] and finds that the more prudent approach would be to defer its consideration of this argument until after class certification issues have been resolved.") (citations omitted).

Samsung (again) relies on the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020), which held that a plaintiff who dropped all legal claims on the eve of trial was precluded from seeking equitable relief. *Id.* The weight of authority holds, however, that *Sonner* does not apply at the pleading stage. For example, in *Jeong v. Nexo Financial LLC*, the court analyzed multiple opinions and "agree[d] with those courts that do not consider *Sonner* to impose strict requirements at the pleading stage." No. 21-2392, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) (collecting cases); *see also Cress v. Nexo Fin. LLC*, No. 23-882, 2023 WL 6609352, at *13 (N.D. Cal. Oct. 10, 2023) ("Given the liberal policy of pleading in the alternative, the lack of binding precedent on the issue, and [Plaintiff's] differentiation between his damages claims and UCL claim, the Court permits [the] UCL claim to move forward at the pleading stage.") (citation omitted). Some courts even reconsidered prior decisions dismissing equitable claims because *Sonner* does not preclude plaintiffs from pleading equitable remedies in the alternative. *See, e.g., Nacarino v. Chobani, LLC*, No. 20-7437, 2022 WL 344966, at *9–10 (N.D. Cal. Feb. 4, 2022) ("The Court takes note of those decisions and refines its analysis . . . ."); *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, No. 19-792, 2022 WL 844152, at *7–8 (N.D. Cal. Mar. 22, 2022) (similar).

### 3.    __Florida residents adequately allege Florida claims in the alternative.__

Samsung argues that Plaintiff Sobers fails to plead (in the alternative) claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") for failure to allege acts "within the state of Florida." Mot. at 35. Remarkably, Samsung also says that Sobers cannot plead New Jersey claims either, meaning she exists in a law-free zone with no redress for consumer fraud. In any event, the Court need not resolve that paradox: the Court has already declined to reach state-specific arguments at this stage of litigation, and should do so again here. *See* Order at 5.

Should the Court elect to reach Samsung's argument, the Court should reject it. Plaintiff Sobers alleges that Samsung concealed material facts in connection with products marketed and sold in Florida. SAC ¶¶ 313–320. Courts consistently find FDUTPA violations sufficiently pleaded under similar circumstances. *See Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 211 (D.N.J. 2020); *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1105 (S.D. Fla. 2019); *Morano v. BMW of N. Am., LLC*, 928 F. Supp. 2d 826, 834 (D.N.J. 2013); *see also Eli Lilly & Co. v. Tyco Integrated Sec., LLC.*, No. 13-80371, 2015 WL 11251732, at *4 (S.D. Fla. Feb. 10, 2015) ("[T]he statute does not limit its protection to acts occurring *exclusively* in Florida.") (emphasis added).

-23-

In contrast, Samsung cites cases in which the only connections to Florida were the alleged indirect *effects* of out-of-state conduct. *See Hakim-Daccach v. Knauf Int'l GmbH*, No. 17-20495, 2017 WL 5634629, at *7 (S.D. Fla. Nov. 22, 2017) (Plaintiff alleged only "improper acts [that] happen[ed] to be indirectly associated with bank accounts in Miami . . . ."); *In re Am. Fin. Res., Inc. Data Breach Litig.*, No. 22-1757, 2023 WL 3963804, at *10 (D.N.J. Mar. 29, 2023) (data breach case about alleged "inadequate security measures" undertaken in New Jersey). Here, the essential conduct—the failure to disclose the defect—occurred in both New Jersey *and* Florida.

### 4.   Plaintiffs allege false advertising plausibly.

Defendants last seek to reverse the Court's prior determination to delay state-specific arguments until after a full choice-of-law analysis by contending that Plaintiffs cannot sustain a claim under New York's GBL § 350 or California's False Advertising Law ("FAL") because they do not point to specific false advertisements. Mot. at 36. This contention is "new" insofar as Plaintiffs' allegations pursuant to these statutes in the SAC remain virtually unchanged from the First Amended Complaint and neither the Parties nor the Court addressed this particular issue in the prior round of briefing. In so arguing, however, Defendants ignore Plaintiffs' allegations, which set forth that Samsung falsely advertised that the Refrigerators were of merchantable quality and fit for their intended purpose,

and that Plaintiffs would not have purchased the Refrigerators, or paid less than they did for them, had they known that the Refrigerators did not operate as advertised. *See* SAC ¶¶ 103, 269, 272, 346, 352.

Even the case law cited by Defendants, moreover, recognizes that where, as here "a plaintiff alleges fraud based on omissions," rather than misrepresentation, "the plaintiff is not required to plead with an unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements." *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1092 (S.D. Cal. 2010) (citations omitted); *see also In re Facebook PPC Advert. Litig.*, Nos. 09-3043, et al., 2010 WL 3341062, at *9 (N.D. Cal. Aug. 25, 2010) ("[I]n the context of a fraudulent omission claim, a plaintiff cannot plead a specific time or place of a failure to act . . . [and therefore] may plead fraud in alternative ways.") (citation omitted).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that Samsung's motion be denied in full.

Dated: November 28, 2023    Respectfully submitted,

*/s/ Jason L. Lichtman*
Jason L. Lichtman

Jason L. Lichtman
Margaret Mattes Becko
**LIEFF CABRASER HEIMANN &**
  **BERNSTEIN, LLP**
250 Hudson Street, 8th fl.
New York, NY 10013
212.355.9500
jlichtman@lchb.com

Andrew Kaufman
**LIEFF CABRASER HEIMANN &**
  **BERNSTEIN, LLP**
One Nashville Place
150 Fourth Avenue North, Suite 1650
Nashville, TN 37219
615.313.9000
akaufman@lchb.com

James E. Cecchi
Donald A. Ecklund
Lindsey H. Talyor
**CARELLA, BYRNE, CECCHI, OLSTEIN,**
  **BRODY & AGNELLO, PC**
5 Becker Farm Road
Roseland, NJ 07068
973.994.1700

*Attorneys for Plaintiffs and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Jason L. Lichtman, certify that on November 28, 2023, I caused the

foregoing to be electronically filed with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing to those attorneys of record

registered on the CM/ECF system.


*/s/ Jason L. Lichtman*