**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHIRLEY CRAWFORD, MATTHEW JORDAN, MELISSA ALEJANDRO, NICOLA SOBERS, JANICE BUTLER, PAULINE DION, LISA SAGHY, and RICHARD ANGEMI, individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD.,<br><br>        Defendants. | Civil Action No. 2:22-cv-02828 (MCA)(AME)<br><br>*Electronically Filed*<br><br><br>**ORAL ARGUMENT REQUESTED** |

---

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT**

---

WALSH PIZZI O'REILLY FALANGA LLP
Liza M. Walsh
Selina M. Ellis
Jessica K. Formichella
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100
lwalsh@walsh.law
sellis@walsh.law
jformichella@walsh.law

GREENBERG TRAURIG, LLP
Richard A. Edlin
James L. Ryerson
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
edlinr@gtlaw.com
ryersonj@gtlaw.com

GREENBERG TRAURIG, LLP
Robert J. Herrington
(admitted *pro hac vice*)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
herringtonr@gtlaw.com

*Attorneys for Defendants
Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

## **<u>TABLE OF CONTENTS</u>**

I. PRELIMINARY STATEMENT ........................................................................1

II. PLAINTIFFS FAIL TO REBUT THE MOTION'S ARGUMENTS .............1

    A. Plaintiffs Cannot Sidestep Rule 12(b)(6) With Alternative
        Pleading. .................................................................................................1

    B. The Opposition Confirms That The Warranty Claims Fail. ................2

        1. Plaintiffs do not allege a breach during the warranty
            period. ...................................................................................2

            i. Plaintiffs' "breach upon delivery" argument has been
                rejected. ..................................................................3

            ii. Plaintiffs misconstrue the MMWA. ................................4

        2. Five Plaintiffs confirm that they fail to allege
            unmerchantability. ................................................................6

        3. The Florida and California Plaintiffs admit they cannot
            allege privity. .......................................................................7

        4. The Texas and Pennsylvania Plaintiffs' attempts to
            excuse their untimely claims should be rejected. .......................8

        5. Angemi's notice argument ignores Texas law. ..........................9

        6. Jordan's express warranty claims fail on multiple levels. .........9

    C. Plaintiffs Concede All Consumer Fraud Claims Based On
        Affirmative Representations Should Be Dismissed. ...........................11

    D. Plaintiffs Cannot Evade Dismissal Of Their Omission-Based
        Consumer Fraud Claims. .....................................................................11

        1. The NJCFA claim alleges no factual connection to New
            Jersey. ..................................................................................12

2.  The California Plaintiffs' equitable claims should be dismissed because they fail to allege that legal remedies are inadequate. ...........................................................12

3.  The FDUTPA claim alleges no unlawful acts by Samsung in Florida. ................................................13

4.  The GBL § 350 and California FAL claims identify no advertising. .............................................................14

III.  CONCLUSION .............................................................15

# TABLE OF AUTHORITIES

**Cases**

*Alongi v. Bombardier Rec. Prods.*,
    2013 WL 718755 (E.D. Mich. Feb. 27, 2013) ........................................................6

*Amato v. Subaru of America, Inc.*,
    2019 WL 6607148 (D.N.J. Dec. 5, 2019) ...............................................................3

*Andersen v. Thor Motor Coach, Inc.*,
    402 F. Supp. 3d 467 (N.D. Ind. 2019)....................................................................5

*Baleares Link Exp., S.L. v. GE Engine Servs.-Dallas, LP*,
    335 S.W.3d 833 (Tex. App. 2011) ..........................................................................8

*Barlow v. Pfizer Inc.*,
    2013 WL 12171892 (W.D. Tex. Feb. 22, 2013) ....................................................9

*Brand v. KSF Acquisition Corp.*,
    2023 WL 3225409 (S.D. Cal. Mar. 17, 2023).......................................................13

*Cardenas v. Toyota Motor Corp.*,
    418 F. Supp. 3d 1090 (S.D. Fla. 2019)....................................................................7

*Ceus v. N.J. Lawyers Serv., LLC*,
    2021 WL 4173839 (D.N.J. Sep. 14, 2021)............................................................15

*Cohen v. Subaru of Am., Inc.*,
    2022 WL 714795 (D.N.J. Mar. 10, 2022) ...............................................................9

*DeFillippo v. Whirlpool Corp.*,
    2019 WL 4127162 (D.N.J. Aug. 30, 2019).............................................................4

*Drumheller v. Johnson & Johnson*,
    2021 WL 1853407 (E.D. Pa. May 10, 2021) ..........................................................8

*Dzielak v. Whirlpool Corp.*,
    26 F. Supp. 3d 304 (D.N.J. 2014)............................................................................9

