UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST. ROOM 4066<br>NEWARK, NJ 07101<br>973-297-4903 |

May 31, 2024

VIA ECF

**LETTER ORDER**

Re: **Matthew Jordan et al. v. Samsung Electronics America, Inc. et al.
Civil Action No. 22-02828**

Dear Litigants:

Before the Court is Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.'s ("Samsung" or "Defendants") Motion to Dismiss Plaintiffs'[1] Second Amended Complaint ("SAC"), ECF No. 36 (the "Motion"). ECF No. 45. Plaintiffs oppose. ECF No. 52. For the reasons explained below, the Motion is **GRANTED** in part and **DENIED** in part.

**I.     BACKGROUND[2]**

This case is about defective Samsung refrigerators sold to Plaintiffs (the "Refrigerators"). See generally SAC. Each Plaintiff alleges that they bought a Samsung refrigerator that failed to store food and other consumable goods at a safe temperature. Id. ¶¶ 1, 5–87. Plaintiffs allege that Samsung knew about such defects but continued to sell the Refrigerators without proper disclosure to consumers. Id. ¶¶ 105–13. They claim that Samsung's conduct violated the express and implied warranties included with the purchase of the Refrigerators. See id. ¶¶ 100–03.

On November 16, 2022, Plaintiffs filed their First Amended Complaint ("FAC") against Samsung for three claims under New Jersey law—breach of express warranty, breach of implied warranty, and consumer fraud—and alternative claims based on each Plaintiff's home state's statutes. ECF No. 12. Defendants moved to dismiss, ECF No. 17, which the Court granted in part and denied in part, see Aug. Order. The Court found that, among other things, (1) Plaintiffs who did not allege that they sought repair, replacement, or refund from Samsung within the one-year period (all Plaintiffs except Jordan) did not have viable express and implied warranty claims, id. at 8; and (2) Plaintiffs brought sufficient consumer fraud claims as analyzed under the New Jersey Consumer Fraud Act (the "NJCFA"), id. at 8–9.

---

[1] This putative class action includes the following proposed class representatives: Shirley Crawford (AK), Matthew Jordan (CA), Melissa Alejandro (CA), Nicola Sobers (FL), Janice Butler (NY), Pauline Dion (NY), Lisa Saghy (PA), and Richard Angemi (TX). See SAC. The Court will refer to these individual plaintiffs using their last names only.

[2] The Court explained the background of this action in its August 15, 2023, Order, ECF No. 27 (the "August Order"). Therefore, the Court discusses only the relevant facts needed to resolve the instant Motion.

On September 26, 2023, Plaintiffs filed the SAC, in which Plaintiffs reiterate the main allegations from the FAC and amend as follows: (1) Only Plaintiff Jordan alleges a Breach of Express Warranty under New Jersey law (Count I), Breach of Express Warranty under California law (Count IV), and Violations of the Song-Beverly Consumer Warranty Act for Breach of Express Warranties under California law (Count X). SAC ¶¶ 137–158, 197–218, 275–88;[3] and (2) given their prior concessions, see Aug. Order at 9–10 n.20, Plaintiffs removed their claims of Implied Warranty of Merchantability under New York law, Failure to Recall under California law, and Deceptive Trade Practices under Arkansas law, as well as requests for injunctive relief, see ECF No. 36.1 (comparing the FAC and SAC). The instant Motion followed.