*Eli Lilly & Co. v. Tyco Integrated Sec., LLC*,
    2015 WL 11251732 (S.D. Fla. Feb. 10, 2015).......................................................14

*Glob. Quest, LLC v. Horizon Yachts, Inc.*,
  849 F.3d 1022 (11th Cir. 2017) ................................................................7

*Guzman v. Polaris Indus.*,
  49 F.4th 1308 (9th Cir. 2022) ................................................................12

*Hakim-Daccach v. Knauf Int'l GmbH*,
  2017 WL 5634629 (S.D. Fla. Nov. 21, 2017) ......................................14

*Hardt v. Chrysler Grp. LLC*,
  2015 WL 12683963 (C.D. Cal. Mar. 16, 2015) ....................................4

*In re Am. Fin. Res., Inc.*,
  2023 WL 3963804 (D.N.J. Mar. 29, 2023) ..........................................13

*In re Facebook PPC Advert. Litig.*,
  2010 WL 3341062 (N.D. Cal. Aug. 25, 2010) ......................................15

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*,
  758 F. Supp. 2d 1077 (S.D. Cal. 2010) ................................................15

*In re Vanguard Chester Funds Litig.*,
  2023 WL 8091999 (E.D. Pa. Nov. 20, 2023) ........................................13

*Klaehn v. Cali Bamboo LLC*,
  2022 WL 1830685 (9th Cir. June 3, 2022).............................................12

*Kolle v. Mainship Corp.*,
  2006 WL 1085067 (E.D.N.Y. Apr. 20, 2006)........................................5

*Lawlor v. ESPN Scouts, LLC*,
  2011 WL 675215 (D.N.J. Feb. 16, 2011).................................................2

*Lisner v. Sparc Grp. LLC*,
  2021 WL 6284158 (C.D. Cal. Dec. 29, 2021)........................................13

*Manchanda v. Navient Student Loans & Educ. Credit Mgmt. Corp.*,
  2020 WL 5802238 (S.D.N.Y. Sep. 29, 2020) ........................................15

*McCoy v. Samsung Elecs. Am., Inc.*,
  2023 WL 6140641 (D.N.J. Sep. 20, 2023).............................................7

*McGoveran v. Amazon Web Servs.*,
2023 WL 2683553 (D. Del. Mar. 29, 2023) .........................................................15

*Mexia v. Rinker Boat Co.*,
174 Cal. App. 4th 1297 (2009) .............................................................................4

*Miller v. Ford Motor Co.*,
620 F. Supp. 3d 1045 (E.D. Cal. Aug. 9, 2022) ....................................................7

*Mora v. Angiodynamics, Inc.*,
2022 WL 16640021 (S.D. Tex. Sep. 20, 2022) ......................................................9

*N.J. Coal. of Auto. Retailers, Inc. v. Mazda Motor of Am., Inc.*,
2023 WL 2263741 (D.N.J. Feb. 28, 2023) ..........................................................15

*Padilla v. Porsche Cars N. Am., Inc.*,
391 F. Supp. 3d 1108 (S.D. Fla. 2019) ..................................................................7

*Riad v. Dey Equine Veterinarians, P.A.*,
2023 WL 7648714 (D.N.J. Nov. 15, 2023) ..........................................................12

*Robertson v. Fleetwood Travel Trailers of Cal., Inc.*,
144 Cal. App. 4th 785 (2006) ...............................................................................11

*Rokicsak v. Colony Marine Sales & Serv.*,
219 F. Supp. 2d 810 (E.D. Mich. 2002) .................................................................5

*Rosa v. Am. Water Heater Co.*,
177 F. Supp. 3d 1025 (S.D. Tex. 2016) ..................................................................5

*Spindler v. Gen. Motors, LLC*,
616 F. Supp. 3d 943 (N.D. Cal. 2022) .................................................................11

*Stevenson v. Mazda Motor of Am., Inc.*,
2015 WL 3487756 (D.N.J. June 2, 2015) ...............................................................3

*Stewart v. Electrolux Home Prod., Inc.*,
304 F. Supp. 3d 894 (E.D. Cal. 2018) ....................................................................7

*Stratis v. BMW of N. Am., LLC*,
2023 WL 3092188 (D.N.J. Apr. 26, 2023) .............................................................8

*Talley v. GM, LLC*,
  2022 WL 958467 (D. Del. Mar. 30, 2022) ............................................................4

*Toretto v. Donnelley Fin. Sols., Inc.*,
  583 F. Supp. 3d 570 (S.D.N.Y. 2022) ..................................................................14