## II. LEGAL STANDARD

In resolving a Rule 12(b)(6) motion to dismiss, the Court accepts all pleaded facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citations omitted). To survive a motion to dismiss, the claims must be facially plausible, meaning that the pleaded facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

According to Plaintiffs, the only outstanding issue for the Court's consideration is the sufficiency of their implied warranty claims. See Pls.' Opp'n at 1. Defendants, on the other hand, raise a host of issues, see generally Defs.' Br., ECF No. 45.1., including those already considered by the Court in its August Order. As to Plaintiffs' warranty claims, the Court reiterates that state-specific arguments—as to both standing and sufficiency under 12(b)(6)—are inappropriate at this stage in the litigation. See Aug. Order at 5 (standing arguments before class certification are premature); id. n.7 (directing Defendants to renew conflict-of-laws arguments "with more fulsome briefing . . . and with the benefit of discovery").[4] The same applies to Plaintiffs' state-specific consumer fraud claims. See id. at 8 n.17 (declining to reach state-specific consumer fraud arguments until after a full choice-of-law analysis). Because there has not yet been full briefing on choice-of-law issues, and because Plaintiffs' fraud claims were already deemed sufficient under NJCFA, id. at 8–9, the Court will only address the adequacy of Plaintiffs' implied warranty allegations—and will do so under New Jersey law.[5]

---

[3] In accordance with the Court's August Order, Plaintiffs also removed their allegations that Samsung's breach of warranties violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"). See Aug. Order at 8 n.16 (explaining that Plaintiffs have not met the MMWA jurisdictional perquisite of 100 named plaintiffs).

[4] For example, Defendants previously raised, but failed to fully explain, conflicts between the warranty laws in New Jersey and in Plaintiffs' home states. See Aug. Order at 5 n.6 (citing ECF No. 17.1 at 14–15).

[5] In addition to challenging all implied warranty allegations, Defendants argue that Jordan does not adequately plead a breach of express warranty. See Defs.' Br. at 24–26. But the Court already determined that Jordan has "sufficiently

As to Plaintiffs' implied warranty claims, Samsung argues that no Plaintiff sufficiently alleges a temperature defect within the one-year warranty period and thus the claims should be dismissed. Defs.' Br. at 14. Except with respect to Jordan, see supra note 5, the Court agrees.

The Court previously dismissed warranty claims for any named Plaintiff "who did not allege that they sought repair, replacement, or refund from Defendants within the one-year [warranty] period." Aug. Order at 8; see also id. n.14. In doing so, the Court noted that warranties typically require "the seller to perform certain acts, such as repair and replace defective parts, for a specified time period [but] does not cover repairs made after the applicable time has elapsed." Taylor v. BMW of N. Am., LLC, No. 20-1994, 2021 WL 1186777, at *8 (D.N.J. Mar. 29, 2021) (internal quotation marks omitted). Accordingly, the Court stated that "any future pleading must allege when named Plaintiffs contacted Defendants concerning the alleged defect." Aug. Order at 8 n.14; see also Fishman v. GE, No. 12-00585, 2014 WL 1628369, at *5 (D.N.J. Apr. 23, 2014) (dismissing implied warranty claim because the plaintiffs failed to allege that they contacted the defendant within the warranty period).

Plaintiffs take a different approach here. They do not claim that any named Plaintiff (except Jordan) contacted Samsung about a temperature defect within the one-year warranty period. Instead, they allege that because the Refrigerators had a "latent" defect, see SAC ¶¶ 132, 134, Plaintiffs could not discover the defect within the warranty period, and the implied warranty was breached at the outset when the Refrigerators were delivered. SAC ¶¶ 171–72; see also Pls.' Opp'n at 7.[6]

As an initial matter, the Court finds that some of the named Plaintiffs do not allege that the temperature defect of their Refrigerator was "latent." Rather, they allegedly discovered such defect shortly after obtaining the Refrigerator. See Crawford, SAC ¶¶ 5–13 (discovered a few days after receiving the Refrigerator but does not specify when she contacted Samsung); Sobers, id. ¶¶ 37–44 (same); Dion, id. ¶¶ 56–69 (same); Alejandro, id. ¶¶ 22–36 (experienced food spoilage since purchase but did not contact Samsung until years later). Because the defects were not latent, these Plaintiffs could have easily contacted Samsung within the year-long warranty period.