*Weske v. Samsung Elecs. Am., Inc.*,
  42 F. Supp. 3d 599 (D.N.J. 2014)...........................................................................3

*Wesley v. Samsung Elecs. Am., Inc.*,
  2021 WL 5771738 (D.N.J. Dec. 3, 2021) ............................................................10

*Yagudayev v. BMW of N. Am., LLC*,
  2020 WL 6689799 (D.N.J. Nov. 13, 2020) ............................................................8

## Statutes

15 U.S.C. § 2308 ...........................................................................................................4, 5

N.J. Stat. § 12A:2-725...................................................................................................8

## Rules

Fed. R. Civ. Proc. 12(b)(6) .................................................................................. 1, 2, 15

Fed. R. Civ. Proc. 12(g)(2) .......................................................................................15

# I.   **PRELIMINARY STATEMENT**

Plaintiffs' Opposition is evasive. They do not contest that each claim in the SAC must be adequately alleged *on its own* under Rule 12(b)(6).[1] Yet they try to evade this rule and their failure to allege the elements of their claims by arguing that, because the Court deferred choice of law issues until later in the case, Rule 12(b)(6) challenges should be put on hold too. The argument is sleight of hand. Separate and apart from any choice of law issue, each claim in the SAC must stand independently, even if alleged under alternative state law. By not addressing several of Samsung's arguments, Plaintiffs confirm that the Motion should be granted for <u>three</u> reasons.

*First*, the Opposition confirms that the warranty claims fail, including because Plaintiffs allege no breach during the warranty period. *Second*, Plaintiffs concede that the consumer fraud claims based on affirmative representations are deficient. *Third*, no matter whether they are pled in the alternative, the omission-based claims fail under the laws *Plaintiffs* invoke. Thus, the SAC should be dismissed.[2]

# II.   **PLAINTIFFS FAIL TO REBUT THE MOTION'S ARGUMENTS**

## A.  **Plaintiffs Cannot Sidestep Rule 12(b)(6) With Alternative Pleading.**

Samsung showed that, regardless of whether choice of law issues have been

---

[1] Defined terms have the same meaning as those defined in the Motion to Dismiss. Unless otherwise indicated, all emphases are added, and all citations are omitted.

[2] All Counts in the SAC should be dismissed except Count XIV, violation of GBL § 349 limited to an omission claim. Although this claim lacks merit, it is the only one plausibly alleged based on the Court's previous ruling.

deferred, Plaintiffs still cannot evade Rule 12(b)(6) simply because they allege different state law claims in the alternative. (Mot. at 29-31). Plaintiffs provide no substantive response because they have none. The Motion does not "target[] claims and issues that the Court has already resolved in Plaintiffs' favor" (Opp. at 6), and Plaintiffs provide no support for this assertion. Rather, the Motion presents unresolved threshold issues based on the established rule that each alternative claim must be sufficient on its own. (Mot. at 29-31). Plaintiffs provide no contrary authority, and their perfunctory attempts to evade Samsung's dismissal arguments should be rejected. *See Lawlor v. ESPN Scouts, LLC*, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011) (perfunctory and unsupported arguments are waived).

## B. The Opposition Confirms That The Warranty Claims Fail.

Samsung presented *six* reasons the warranty claims fail. (Mot. at 12-26). Plaintiffs rebut none of them.

### 1. Plaintiffs do not allege a breach during the warranty period.

All warranty claims in the SAC fail because no Plaintiff alleges facts showing a breach within the one-year warranty period. (Mot. at 13-18). Plaintiffs do not dispute that the express and implied warranty period is one year. (Opp. at 7-10). They also do not dispute their failure to allege (i) a temperature issue during the warranty period, (ii) that they contacted Samsung during the warranty period, or (iii) that Samsung refused coverage. (*Id.*). Instead, Plaintiffs argue that Samsung

somehow breached the implied warranty of merchantability upon "delivery," and that Samsung cannot "disclaim" implied warranties under the Magnuson-Moss Warranty Act ("MWWA"). (*Id.*).[3] Both arguments misapply prevailing law.

### i. *Plaintiffs' "breach upon delivery" argument has been rejected.*

Rather than address Samsung's arguments head-on (Mot. at 13-18), Plaintiffs pivot and claim for the first time that "Samsung violated the implied warranty of merchantability when it delivered Refrigerators to Plaintiffs that included a latent defect[.]" (Opp. at 8). But this argument ignores that Plaintiffs allege purchase from third-party retailers, meaning Samsung did not "deliver" anything. (SAC ¶¶ 6, 15, 23, 38, 46, 57, 71, 80). Plaintiffs' "breach on delivery" argument also contradicts settled law in this District. *See, e.g.*, *Amato v. Subaru of America, Inc.*, 2019 WL 6607148, at *7 (D.N.J. Dec. 5, 2019) ("[C]ourts have found that 'latent defects discovered after the term of the warranty are not actionable'" absent unconscionability); *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *12 (D.N.J. June 2, 2015) (explaining that "numerous cases in this District" have reached the same conclusion for breach of implied warranty claims).[4]

The authorities Plaintiffs cite did not analyze the relevant issue (*Henderson*),

---

[3] Other than conclusory recitations, Jordan provides no argument showing that his express warranty claims allege a breach within the warranty period. (Opp. at 16-19).