---

alleged breach of the express and implied warranties to survive dismissal." Aug. Order at 8. Because nothing in the SAC requires a different ruling, the Court will deny Defendants' Motion with respect to Jordan's breach of warranty claims. Defendants also request that the Court dismiss Plaintiffs' fraud allegations to the extent they are premised on misrepresentations because the Court upheld the fraud claims pursuant to an omissions theory. Defs.' Br. at 26–29; Aug. Order at 8–9. That request is denied. The Court already ruled that Plaintiffs' fraud claims were sufficiently pled and did not require any allegations of misrepresentations to be stricken or otherwise amended. Aug. Order at 8–9.

[6] Alternatively, Plaintiffs argue that they were not required to seek service within the warranty period because of the MMWA. Pls.' Opp'n at 6, 9–10. According to Samsung's written disclaimer, a purchaser seeking warranty service "must contact Samsung . . . for problem determination and service procedures," and the "sole and exclusive remedy is product repair, product replacement, or refund of the purchase price[.]" See Certification of Liza Walsh, ECF No. 45.3, Exs. 1-8. Plaintiffs argue that under the MMWA, these limited remedies apply only to the express warranty, not implied warranty. Pls.' Opp'n at 6, 9–10. The Court finds this argument unavailing. The MMWA provides a federal remedy that operates as a "gloss on" or "supplement" to state law breach of warranty claims. Anderson v. Gulf Stream Coach, Inc., 662 F.3d 775, 781 (7th Cir. 2011); Rokicsak v. Colony Marine Sales & Serv., 219 F. Supp. 2d 810, 817 (E.D. Mich. 2002). Plaintiffs do not bring an MMWA claim and, therefore, cannot use the statute's language to "revive a state law breach of implied warranty claim." Rokicsak, 219 F. Supp. 2d at 817; see also supra note 3.

As to the other named Plaintiffs, the Court is not convinced that an alleged latent defect allows them to circumvent the one-year warranty period. That would, as Defendants argue, render the time limitation meaningless. See Defs.' Reply, ECF No. 55, at 4. Unless the warranty is unconscionable—which, following the Court's August Order, does not appear to be Plaintiffs' argument—courts have found that "latent defects discovered after the term of the warranty are not actionable." See Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 519 (D.N.J. 2008) (quoting Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 616 (3d Cir. 1995)); see also Amato v. Subaru of Am., Inc., No. 18-16118, 2019 WL 6607148, at *7 (D.N.J. Dec. 5. 2019) (latent defects alone cannot revive a claim for breach of implied warranty—except for when a plaintiff alleges that the warranty was unconscionable); Stevenson v. Mazda Motor of Am., Inc., No. 14–5250, 2015 WL 3487756, at *12 (D.N.J. June 2, 2015) ("[N]umerous cases in this District have found that a plaintiff cannot assert a claim for breach of the implied warranty of merchantability where a warranty period has expired at the time a defect was discovered.").[7]

Therefore, the Court dismisses Plaintiffs' implied warranty claims—apart from those brought by Jordan.[8]

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF No. 45, is **GRANTED** in part and **DENIED** in part. The Court dismisses the implied warranty claims of all named Plaintiffs except Jordan. The Court instructs the parties to renew their state-specific arguments upon further choice-of-law briefing and discovery.

**SO ORDERED.**

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[7] Plaintiffs' cited authority to the contrary is distinguishable. Pls.' Opp'n at 8–9. For instance, Plaintiffs cite Henderson v. Volvo Cars of N. Am., LLC to argue that a latent defect that manifested after the warranty period allows an implied warranty claim to proceed. Id. (citing No. 09-4146, 2010 WL 2925913, at *10 (D.N.J. July 21, 2010)). However, in dismissing an implied warranty claim, the Stevenson court noted that in Henderson, "there was no evidence of an express time limitation attached to the implied warranty of merchantability . . . [and] plaintiffs had challenged the express warranty limit as unconscionable." 2015 WL 3487756, at *13.

[8] The Court need not address Defendants' additional arguments regarding merchantability. See Defs.' Br. at 18.

4