[4] *See also Weske v. Samsung Elecs. Am., Inc.*, 42 F. Supp. 3d 599, 616 (D.N.J. 2014) ("[A]s the Defect manifested itself in Weske's Refrigerator after the one-year point, Weske's breach of implied warranty claim fails.").

did not apply law from this District (*Ehrlich*, *Keegan*, *Majdipour*),[5] or support Samsung's position. (Opp. at 8-9). For example, in *DeFillippo v. Whirlpool Corp.*, 2019 WL 4127162, at *13 (D.N.J. Aug. 30, 2019), the court allowed two plaintiffs' implied warranty claims because their refrigerators manifested the alleged defect *within* the one-year warranty period. But for the third plaintiff whose refrigerator did not manifest the defect during the warranty period, the court dismissed. *Id.* Plaintiffs ignore the rulings in the cases they cite. Their argument would render the one-year limitation on implied warranties meaningless, is against the weight of authority in this District, and should be rejected.

### ii.   *Plaintiffs misconstrue the MMWA.*

Plaintiffs also argue that—even though they do not allege any breach during the warranty period or that Samsung refused warranty service—these limitations do not apply under the MMWA. (*See* Opp. at 9-10). Plaintiffs are incorrect.

***First***, the warranties for Plaintiffs' refrigerators do not violate the MMWA. Under 15 U.S.C. § 2308(b), "implied warranties may be limited in duration to the

---

[5] All three cases applied a unique California statute called the Song-Beverly Consumer Warranty Act and the decision in *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297 (2009). Other courts disagree that *Mexia* is an accurate statement of California law. *See Talley v. GM, LLC*, 2022 WL 958467, at *2 (D. Del. Mar. 30, 2022) (evaluating California law); *Hardt v. Chrysler Grp. LLC*, 2015 WL 12683963, at *10-11 (C.D. Cal. Mar. 16, 2015) (criticizing *Mexia*). In any event, Plaintiffs cite no decision applying *Mexia* to non-California claims in any jurisdiction, let alone in this District. Even if *Mexia* applied to Jordan's and Alejandro's California implied warranty claims only, those claims still fail for the reasons below.

duration of a written warranty of reasonable duration." That is exactly what the warranties here do. (*See* D.E. 45-2, Walsh Cert. Exs. 1-8). Plaintiffs do not challenge the warranty duration or the one-year warranty period. They also cite no authority finding that comparable warranty terms violate the MMWA.[6]

**Second**, even if there were a violation (there is not), it would not allow Plaintiffs to revive their state law warranty claims. "15 U.S.C. § 2308 does not revive a state law breach of implied warranty claim, but instead permits a buyer to pursue a federal [MMWA] claim against a supplier if the supplier disclaims an implied warranty while [] making a written warranty[.]" *Rokicsak v. Colony Marine Sales & Serv.*, 219 F. Supp. 2d 810, 817 (E.D. Mich. 2002); *accord Rosa v. Am. Water Heater Co.*, 177 F. Supp. 3d 1025, 1048 (S.D. Tex. 2016) (violations of § 2308 afford a federal claim under § 2310(d), not implied warranty claims). In *Kolle v. Mainship Corp.*, 2006 WL 1085067, at *2-5 (E.D.N.Y. Apr. 20, 2006), for example, the court rejected plaintiff's attempt to assert state implied warranty claims based on § 2308,

---

[6] Plaintiffs overstate *Andersen v. Thor Motor Coach, Inc.*, 402 F. Supp. 3d 467 (N.D. Ind. 2019). There, a written warranty for a motorhome limited the "scope of coverage" under the implied warranty of merchantability "to those portions of your motorhome covered by this limited warranty." *Id.* at 471. The written warranty, however, excluded coverage for a number of motorhome components. *Id.* Thus, the written warranty purported to delete the implied warranty of merchantability wholesale for those components. The court found that this scope deletion violated 15 U.S.C. § 2308(a). *Id.* at 478, 481. Nothing comparable is shown here. Samsung's warranties do not purport to eliminate the implied warranty of merchantability for Plaintiffs' refrigerators or their component parts.

because the claims arose (and failed) under state law. *See also Alongi v. Bombardier Rec. Prods.*, 2013 WL 718755, at *12 (E.D. Mich. Feb. 27, 2013) ("The MMWA does not aid a plaintiff's claim under state law.").

The same is true here. Plaintiffs assert no MMWA claim. They show no MMWA violation. They ignore authorities around the country finding that a purported MMWA violation does not support state warranty claims. And they do not address the several decisions Samsung cited that dismissed implied warranty claims based on virtually identical warranty language. (Mot. at 14, 16 n.10). Plaintiffs' specious MMWA argument should be rejected.

### 2.  Five Plaintiffs confirm that they fail to allege unmerchantability.

Saghy, Crawford, Butler, Jordan, and Alejandro also fail to allege unmerchantability because their refrigerators performed for years with no issue, and the symptoms they allegedly experienced during the warranty period did not prevent ordinary use. (Mot. at 18-21).

Plaintiffs respond with a strawman, arguing that refrigerators that fail "to maintain temperatures cold enough to store food" are not fit for ordinary use. (Opp. at 10). But this argument ignores Plaintiffs' own allegations, which do not show their refrigerators failed to store food at cold temperatures during the warranty period. (Mot. at 18-21). When, as here, a product does not manifest the purported defect "shortly after purchase," courts in this District reject unmerchantability claims. *See,*

*e.g.*, *McCoy v. Samsung Elecs. Am., Inc.*, 2023 WL 6140641, at *6-7 (D.N.J. Sep. 20, 2023) (citing authorities and dismissing implied warranty claims following "the usual requirement that the defect be one that *manifests shortly after purchase*"). There is no reason to treat Plaintiffs' claims differently.

### 3.  The Florida and California Plaintiffs admit they cannot allege privity.

Privity is required to state an implied warranty claim under Florida and California law but does not exist when plaintiffs buy from a third-party retailer. (Mot. at 21-22). Plaintiffs concede they lack privity with Samsung but argue their Florida and California claims may proceed anyway. (Opp. at 11-12). Not so.

*First*, Plaintiffs' argument that Florida has a third-party beneficiary exception under *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022 (11th Cir. 2017), has been rejected repeatedly.[7] *Second*, the Ninth Circuit has considered and rejected a third-party beneficiary exception under California common law.[8] *Third*, the SAC does not allege Plaintiffs are intended beneficiaries of any contract between Samsung and any third party. *See McCoy*, 2023 WL 6140641, at *7 n.10 ("Even assuming this rule applies, Plaintiffs do not identify any applicable contract between

---

[7] *See, e.g.*, *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1110 (S.D. Fla. 2019) (distinguishing and rejecting the same authority Plaintiffs rely on under materially identical circumstances); *Padilla v. Porsche Cars N. Am., Inc.*, 391 F. Supp. 3d 1108, 1118-19 (S.D. Fla. 2019) (similar).

[8] *See Stewart v. Electrolux Home Prod., Inc*., 304 F. Supp. 3d 894, 915 (E.D. Cal. 2018) (finding Ninth Circuit foreclosed a third-party beneficiary exception); *Miller v. Ford Motor Co.*, 620 F. Supp. 3d 1045, 1064 (E.D. Cal. Aug. 9, 2022) (same).

Samsung and [the retailer] of which they are the third party beneficiaries."). ***Fourth***, Plaintiffs' argument that privity is not required for an implied warranty claim under the California SBA is irrelevant, because Samsung did not seek dismissal of the SBA claim on privity grounds—only the common law implied warranty claim. (*See* Mot. at 22 (seeking dismissal of the "implied warranty claims *in Count V*")).

### 4.   The Texas and Pennsylvania Plaintiffs' attempts to excuse their untimely claims should be rejected.

Angemi and Saghy admit their implied warranty claims are untimely but argue for tolling. (Opp. at 13-14). The argument should be rejected for three reasons. ***First***, Pennsylvania law "is well-settled that breach of warranty claims are not subject to the discovery rule." *Drumheller v. Johnson & Johnson*, 2021 WL 1853407, at \*13 (E.D. Pa. May 10, 2021).[9] ***Second***, as Plaintiffs' own authority states, Texas law "restrict[s] the discovery rule to exceptional cases" in the implied warranty context. *Baleares Link Exp., S.L. v. GE Engine Servs.-Dallas, LP*, 335 S.W.3d 833, 837-38 (Tex. App. 2011). Angemi admittedly discovered his alleged issue *within* the limitations period (in 2018) but chose not to act until November 2022, meaning this

---

[9] New Jersey law is similar. Plaintiffs cite *Yagudayev v. BMW of N. Am., LLC*, 2020 WL 6689799, at \*11 (D.N.J. Nov. 13, 2020), which considered an express warranty covering future performance under N.J. Stat. § 12A:2-725. But "Section 2-725's tolling provision does not apply to claims for breach of implied warranty because '[i]mplied warranties, by their very nature, cannot extend to future performance[.]'" *Stratis v. BMW of N. Am., LLC*, 2023 WL 3092188, at \*9-10 (D.N.J. Apr. 26, 2023) (Arleo, J.). In other words, Plaintiffs cite inapposite authority and ignore that tolling cannot save their implied warranty claims. *Id.*

could not possibly be an exceptional case. (SAC ¶¶ 84, 86). **Third**, Plaintiffs fail to allege that Samsung knew about any purported "defect" in July 2016 (*id.* ¶ 80), let alone facts showing active concealment. *See Cohen v. Subaru of Am., Inc.*, 2022 WL 714795, at *15 (D.N.J. Mar. 10, 2022) ("'[N]ondisclosure does not constitute active concealment.'"). Thus, Plaintiffs' tolling arguments have no legal or factual basis.

### 5.   Angemi's notice argument ignores Texas law.

Angemi's implied warranty claims also fail because he concedes that he never contacted SEA or SEC about his refrigerator before filing suit. (Opp. at 14-16). He argues that Samsung's purported general knowledge of the "defect" saves his claims. (*Id.*). But this position is incorrect. Angemi cites *Dzielak v. Whirlpool Corp.*, where the complaint attached pre-suit demand letters on behalf of "all other persons similarly situated." 26 F. Supp. 3d at 323 n.10. But even if that satisfied Texas law (it does not),[10] the SAC attaches no pre-suit demand letters on behalf of "others." Thus, the Opposition confirms why Angemi's warranty claims fail.[11]

### 6.   Jordan's express warranty claims fail on multiple levels.

The Court ordered that "[a]ny future pleading must allege when named

---

[10] *See Mora v. Angiodynamics, Inc.*, 2022 WL 16640021, at *4 (S.D. Tex. Sep. 20, 2022) ("Any notice that Defendants may have received from third parties does not satisfy her pre-suit notice obligation under Texas law.").

[11] Angemi's reliance on *Barlow v. Pfizer Inc.*, 2013 WL 12171892 (W.D. Tex. Feb. 22, 2013) is misplaced. There, the court found that notice would have been "redundant" given the unchangeable properties of a pharmaceutical. *Id.* at *7. Here, Samsung easily could have tried to fix Angemi's refrigerator if he had called.

Plaintiffs contacted Defendants concerning the alleged defect." (D.E. 27 at 8 n.14). Plaintiffs failed to comply, and Jordan's attempt to evade dismissal of his express warranty claims should be rejected.

*First*, all Jordan's express warranty claims fail because, again, he has not alleged facts showing a breach during the warranty period. (Mot. 13-18).

*Second*, Jordan agrees that, to plead an express warranty claim under California law, he must allege reliance on the warranty at purchase. (Mot. at 24-25). Yet the SAC merely recites the generic statement that Jordan "relied upon Samsung's *representations* in deciding to purchase the Refrigerators" (SAC ¶ 205), without specifying *any* statement, where it appeared, or "any other details demonstrating that [he was] aware of the warranty [before] purchase." *Wesley v. Samsung Elecs. Am., Inc.*, 2021 WL 5771738, at *6 (D.N.J. Dec. 3, 2021).[12]

*Third*, to state an express warranty claim under the SBA, Jordan must have afforded Samsung a "reasonable number" of repair attempts within the warranty period. (Mot. at 25-26). Jordan does not contest the service records for his refrigerator, or that the Court should consider them. (Opp. at 18-19). As shown, Jordan contacted SEA on January 10, 2021 because his refrigerator supposedly

---

[12] Jordan's attempt to plead reliance through a "typo" (Opp. at 17 n.4), by alleging he relied on express warranties *concerning emissions* (having nothing to do with this case), fails. (SAC ¶ 282). Even if the allegation related to this case (it does not), it is unsupported and conclusory.

would not "power[] on at all"—not some temperature issue. (D.E. 45-4, Bahn Cert., Ex. A). Following service on January 14, 2021, Jordan never sought warranty service for the unit again. (*Id.*). Ignoring this completely, Jordan recites the same vague conclusion that "Samsung did not attempt" further repairs "after an initially unsuccessful effort." (Opp. at 18-19).[13] But he alleges no supporting facts as ordered, and the undisputed records contradict his allegations.

## C. Plaintiffs Concede All Consumer Fraud Claims Based On Affirmative Representations Should Be Dismissed.

Plaintiffs "reiterate that their consumer fraud claims are based upon Defendants' omissions, ***not affirmative misrepresentations***." (Opp. at 19). Thus, Plaintiffs agree that all consumer fraud claims in the SAC based on purported misrepresentations should be dismissed. (Mot. at 26-29).

## D. Plaintiffs Cannot Evade Dismissal Of Their Omission-Based Consumer Fraud Claims.

Samsung acknowledged that the Court deferred ruling on choice of law and standing issues, and thus did not seek dismissal on those grounds. (Mot. at 29-31). Instead, the Motion explained why Plaintiffs' separately alleged consumer fraud claims are each deficient. (*Id.*). Plaintiffs offer no response showing that they can

---

[13] Jordan cites *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 799 (2006) and *Spindler v. Gen. Motors, LLC*, 616 F. Supp. 3d 943, 948-49 (N.D. Cal. 2022). But each case recognized that there must be more than one opportunity to repair the nonconformity. No such facts are alleged here, nor could they be. (*See* D.E. 45-4, Bahn Cert., Ex. A).

sidestep Rule 12(b)(6). (Opp. at 20-21). The Opposition thus confirms why the Court should dismiss Plaintiffs' claims, which are deficient under the laws they invoke.

### 1. The NJCFA claim alleges no factual connection to New Jersey.

As shown, to state a NJCFA claim, there must be factual nexus between the transactions or alleged deceptive acts and New Jersey. (Mot. at 31). The SAC identifies no unlawful act in New Jersey, no transaction in New Jersey, and no injury in New Jersey. (*Id.* at 32). Plaintiffs also point to no factual nexus with New Jersey that would allow them to invoke the NJCFA. (Opp. at 20-21). "By failing to respond to Defendants' arguments, Plaintiff[s] ha[ve] conceded them." *Riad v. Dey Equine Veterinarians, P.A.*, 2023 WL 7648714, at *9 (D.N.J. Nov. 15, 2023).[14]

### 2. The California Plaintiffs' equitable claims should be dismissed because they fail to allege that legal remedies are inadequate.

Plaintiffs concede the SAC alleges legal remedies are available, but they argue they may plead their equitable California consumer fraud claims anyway. (Opp. at 21-22). Ninth Circuit precedent in *Sonner* and subsequent cases foreclose this argument: when legal remedies are available, plaintiffs cannot "also maintain equitable claims under the UCL[,] [FAL] and CLRA in federal court." *See Guzman v. Polaris Indus.*, 49 F.4th 1308, 1312 (9th Cir. 2022); *Klaehn v. Cali Bamboo LLC*, 2022 WL 1830685, at *3 (9th Cir. June 3, 2022) (similar).

---

[14] Plaintiffs say they will add New Jersey parties later (Opp. at 21), but they did not move to amend the SAC. Thus, the argument confirms why the NJCFA claim fails.

Plaintiffs argue that "the weight of authority holds" that the Ninth Circuit's decision in "*Sonner* does not apply at the pleading stage." (Opp. at 22). But that is a misstatement, as "the majority of district courts have held that *Sonner's* reasoning applies at the pleading stage." *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *8 (C.D. Cal. Dec. 29, 2021); *accord Brand v. KSF Acquisition Corp.*, 2023 WL 3225409, at *4 (S.D. Cal. Mar. 17, 2023) (finding similarly). Plaintiffs also fail to address the several decisions in this Circuit that have applied *Sonner* at the pleading stage and dismissed these same equitable claims. (*See* Mot. at 34 (collecting authorities)). This Court should as well.[15]

### 3.   The FDUTPA claim alleges no unlawful acts by Samsung in Florida.

As shown, the FDUTPA claim fails because Plaintiffs do not allege that Samsung committed any deceptive act in Florida or specify what that act supposedly was. (Mot. at 35). Plaintiffs respond by saying that they allege "Samsung concealed material facts in connection with products marketed and sold in Florida." (Opp. at 23). But they allege no facts showing active concealment anywhere (let alone in Florida), any SEA or SEC marketing (let alone in Florida), or anything SEA or SEC sold them in Florida (as opposed to a third-party retailer). (SAC ¶ 38). *In re Am. Fin. Res., Inc.*, 2023 WL 3963804, at *10 (D.N.J. Mar. 29, 2023) (dismissing FDUTPA

---

[15] Eight days before Plaintiffs' opposition, another district court in this Circuit applied *Sonner* at the pleading stage to dismiss a UCL claim. *See In re Vanguard Chester Funds Litig.*, 2023 WL 8091999, at *15 (E.D. Pa. Nov. 20, 2023).

claim because defendant's alleged conduct occurred at its New Jersey headquarters).

Recognizing the deficiency, Plaintiffs argue that "[c]ourts consistently find FDUTPA violations sufficiently pleaded under similar circumstances." (Opp. at 23). But they cite decisions (*Ponzio*, *Cardenas*, *Morano*) that did not consider the argument raised here,[16] and their contention that SEA's and SEC's conduct somehow simultaneously occurred "in both New Jersey and Florida" (Opp. at 24) ignores their own allegations, which fail to specify particular acts in New Jersey or Florida, let alone both at the same time. (*See* SAC ¶¶ 94, 111-113, 117-118, 185-186, 311-312). The FDUTPA claim thus alleges no conduct by Samsung in Florida and should be dismissed.

### 4.   The GBL § 350 and California FAL claims identify no advertising.

Samsung showed that Plaintiffs' GBL § 350 and California FAL claims fail because the SAC does not identify *any* advertising for Plaintiffs' refrigerators. (Mot. at 36-37). Plaintiffs offer two rebuttals, neither of which has merit. ***First***, they argue "that Samsung falsely advertised that the Refrigerators were of merchantable quality and fit for their intended purpose[.]" (Opp. at 24-25). But Plaintiffs identify no ads

---

[16] Plaintiffs also cite *Eli Lilly & Co. v. Tyco Integrated Sec., LLC.*, 2015 WL 11251732 (S.D. Fla. Feb. 10, 2015). But there, plaintiff alleged facts showing how defendant's conduct "actually occurred in, or, at a minimum, flowed from business practices occurring within the State of Florida." *Id.* at *5. Here, the SAC specifies no conduct or business practices performed in Florida at all. *See, e.g.*, *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) ("Braun must plausibly allege that at least some improper acts occurred in Florida.").

that said this, or any ads period. (*Id.*). Nor do they cite any authority that warranties implied by law constitute false advertisements. **Second**, Plaintiffs argue that fraudulent omissions may be alleged with less specificity. (Opp. at 25). But the argument sidesteps the point: GBL § 350 and California FAL claims require reliance on false advertising, yet Plaintiffs allege none. *See, e.g.*, *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.*, 758 F. Supp. 2d 1077, 1093-94 (S.D. Cal. 2010) (dismissing FAL claim for failure to allege reliance on any specific advertising); *Manchanda v. Navient Student Loans & Educ. Credit Mgmt. Corp.*, 2020 WL 5802238, at *5 (S.D.N.Y. Sep. 29, 2020) (dismissing GBL § 350 claim for same reason).[17] Thus, the Opposition confirms why dismissal is required.[18]

### III.  CONCLUSION

Samsung asks the Court to dismiss Plaintiffs' SAC, with the limited exception of the GBL § 349 claim based on omission.

---

[17] Plaintiffs also cite *In re Facebook PPC Advert. Litig.*, 2010 WL 3341062, at *9 (N.D. Cal. Aug. 25, 2010). But the decision did not consider a GBL § 350 or FAL claim and therefore has no application.

[18] Finally, Plaintiffs try to fault Samsung for raising a "new" argument. (Opp. at 24). But related arguments in successive motions to dismiss are permissible, and Samsung moved to dismiss the GBL and FAL claims for lack of specificity before. (D.E. 17-1). *See McGoveran v. Amazon Web Servs.*, 2023 WL 2683553, at *5 (D. Del. Mar. 29, 2023) (raising related arguments in successive motions to dismiss does not trigger Rule 12(g)(2)). Regardless, it makes sense to consider all arguments in a Rule 12(b)(6) motion, because the alternative is a motion for judgment on the pleadings raising the same issues. *See N.J. Coal. of Auto. Retailers, Inc. v. Mazda Motor of Am., Inc.*, 2023 WL 2263741, at *5 n.3 (D.N.J. Feb. 28, 2023); *Ceus v. N.J. Lawyers Serv., LLC*, 2021 WL 4173839, at *1 n.2 (D.N.J. Sep. 14, 2021).

Respectfully submitted,

Dated: December 19, 2023

By: */s/ Liza M. Walsh*
Liza M. Walsh
Selina M. Ellis
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100
lwalsh@walsh.law
sellis@walsh.law
jformichella@walsh.law

Richard A. Edlin
James L. Ryerson
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
(973) 360-7900
edlinr@gtlaw.com
ryersonj@gtlaw.com

Robert J. Herrington
(admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: (310) 586-7700
herringtonr@gtlaw.com

*Attorneys for Defendants Samsung*
*Electronics America, Inc., and Samsung*
*Electronics Co., Ltd.*